JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
CRYSTAL TORNO (a.k.a. CRYSTAL A. THOMAS-BOLDUC), an individual,

**(b)** County of Residence of First Listed Plaintiff ___Clark County___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark E. Ferrario, (Bar No. 1625); GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 N. Las Vegas, NV 89169
Tel. No. 702-792-3773; Fax No. 702-792-9002

**DEFENDANTS**
GREEN TREE SERVICING, LLC; NATIONAL DEFAULT SERVICING CORPORATION; and PREMIER AMERICAN TITLE AGENCY, INC., FANNIE MAE; and DOES 1-10, inclusive

County of Residence of First Listed Defendant ___Minnesota___
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Dennis L. Kennedy (Bar No. 1462), Bailey*Kennedy
8994 Spanish Ridge Avenue, Las Vegas, NV 89148
Tel. No. 702-562-8820; Fax No. 702-562-8821

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel &    ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability    Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine    ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability    ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury    ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice    ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations    ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment    ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other    **Other:**    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education    ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
CAFA, 28 U.S.C. §§ 1332(d)(2)
Brief description of cause:
Punitive class action alleging violation of NRS 107.080. Amount in controversy exceeds $5,000,000.00.

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE
06/02/2015

SIGNATURE OF ATTORNEY OF RECORD
/s/ Mark Ferrario

*Leslie Ch. Godfrey for Mark Ferrario*
#10229

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

1  Mark E. Ferrario, (Bar No. 1625)
   ferrariom@gtlaw.com
2  Jacob D. Bundick (Bar No. 9772)
   bundickj@gtlaw.com
3  Leslie S. Godfrey (Bar No. 10229)
   godfreyl@gtlaw.com
4  GREENBERG TRAURIG, LLP
   3773 Howard Hughes Parkway
5  Suite 400 North
   Las Vegas, Nevada 89169
6  Telephone: (702) 792-3773
   Facsimile:  (702) 792-9002
7
8  *Counsel for Defendants Green Tree*
   *Servicing, LLC and Fannie Mae*

9              **UNITED STATES DISTRICT COURT**

10                   **DISTRICT OF NEVADA**

11 CRYSTAL TORNO (a.k.a. CRYSTAL A.
   THOMAS-BOLDUC), an individual,
12
                                          Case No.
13              Plaintiff
                                          **NOTICE OF REMOVAL BY**
14 vs.                                    **DEFENDANT GREEN TREE**
                                          **SERVICING, LLC PURSUANT TO 28**
15 GREEN TREE SERVICING, LLC;             **U.S.C. §§ 1332(d)(2)**
   NATIONAL DEFAULT SERVICING
16 CORPORATION; and PREMIER AMERICAN      Clark County District Court Case No. A-13-
   TITLE AGENCY, INC., FANNIE MAE; and    689111-C
17 DOES 1-10, inclusive,
18              Defendants.
19
20 TO THE CLERK OF THE ABOVE ENTITLED COURT AND ALL PARTIES AND THEIR
   COUNSEL OF RECORD:
21
           **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(d) and 1453, Defendant
22
   Green Tree Servicing, LLC ("Green Tree") hereby removes the above-captioned action from the
23
   District Court of Clark County, Nevada to the United States District Court for the District of
24
   Nevada.  As set forth below, the Court has jurisdiction over this action under the Class Action
25
   Fairness Act of 2005 ("CAFA") because (1) Plaintiff Crystal Torno ("Torno" or "Plaintiff")
26
   purports to assert this action on behalf of more than one hundred putative class members; (2)
27
28

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

Plaintiff and Green Tree are citizens of different states; and (3) the aggregate amount in controversy exceeds $5 million dollars.  *See* 28 U.S.C. § 1332(d).

## BACKGROUND

1.    On September 23, 2013, Plaintiff, Crystal Torno ("Plaintiff"), commenced an action in the Eighth Judicial District Court, Clark County, Nevada entitled *Torno v. Green Tree Servicing, LLC, et al*, Case No. A-13-689111-C.  A copy of the Complaint is included in Exhibit A (the state court record).[1]  The Complaint asserted individual claims arising from the Defendants' filing of a Notice of Default with respect to her mortgage loan (the "Loan").  The Complaint alleged that Green Tree had executed and attached an affidavit to the Notice of Default that incorrectly identified Green Tree as the holder of the note memorializing her mortgage loan (the "Note") and current beneficiary of the deed of trust ("Deed of Trust") that secured the Note.  The Complaint asserted a claim under NRS 107.080.

2.    On December 12, 2013, the District Court dismissed the Complaint with leave to amend.

3.    On December 20, 2013, Plaintiff filed a First Amended Complaint ("FAC") that again asserted individual claims concerning the Defendants' filing of a Notice of Default.  A copy of the FAC is included in Exhibit A.

4.    On July 7, 2014, Plaintiff filed a Second Amended Complaint ("SAC").  A copy of the SAC is attached hereto as Exhibit "B."  The SAC, which is the operative pleading, alleges the same basic facts as the prior two complaints.  Specifically, Plaintiff alleges that on January 22, 2013, Defendant National Default Servicing filed a Notice of Default that attached an affidavit executed by a Green Tree employee that identified Green Tree as the holder of the Note and beneficiary of the Deed of Trust.  SAC ¶¶ 20-26.  Plaintiff claims that on that date, Fannie Mae was the actual owner and holder of the Note and the beneficiary of the Deed of Trust.  *Id*. at ¶¶ 38-39.  Thus, Plaintiff contends that affidavit was false and its execution by Green Tree violated NRS

---

[1] In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint filed in the District Court of Nevada, Clark County, and all pleadings, process, and orders served upon Defendant are attached hereto as Exhibit A.

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

*NJ 229126548v1*

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

1   107.080.  SAC ¶¶ 73-78 (First Cause of Action).  The SAC also asserts NRS 107.080 claims against

2   National Default Servicing and Fannie Mae based on the same affidavit.  SAC ¶¶ 79-90 (Second

3   and Third Causes of Action).

4       5.      Unlike the prior complaints, in which Plaintiff asserted claims only on her own

5   behalf, the SAC seeks to certify a class consisting of "[a]ll present and former grantors of deeds of

6   trust or persons who hold or held the title of record of real property in Nevada, who held such

7   interests in the real property when, from October 1, 2011 to the present, Green Tree executed

8   and/or caused to be recorded a notice of default which contained an affidavit listing Green Tree as

9   the current holder of the note secured by the deed of trust and/or as the current beneficiary of

10  record" "Green Tree Class").[2]  SAC ¶41.

11      6.      The SAC seeks statutory damages under NRS 107.080 of $5,000 per class member,

12  injunctive relief, and attorneys' fees and costs.  SAC ¶ 44.

13                          **INTRADISTRICT ASSIGNMENT**

14      7.      Plaintiff filed this case in the Clark County District Court for the State of Nevada.

15  Therefore, this case may properly be removed to the United States District Court for the District of

16  Nevada.  *See* 28 U.S.C. § 1441(a).

17      8.      Green Tree denies any liability in this case, both as to Plaintiff's individual claim and

18  as to the putative class members' claims, and will present compelling defenses to these claims.

19  Further, Green Tree believes that Plaintiff's proposed class definition(s) are improper and overly

20  broad and that class treatment is inappropriate in this case.  As such, Green Tree will vigorously

21  oppose certification of the putative Green Tree Class.  For the sole and limited purpose of

22  establishing the basis of the Court's jurisdiction over this action, Green Tree assumes Plaintiff's

23  proposed allegations in the SAC.  In alleging the amount in controversy and other matters in this

24  removal pleading, Green Tree does not concede in any way that the allegations in the SAC are

25  accurate or that Plaintiff or any other putative class member is entitled to any relief whatsoever.

26

27  [2] The SAC also seeks to certify two other classes with respect to the claims filed against Fannie Mae and National Default Servicing, respectively.  These classes appear to be subsets of the Green Tree Class.  SAC ¶¶ 52, 63.

28

3

*NJ 229126548v1*

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

## THIS COURT HAS JURISDICTION UNDER CAFA

9.      Pursuant to § 4 of CAFA, 28 U.S.C. § 1332(d) (2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs and is a class in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

10.     Removal of a class action under CAFA is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from the state of any defendant; and (3) the aggregate amount in controversy exceeds five million dollars exclusive of fees and costs.   28 U.S.C. §1332 (d); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).   Congress intended federal courts to resolve any uncertainties about these jurisdictional requirements "in favor of exercising jurisdiction over the matter."   S. Rep. No. 109-14 at 42. Because all three requirements are satisfied in this case, removal under CAFA is proper.

A.      **The Green Tree Proposed Class Contains More Than 100 Putative Class Members.**

11.     The requirement that the putative class consist of at least one hundred members is met here because Plaintiff alleges that she reasonably believes that the "Green Tree Class Members number over eight hundred (800)."  SAC at ¶ 42.  This allegation is sufficient to satisfy the class size requirement under CAFA since "hundreds," by definition, means at least 200.  *Kuxhausen*, 707 F.3d 1136, 1140; *see also Tompkins v. Basic Research LLC*, 2008 U.S. Dist. LEXIS 81411, *8 (E.D. Cal. Apr. 22, 2008) (concluding that satisfaction of the class size requirement under CAFA was facially apparent from plaintiff's complaint because allegations of "a class of thousands of persons" implies a "logical minimum of 2,000 class members.").

12.     Moreover, as further discussed in Paragraph 22 below, Green Tree has determined that the number of borrowers who fall within the purported Green Tree class definition exceed 3000.  *See* Declaration of Ruth Hernandez, ¶ 2.

B.      **Plaintiff and Green Tree Are Citizens of Different States.**

13.     CAFA's "minimum diversity" requirement is satisfied if "any member of a [putative]

4

1    class of plaintiffs is a citizen of a State different from any defendant." 29 U.S.C. § 1332(d)(2).

2        14.    Upon information and belief, Plaintiff is a citizen of the State of Nevada.[3]

3        15.    Defendant Green Tree is not a citizen of Nevada.  Green Tree is a limited liability

4    company organized under the laws of the State of Delaware.  For purposes of establishing diversity

5    jurisdiction, a limited liability company is a citizen of all of the states of which its members are

6    citizens.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899-900 (9th Cir. 2006).

7        16.    The sole and managing member of Green Tree is Walter Investment Management

8    Corp. ("Walter Investment").  For diversity purposes, "a corporation shall be deemed to be a

9    citizen of any State in which it has been incorporated and of the State where it has its principal

10   place of business."  28 U.S.C. § 1332(c)(1).  Walter Investment is a corporation formed and

11   licensed under the laws of the State of Maryland.  Its headquarters, from which its high level

12   officers direct, control, and coordinate the corporation's activities, are located at 300 Bayport

13   Drive, Tampa, Florida.  As such, Walter Investment is a citizen of the States of Maryland and

14   Florida and not a citizen of any other state.

15       17.    Because the named Plaintiff's citizenship is different from Green Tree's citizenship,

16   CAFA's minimal diversity requirement is satisfied.  28 U.S.C. § 1332(d)(2); *see also Serrano v.*

17   *180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

18       **C.    The Amount in Controversy Exceeds $ 5 Million.**

19       18.    The Ninth Circuit applies a "preponderance of the evidence" standard to determine

20   whether CAFA removal is proper.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.

21   2007); *accord Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).  A

22   defendant seeking to remove under CAFA need only provide evidence establishing that it is 'more

23   likely than not' that the amount in controversy exceeds [the jurisdictional] amount of $ 5 million.

24       19.    Although Green Tree denies all liability with respect to Plaintiff's individual claims

25   against it, Plaintiff contends that she is entitled to $5,000 in statutory damages under NRS 107.080.

26

27   _____
[3] Plaintiff alleges that she resides in Las Vegas at the property that is the subject of this action and
that this is her primary residence.  She does not allege ties to any other state.

28
5

Greenberg Traurig, LLP
3773 Howard Hughes Parkway · Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

20.     Although Green Tree denies all liability with respect to claims of unnamed putative class members, Plaintiff also contends that "[a]s a result of Green Tree's violation of NRS 107.080(2)(c)(1), members of the Green Tree Class are each entitled to $5,000 in statutory damages, plus attorneys' fees and costs.

21.     Green Tree maintains that Plaintiff's purported Green Tree Class definition is improper and Green Tree will vigorously oppose class certification.   But, for purposes of determining the amount placed at issue by plaintiff in this action, it is appropriate to look to Plaintiff's purported class definition, which includes "[a]ll present and former grantors of deeds of trust or persons who hold or held the title of record of real property in Nevada, who held such interests in the real property when, from October 1, 2011 to the present, Green Tree executed and/or caused to be recorded a notice of default which contained an affidavit listing Green Tree as the current holder of the note secured by the deed of trust and/or as the current beneficiary of record"

22.     Through its own investigation, Green Tree has determined that the number of borrowers who potentially fall within this purported class definition exceeds 3,000.   *See* Declaration of Ruth Hernandez, ¶ 2.

23.     Because Plaintiff alleges that her claims are typical of the claims of other class members, and that she is entitled to $5,000 in statutory penalties, the Court must presume for purposes of analyzing the amount in controversy that the SAC seeks at least $15 million, which is the aggregate sum of a $5,000 per form penalty for 3,000 affidavits.   Accordingly, the required amount in controversy is satisfied.

24.     For the reasons stated above, all the jurisdictional requirements for CAFA removal are satisfied.

## CAFA Removal Is Timely

25.     The mechanics and requirements for removal are governed by 28 U.S.C. § 1446. The starting point for assessing timeliness of removal is Section 1446(b), which identifies two thirty-day periods for removing a case.   *Kuxhausen*, 707 F.3d at 1139.   The first thirty-day removal

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

NJ 229126548v1

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

period is triggered if grounds for removal are evident from the face of the pleading.  *Id.*; 28 U.S.C. § 1446(b)(1).  The second thirty-day removal period is triggered if the initial pleading does not reveal that the case is removable, and the defendant later receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained.  *Kuxhausen*, 707 F.3d at 1139; 28 U.S.C. § 1446(b)(1).  Where neither of the two thirty-day periods under §§ 1446(b)(1) and (b)(3) have been triggered, "[a] CAFA case may be removed at any time."  *Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125* (9th Cir. 2013) (emphasis added).  *See also Rea v. Michael Stores Inc.*, 742 F.3d 1234 (9th 2014) ("[a]s long as the complaint or "an amended pleading, motion, or other paper" does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time.")

26.    Green Tree's removal is timely because at no time were either of the two thirty-day periods in §§ 1446(b)(1) and (b)(3) triggered in this case.  Neither the original complaint nor the FAC were filed as putative class actions, so CAFA removal was not available based on those pleadings. Nor could Green Tree have removed on the basis of federal question or diversity jurisdiction.

27.    Class action allegations were not added to the case until the SAC.  However, CAFA jurisdiction was not apparent from the face of the SAC.  In fact, the SAC indicated that the CAFA threshold would *not* met in this case because it estimated 800 putative class members.  *See* SAC at ¶ 42 (Plaintiff "reasonably believes that the Green Tree Class members number over eight hundred (800)."  A putative class of 800 would not satisfy CAFA's amount in controversy because the aggregate penalties would total only $4 million, which is below the CAFA amount in controversy requirement.    Consequently,  the  SAC  was  "at  best  'indeterminate'"  as  to  the  amount  in controversy.  *Roth*, 720 F.3d at 1125 (quoting *Harris v. Bankers Life and Casualty Co*., 425 F.3d 689, 693 (9th Cir. 2005)).  "It did not reveal on its face that there was diversity of citizenship or that there was sufficient amount in controversy to support jurisdiction under CAFA."  *Id.*[4]  The

---

[4] *See Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 694 (9th Cir. 2005) (to trigger 30-day removal periods, facts supporting removal must be evident on the face of the complaint; notice of removability is determined by the four corners of the applicable pleadings, not through subjective

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

1    second thirty day window was never triggered because Green Tree has not received another

2    document in the case that established the amount in controversy.

3          28.    Through its own investigation, Green Tree has discovered facts supporting CAFA

4    jurisdiction as set forth in this Notice of Removal.  Upon learning the relevant facts supporting

5    removal, Green Tree filed this Notice of Removal.   Green Tree's removal is timely because

6    "neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) [have] been triggered in this

7    case. *See Roth*, 720 F.3d at 1126.

8          29.    Removal under CAFA is not subject to a one-year cap.  28 USCS § 1453.

9                                    <u>**CONCLUSION**</u>

10         Green Tree respectfully removes this action from the Clark County District Court of Nevada

11   to this Court.   Upon filing this Notice of Removal, Green Tree will furnish written notice to

12   Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the District Court

13   of Clark County Nevada.

14         Dated this 2nd day of June, 2015.

15                                    GREENBERG TRAURIG, L.P.

16

17                          By: */s/ Mark Ferrario*

18                               Mark E. Ferrario, (Bar No. 1625)
                                 Jacob D. Bundick (Bar No. 9772)
19                               Leslie S. Godfrey (Bar No. 10229)
                                 3773 Howard Hughes Parkway
20                               Suite 400 North
                                 Las Vegas, Nevada 89169
21                               Telephone: (702) 792-3773
                                 Facsimile:  (702) 792-9002
22
                                 *Counsel for Defendants Green Tree*
23                               *Servicing, LLC and Fannie Mae*

24

25

26    ────────────────────────────────────

27    knowledge or a duty to make further inquiry"); *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th
      Cir. 2002) (the grounds for removal must have been "unequivocally clear and certain" from the face
28    of the pleading to have started the 30-day removal clock).