MARK E. FERRARIO (Bar No. 1625)
ferrariom@gtlaw.com
JACOB D. BUNDICK (Bar No. 9772)
bundickj@gtlaw.com
JENNIFER GRAY
grayjen@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone:    (702) 792-3773
Facsimile:     (702) 792-9002

*Counsel for Defendants Green Tree
Servicing, LLC and Fannie Mae*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| CRYSTAL TORNO (a.k.a. CRYSTAL A. THOMAS-BOLDUC), an individual,<br><br>          Plaintiff<br><br>vs.<br><br>GREEN TREE SERVICING, LLC; NATIONAL DEFAULT SERVICING CORPORATION; and PREMIER AMERICAN TITLE AGENCY, INC., FANNIE MAE; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No. 2:15-cv-01018-APG-PAL<br><br>**DEFENDANT GREEN TREE SERVICING, LLC AND FANNIE MAE'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Request for Judicial Notice concurrently filed]<br><br>Clark County District Court Case No. A-13-689111-C |

MOTION FOR JUDGMENT ON THE PLEADINGS

1    Pursuant to Federal Rule of Civil Procedure 12(c), Defendants Green Tree Servicing, LLC,

2  now known as Ditech Financial, LLC ("Green Tree"), and Fannie Mae (together, "Defendants"), by

3  and through the undersigned counsel, hereby move the court to dismiss Plaintiff's first and third

4  causes of action against Defendants.

5    This Motion is based on the following memorandum of points and authorities, the

6  concurrently filed request for judicial notice, the pleadings, papers, and prior court orders in this

7  action, and any oral argument permitted by the court at the hearing of this matter.

8  DATED:  November 6, 2015                          GREENBERG TRAURIG, LLP

9

10                                    By:     */s/ Mark E. Ferrario*
                                           MARK E. FERRARIO
11                                         Nevada Bar No. 1625
                                           JACOB D. BUNDICK (Bar No. 9772)
12                                         bundickj@gtlaw.com
                                           JENNIFER GRAY
13                                         grayjen@gtlaw.com
                                           3773 Howard Hughes Parkway, Suite 400 North
14                                         Las Vegas, Nevada  89169
                                           *Counsel for Defendants Green Tree Servicing, LLC*
15                                         *and Fannie Mae*

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR JUDGMENT ON THE PLEADINGS

LA 132362521v2

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ...............................................2

          A.    THE LOAN.........................................................................................2

          B.    THE 2013 STATE COURT ACTION ...............................................4

          C.    THE 2014 STATE COURT ACTION. ..............................................5

LEGAL STANDARD ..........................................................................................................6

ARGUMENT......................................................................................................................8

     I.      THE SAC FAILS TO ALLEGE A VIOLATION OF NRS § 107.080(2)(C)(1) BECAUSE THE AFFIDAVIT ACCURATELY STATED THAT GREEN TREE WAS THE BENEFICIARY OF THE DEED OF TRUST AND HOLDER OF THE NOTE. ..........................................8

          A.    GREEN TREE WAS THE BENEFICIARY OF THE DEED OF TRUST. ..................10

          B.    GREEN TREE WAS THE HOLDER OF THE NOTE...........................................11

     II.     PLAINTIFF LACKS STANDING TO ASSERT A CLAIM UNDER NRS § 107.080(7).................................................................................14

     III.    PLAINTIFF WAIVED ANY CLAIM RELATED TO THE MEDIATION.........16

     IV.    FANNIE MAE SHOULD BE DISMISSED FOR THE INDEPENDENT REASON THAT IT HAS NO OBLIGATION UNDER NRS § 107.080(7). .......17

CONCLUSION...................................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allstate Ins. Co v. Countrywide Fin. Corp.*,
    824 F. Supp. 2d 1164 (C.D. Cal. 2011) ................................................................... 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................. 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................. 7

*Blades v. Wells Fargo Bank NA*,
    No. 2:11–CV–01389–KJD, 2012 WL 2885133 (D. Nev. July 12, 2012) ................. 10

*Carpenter v. Longan*,
    83 U.S. 271 (1872) .................................................................................................. 11

*Castellan v. Bank of Am.*,
    No. 2:13–cv–02027–RCJ–NJK, 2015 WL 1326418 (D. Nev. Mar. 25, 2015) ......... 12

*Castillo v. Bank of Am., N.A.*,
    No. 12cv1833–IEG (BGS), 2012 WL 4793240 (S.D. Cal. Oct. 9, 2012) ................. 12

*Cirino v. Bank of Am., N.A.*,
    No. CV 13–8829 PSG, 2014 WL 9894432 (C.D. Cal. Oct. 1, 2014) ........................ 12

*Clegg v. Cult Awareness Network*,
    18 F.3d 752 (9th Cir. 1994) ...................................................................................... 7

*Cortinas v. Nev. Hous. Div.*,
    No. 2:11–CV–01480–KJD–NJK, 2013 WL 1182217 (D. Nev. Mar. 18, 2013) ........ 16

*Currey v. Homecomings Fin., LLC*,
    No. C 09-0276 PJH, 2009 WL 1227010 (N.D. Cal. May 1, 2009) ........................... 12

*Doe v. White*,
    No. 08-1287, 2010 WL 323510 (C.D. Ill. Jan. 20, 2010) ......................................... 6

*Dworkin v. Hustler Magazine Inc.*,
    867 F.2d 1188 (9th Cir. 1989) .............................................................................. 6, 7

*Ecological Rights Found. v. Pac. Gas & Elec. Co.*,
    713 F.3d 502 (9th Cir. 2013) ................................................................................... 12

*Enesco Corp. v. Price/Costco, Inc.*,
    146 F.3d 1083 (9th Cir. 1998) ................................................................................. 10

ii

MOTION FOR JUDGMENT ON THE PLEADINGS

*Fairbank v. Wunderman Cato Johnson*,
   212 F3d 528 (9th Cir. 2000) ................................................................... 6

*FDIC v. Gulparast*,
   No. 5:12–CV–02528–EJD., 2012 WL 5077150 (N.D. Cal. Oct. 18, 2012) ............................. 12

*Fed. Home Loan Mortg. Corp. v. Am. Home Mortg. Corp.*,
   No. 3:07-CV-1335-L, 2007 WL 2228619 (N.D. Tex. Aug. 3, 2007) ........................... 12

*Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*,
   No. 3:09–CV–00422–PMP–RAM, 2010 WL 4121886 (D. Nev. Oct. 15, 2010) ..................... 18

*Frausto v. Wells Fargo Bank, N.A.*,
   No. 3:11–cv–0791–LRH–VPC, 2012 WL 1855154 (D. Nev. May 21, 2012) ..................... 16

*Haischer v. Mortg. Elec. Registration Sys., Inc.*,
   No. 2:11–cv–01786–GMN–RJJ, 2012 WL 4194076 (D. Nev. Sept. 17, 2012) ..................... 9

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ................................................................... 12

*Lee v. City of L.A.*,
   250 F.3d 668 (9th Cir. 2001) ................................................................... 7

*Lee v. Countrywide Home Loans, Inc.*,
   No. 2:12–cv–0136–LRH–GWF, 2012 WL 2681830 (D. Nev. July 5, 2012) ..................... 16

*Liebb v. Daly*,
   Nos. C 04-950 CW (PR), C 04-4213 CW (PR), 2008 WL 902110 (N.D. Cal.
   Mar. 31, 2008) ................................................................... 6

*In re Livent, Inc. Noteholders Secs. Litig.*,
   151 F. Supp. 2d 371 (S.D.N.Y. 2001) ................................................................... 10

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*,
   416 F.3d 940 (9th Cir. 2005) ................................................................... 8

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ................................................................... 15

*Mack v. S. Bay Beer Distribs.*,
   798 F.2d 1279 (9th Cir.1986) ................................................................... 7

*MAI Sys. Corp. v. UIPS*,
   856 F. Supp. 538 (N.D. Cal. 1994) ................................................................... 15

*Medina v. Quality Loan Serv. Corp.*,
   No. 12–CV–00428–KJD–PAL, 2012 WL 5334651 (D. Nev. Oct. 12, 2012) ..................... 11

*Miller v. Wells Fargo Bank*,
   No. 2:10–CV–363 JCM (PAL), 2010 WL 2697082 (D. Nev. July 6, 2010) ..................... 16

iii

MOTION FOR JUDGMENT ON THE PLEADINGS

*In re Mortg. Elec. Registration Sys., Inc.*,
    754 F.3d 772, *aff'd, in part & reversed in part on other grounds*, 578 F. App'x
    706 (9th Cir. 2014) ................................................................................................ 17

*Parrino v. FHP, Inc.*,
    146 F.3d 699 (9th Cir. 1998) ................................................................................... 7

*In re Phillips*,
    491 B.R. 255 (Bankr. D. Nev. 2013) ...................................................................... 13

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
    720 F.3d 1121 (9th Cir. 2013) .................................................................................. 6

*Salmon Spawning & Recovery Alliance v. Gutierrez*,
    545 F.3d 1220 (9th Cir. 2008) ............................................................................... 15

*Salomon v. Fed. Nat'l Mortg. Ass'n.*,
    No. 2:14-cv-02225-MMD-PAL, 2015 WL 5924255 (D. Nev. Aug. 12, 2015) ...... 13

*Scharringhausen v. United States*,
    No. 06CV2167 JLS (CAB), 2008 WL 686691 (S.D. Cal. Mar. 13. 2008) ............... 6

*Servicios Azucareros de Venezuela, C.A. v. John Deere Thibdodaux, Inc.*,
    922 F. Supp. 2d 567 (E.D. La. 2013) ........................................................................ 6

*Sphouris v. Aurora Loan Servs.*,
    LLC, No. 2:10-CV-00298–KJD–RJJ, 2011 WL 768702 (D. Nev. Feb. 28, 2011) ... 16

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ................................................................................... 9

*Student Loan Mktg. Ass'n v. Hanes*,
    181 F.R.D. 629 (S.D. Cal. 1998) ............................................................................... 7

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir.2003) .............................................................................. 7, 12

*In re Vargas*,
    396 B.R. 511 (Bankr. C.D. Cal. 2008) .................................................................... 11

**State Cases**

*Brinkerhoff v. Bank of Am.,N.A.*,
    No. A645765, 2012 WL 3143513 (Nev. Dist. Ct. May 29, 2012) ........................... 16

*Callahan v. First Commercial Title, Inc.*,
    596 P.2d 236 (Nev. 1979) ....................................................................................... 15

*Edelstein v. Bank of N.Y. Mellon*,
    286 P.3d 249 (Nev. 2012) ....................................................................................... 11

MOTION FOR JUDGMENT ON THE PLEADINGS

*Espanola v. One W. Bank, FSB*,
   No. 61512, 2012 WL 4846524 (Nev. Oct. 9, 2012) ................................................. 16

*Gray v. Wells Fargo Home Mortg., Inc.*,
   No. 62408, 2014 WL 504605 (Nev. Jan. 21, 2014)................................................... 17

*Leyva v. Nat'l Default Servicing Corp.*,
   255 P.3d 1275 (Nev. 2011) ...................................................................................... 14

*Michniak v. Argent Mortg. Co., LLC*,
   No. 56334, 2012 WL 6588912 (Nev. Dec. 14, 2012) .............................................. 16

*In re Montierth*,
   354 P.3d 648 (Nev. 2015) ........................................................................................ 13

*Pascua v. Bank of Am., N.A.*,
   No. 60022, 2013 WL 214382 (Nev. Jan. 17, 2013).................................................... 7

*Pasillas v. HSBC Bank USA*,
   255 P.3d 1281 (Nev. 2011) ...................................................................................... 14

**State Statutes**

Nevada Revised Statutes § 104.1201(2)(u)(1) ................................................................. 11

Nevada Revised Statutes § 107.080 ....................................................................... *passim*

Nevada Revised Statutes § 107.080(2) ........................................................................ 1, 2, 3, 8

Nevada Revised Statutes § 107.080(2)(c) ................................................................. 5, 13, 16

Nevada Revised Statutes § 107.080(2)(C)(1) .................................................................. 8, 17

Nevada Revised Statutes § 107.080(2)(c)(3) ....................................................................... 13

Nevada Revised Statutes § 107.080(5) ...................................................................... 5, 10, 16

Nevada Revised Statutes § 107.080(7) .................................................................... *passim*

Nevada Revised Statutes § 107.086 ....................................................................................... 16

Nevada Revised Statutes § 107.086(2)(c) .............................................................................. 1

Nevada Revised Statutes § 107.086(2)(c)(2) ........................................................................ 4

Nevada Revised Statutes § 107.086(2)(c)(3) ........................................................................ 4

Nevada Revised Statutes § 107.086(2)(c)(6) ........................................................................ 4

Nevada Revised Statutes § 107.086(2)(c)(7) ........................................................................ 4

v

MOTION FOR JUDGMENT ON THE PLEADINGS

Nevada Revised Statutes § 107.086(4) ....................................................... 3, 14, 17

Nevada Revised Statutes § 107.086(5) ................................................................. 3

**Rules**

Federal Rules of Civil Procedure, Rule 8(a) .......................................................... 7

Federal Rules of Civil Procedure, Rule 12 ..................................................... 11, 15

Federal Rules of Civil Procedure, Rule 12(b) ...................................................... 6

Federal Rules of Civil Procedure, Rule 12(b)(6) ............................................... 6, 7

Federal Rules of Civil Procedure, Rule 12(c) .................................................... 6, 7

Nevada Foreclosure Mediation Rules, Rule 5(7)(a) ............................................ 14

Nevada Foreclosure Mediation Rules, Rule 11(1)(a) ............................................ 3

Nevada Foreclosure Mediation Rules, Rule 12(7) ................................................ 3

**Constitutional Provisions**

U.S. Constitution, Article III .......................................................................... 6, 15

**Other Authorities**

RESTATEMENT (THIRD) OF PROPERTY .............................................................. 9, 11

RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES § 5.4(b) (1997) ................... 9, 11

MOTION FOR JUDGMENT ON THE PLEADINGS

LA 132362521v2

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

3

4

5

6

7

8

9

10

This putative class action asserts claims against Green Tree Loan Servicing, LLC, now known as Ditech Financial LLC ("Green Tree"), and the Federal National Mortgage Association ("Fannie Mae") under Nevada Revised Statute ("NRS") section 107.080(7)).  Plaintiff erroneously contends that Green Tree recorded a false Affidavit of Authority to foreclose in violation of NRS § 107.086(2)(c), which requires the beneficiary under a deed of trust to record an affidavit establishing its authority to conduct a non-judicial foreclosure.  Among other things, the affidavit must disclose the name of the current holder of the borrower's note and beneficiary of the corresponding deed of trust.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Prior to foreclosing on Plaintiff's home in January 2014, Green Tree properly recorded an Affidavit of Authority identifying itself as the current holder of Plaintiff's note and the beneficiary of the Deed of Trust securing the note.  Plaintiff and Green Tree participated in Nevada's mortgage foreclosure program and Green Tree obtained a Mediation Certificate allowing it to proceed to foreclosure.  Shortly after recording a Notice of Trustee's Sale and Election to Sell in September 2014, Plaintiff commenced this action, challenging Green Tree's authority to foreclose – despite having participated in a mediation in which Green Tree produced documents evidencing its authority to foreclose and Plaintiff failed to challenge Green Tree's authority.  Plaintiff contends that after the mediation, she learned that Fannie Mae was the investor in her loan.  Plaintiff disingenuously contends that because Fannie Mae was the investor in her loan, it must also have been the beneficiary under the Deed of Trust and holder of the Note, thereby rendering Green Tree's Affidavit of Authority false and a violation of NRS § 107.080(2).  This is pure nonsense.  A beneficiary of a deed of trust and an investor in a loan are two entirely distinct concepts.  Fannie Mae's status as the loan's investor did not contradict Green Tree's status as holder of the note and beneficiary of the Deed of Trust, nor did it diminish Green Tree's legal authority to foreclose.

26

27

The Second Amended Complaint ("SAC") is fatally defective for multiple reasons, any one of which compels dismissal of this action.

28

1

## MOTION FOR JUDGMENT ON THE PLEADINGS

**First,** the SAC fails to establish an underlying violation of NRS § 107.080(2) because Green Tree was indisputably the holder of Plaintiff's Note and beneficiary of the Deed of Trust that secured it when executed the Affidavit of Authority and when it foreclosed.  The SAC fails to allege any facts that call into question the veracity of Green Tree's sworn affidavit.  Moreover, Green Tree's status as holder and beneficiary is easily verified through recorded documents and other judicially noticeable information, as well as by operation of law and contract.

**Second**, Plaintiff lacks standing to assert claims under NRS § 107.080(7), which is the only claim she asserts.  NRS § 107.080(7) permits a grantor of a deed of trust or a property title holder to enjoin a foreclosure sale until such time as the beneficiary of the deed of trust complies with NRS § 107.080(2).  Plaintiff's foreclosure occurred nearly two years ago.  She is no longer a "grantor" or a "title holder." (Fannie Mae now holds title).  There also is no "beneficiary" under the Deed of Trust that could be the subject of an injunction because the foreclosure extinguished the Deed of Trust.  Accordingly, on its face, NRS § 107.080(7) does not apply to Plaintiff and there is no remedy the Court can award to her under this section.

**Third,** to the extent Plaintiff purports to base her claims on Green Tree's representations concerning its holder and beneficiary status at a foreclosure mediation, she has waived those claims.  Courts have held that entering into a Mediation Statement and Agreement waives claims related to participation in Nevada's Foreclosure Mediation Program.

**Finally**, the Court should dismiss Fannie Mae for the additional reason that its role with respect to Plaintiff's loan was limited to that of investor.  As such, Fannie Mae had no duties under NRS § 107.080(2), which extend only to the beneficiary under the Deed of Trust or its assigns.  Fannie Mae was neither.

For these reasons, and as further discussed below, the Court should dismiss the claims asserted against Green Tree and Fannie Mae with prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.   THE LOAN

On or about December 19, 2005, Plaintiff obtained a mortgage loan from Republic Mortgage, LLC ("Republic") in the amount of $204,155.  The loan was evidenced by a note (the

"Note") and secured by a deed of trust against her home in Las Vegas, Nevada (the "Deed of Trust" and collectively with the Note, the "Loan")  *See* Second Amended Complaint (cited hereinafter as "SAC") ¶¶ 12, 13.[1]  The Deed of Trust identified Mortgage Electronic Registration Systems, Inc. ("MERS"), as the nominee for Republic, as the beneficiary under the Deed of Trust.  *See* RJN Ex. 1, at 11 ¶ 20.  Thereafter, Republic sold the Loan to Fannie Mae, and Green Tree became the servicer of the Loan.  *See* SAC ¶¶ 14-15.

Plaintiff ceased making payments on the Loan in May of 2012, triggering a default under the Note.  *See* Notice of Default, recorded on January 22, 2013; RJN Ex. 2.  As part of the pre-foreclosure process, MERS assigned the Deed of Trust to Green Tree on July 11, 2012.  *See* SAC ¶ 18; RJN Ex. 3 (Corporate Assignment of Deed of Trust, recorded on July 25, 2012).  The assignment was recorded on July 25, 2012.  On January 22, 2013, Green Tree recorded a Notice of Default (the "Notice of Default.").  *See* SAC ¶ 20; RJN Ex. 2.  As required by NRS § 107.080(2), the Notice of Default attached an Affidavit of Authority ("Affidavit") identifying the then-current holder of the Note and beneficiary of the Deed of Trust, along with other required information.  The Affidavit identified Green Tree as the holder of the Note and beneficiary of the Deed of Trust.  *See* SAC ¶ 22.

Plaintiff elected to participate in Nevada's Foreclosure Mediation Program ("FMP").  The FMP requires that if a homeowner elects to mediate, both the homeowner and the deed of trust beneficiary must attend and mediate in good faith and the beneficiary must provide certain enumerated documents that establish its authority to foreclose.  NRS § 107.086(4), (5); FMR 11(1)(a); FMR 12(7).  After the conclusion of the mediation, the mediator must then file a mediator's statement with the program administrator, indicating whether all parties complied with the statute and rules governing the program.  FMR 18.  If the beneficiary fails to comply with any of program requirements, the mediator is required to "submit ... a petition and recommendation

---

[1] The Second Amended Complaint was filed in this consolidated action in the state District Court for Clark County, Nevada, after State Case No. A-14-697704-C was consolidated into State Case No. A-13-689111-C, and before the consolidated case was removed to this Court.  *See* Request for Judicial Notice ("RJN"), filed contemporaneously herewith, at Ex. 15.

3

MOTION FOR JUDGMENT ON THE PLEADINGS

concerning the imposition of sanctions." NRS § 107.086(5).[2]  If the district court finds that the parties met the program requirements, it will direct the program administrator to certify the mediation, allowing the foreclosure process to proceed.  *See* NRS § 107.086(2)(c)(2), (3), (6), (7).

Plaintiff's mediation was conducted in two parts.  A document conference, during which the parties discussed the information that would be needed in order to evaluate the borrower for foreclosure alternatives, was held on March 29, 2013.  *See* RJN Ex. 18, at 2 (Mediation Statement and Agreement).  A formal mediation was held on May 23, 2013.  *See id.*  At the conclusion of the Mediation, the parties and the mediator all signed a Mediation Statement and Agreement ("Mediation Statement") and the mediator directed the program administrator to certify the mediation.[3]  SAC ¶¶ 31-33.  *See also* RJN Ex. 18, at 3 (indicating that the beneficiary brought all required documents to the mediation), RJN Ex. 5 (Foreclosure Mediation Certificate) (Plaintiff "would voluntarily relinquish the property … [and that the Trust] Beneficiary may proceed with the foreclosure process."  *See* RJN Ex. 5 (Foreclosure Mediation Certificate).  Green Tree recorded the Foreclosure Mediation Certificate on September 3, 2013, along with a Notice of Trustee's Sale.  RJN Ex. 5; RJN Ex. 6.  A foreclosure sale was held in January 2014.

## B.   THE 2013 STATE COURT ACTION

On September 23, 2013, Plaintiff commenced this action by filing a complaint against Green Tree and National Default Services ("NDS") (the "Complaint") in the state District Court for Clark County, Nevada, Case No. A-13-689111-C (the "2013 Action"), asserting claims for fraud, breach of contract, and violation of NRS § 107.080.  *See* Compl. ¶¶ 27-30, 33, 25; RJN Ex. 11.  Plaintiff alleged that Green Tree had misrepresented itself as the "owner" and "beneficiary of the Note" in the Affidavit and at the mediation, when, in fact, Fannie Mae owned the loan.  *See id.* ¶¶ 14, 18.  On December 3, 2013, the Court granted Green Tree's motion to dismiss.  *See* Dec. 3, 2013 Order Granting Motion to Dismiss Pursuant to Nev. R. Civ. P. 12(b)(5); RJN Ex. 12.

---

[2] The homeowner may then file a petition for judicial review with the district court, and the court "may issue an order imposing such sanctions against the beneficiary of the deed of trust or the representative as the court determines appropriate." See FMR 22(2).

[3] The Statement contemplated that Plaintiff would solicit and submit a short-sale offer to Green Tree in exchange for Green Tree waiving any right to collect the shortfall.

On December 20, 2013, Plaintiff filed an Amended Complaint in the 2013 Action, again asserting claims for fraud, breach of contract, violation of NRS § 107.080(2)(c), and for a declaratory judgment.  *See* Pl.'s Am. Compl. ¶¶ 88, 96, 97-100; RJN Ex. 13.   Although the Amended Complaint included injunctive relief in its Prayer for Relief, Plaintiff never filed a motion for a temporary restraining order or preliminary injunction, and the sale went forward on January 28, 2014.  *See* Trustee's Deed of Sale, recorded on Feb. 5, 2014; RJN Ex. 8.  Fannie Mae submitted the high bid at the foreclosure sale and took title to the Property.  *See id.*

## C.   THE 2014 STATE COURT ACTION.

On or about March 13, 2014, Fannie Mae issued a notice to Plaintiff to vacate the Property. *See* RJN 16 at ¶¶ 37-39 (March 14, 2014, Complaint filed in Case No. A-14-697704-C).  Plaintiff filed a second state court action the next day (the "2014 Action").  *See* Pl.'s Mar. 14, 2014 Compl., Case No. 14-A-14-697704-C; RJN Ex. 16.  This action asserted claims against Fannie Mae and NDS under NRS § 107.080(5) to void the Trustee's sale and to quiet title in favor of the Plaintiff. *See* Pl.'s Mar. 14, 2014 Compl. ¶¶ 46, 52; RJN Ex. 16.  The complaint alleged the same underlying facts and identical legal theory as the 2013 Action, namely that Green Tree had misrepresented its status as the "holder" of the note and "beneficiary" of the loan in the Affidavit and at the Mediation. *See* Pl.'s Mar. 14, 2014 Compl. ¶ 14; RJN Ex. 16.  Plaintiff sought and obtained a preliminary injunction enjoining Fannie Mae from pursuing an eviction.[4]

Meanwhile, in the 2013 Action, Plaintiff moved to amend her complaint a second time in order to "convert this matter into a class action against Green Tree, National Default, and Fannie Mae."  *See* Pl.'s Mot. for Leave to File SAC at 6, RJN Ex. 14.  In support of her motion, Torno represented that she would drop all of her other claims if the Court granted her leave to amend to assert putative class claims under NRS § 107.080(7).  *See id.* at 6.  Before the Court ruled on the motion to amend, the defendants in the two state court actions moved to consolidate the cases. Plaintiff did not oppose and the Court granted the request and ordered that "the related action, Case No. A-14-697704-C is hereby consolidated into Case No. A-13-689111-C."  *See* Order Granting

---

[4] Green Tree has concurrently filed a motion to dissolve the preliminary injunction, which has now been in place for nearly two years.

MOTION FOR JUDGMENT ON THE PLEADINGS

Mot. to Consolidate Related Cases at 2, RJN Ex. 17.  Thereafter, the state court granted Plaintiff's motion to file a second amended complaint.  The SAC asserts putative class claims against Green Tree, Fannie Mae, and NDS under NRS § 107.080(7).  *See* SAC ¶¶ 78, 84, 90.  All other claims that Plaintiff had previously asserted were dropped.

On June 2, 2015, Green Tree removed the case under the Class Action Fairness Act of 2005 (Dkt. 1).[5]  Defendants Green Tree and Fannie Mae now move for judgment on the pleadings.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(h)(2)(B) provides that the defense of a failure to state a claim upon which relief can be granted may be raised by a motion under Rule 12(c).  A Rule 12(c) "'motion for judgment on the pleadings attacks the legal sufficiency of the claims alleged in the complaint.'"  *Scharringhausen v. United States*, No. 06CV2167 JLS (CAB), 2008 WL 686691, at *2 (S.D. Cal. Mar. 13. 2008) (citation omitted).  A Rule 12(c) motion for judgment on the pleadings may be filed at any time after the pleadings are closed, so long as it is filed within such time as not to delay trial.[6]  *See* Fed. R. Civ. P. 12(c).  A Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, and courts apply identical standards in deciding each.  *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog."); *Liebb v. Daly*, Nos. C 04-950 CW (PR), C 04-4213 CW (PR), 2008 WL 902110, at *2

---

[5] The removal was timely under *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013).

[6] Prior to removal, the Defendants had moved to dismiss the SAC in state court and the court denied the motion.  That motion does not preclude Defendants' current Rule 12(c) motion.  Following removal, a motion on the pleadings may be brought in federal court after a motion to dismiss was brought in the state court.  *See Fairbank v. Wunderman Cato Johnson*, 212 F3d 528, 530-32 (9th Cir. 2000) (holding that federal court may properly disregard earlier state court rulings where state court standards differ from applicable federal court standards); *MAI Sys. Corp. v. UIPS*, 856 F. Supp. 538, 540 (N.D. Cal. 1994) (dismissing claim for lack of Article III standing despite plaintiff having standing under state law and noting that "[s]tanding is a threshold requirement in every federal case"); *see also Servicios Azucareros de Venezuela, C.A. v. John Deere Thidbodaux, Inc.*, 922 F. Supp. 2d 567, 571 (E.D. La. 2013) (noting that motion for judgment on the pleadings may be brought after motion to dismiss); *Allstate Ins. Co v. Countrywide Fin. Corp.*, 824 F. Supp. 2d 1164, 1175 (C.D. Cal. 2011) (holding that even "'successive Rule 12(b)(6) motions may be considered where they have not been filed for the purpose of delay'") (quoting *Doe v. White*, No. 08-1287, 2010 WL 323510, at *2 (C.D. Ill. Jan. 20, 2010)).

MOTION FOR JUDGMENT ON THE PLEADINGS

(N.D. Cal. Mar. 31, 2008) ("It is well-settled that the standard applied to Rule 12(c) motions is the same as that applied to Rule 12(b)(6) motions.").[7]  Thus, as with a Rule 12(b)(6) motion, although a court must accept all factual allegations as true, the Rule 8(a) plausibility standard requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).  Ultimately, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (citing Twombly, 550 U.S. at 570).  To determine whether a complaint states a plausible claim for relief, the court must rely on its judicial experience and common sense and "is not required to accept legal conclusions cast in the form of factual allegations" that are unsupported.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Generally, a court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) or Rule 12(c) motion.  *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir.2003). There are three exceptions to this rule:  (1) a court may consider documents "'properly submitted as part of the complaint' on a motion to dismiss;" (2) if "documents are not physically attached to the complaint," incorporation by reference is proper "if the documents' 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them" (*Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)); and (3) "a court may take judicial notice of 'matters of public record.'"  *Id.* (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir.1986).

A court must "dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action."  *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  Leave to amend should not be granted if "it

---

[7] The principal difference between a 12(c) motion for judgment on the pleadings and a 12(b)(6) motion to dismiss is the time of filing.  *See Dworkin*, 867 F.2d at 1192.  A Rule 12(b)(6) motion must be filed before the pleadings close, while a Rule 12(c) motion can be brought at any time after the pleadings are closed, as long as doing so will not delay the trial date.  *Id.*  The pleadings in this action are now closed, and the first day of trial has been scheduled for March 18, 2017. Accordingly, the present motion will not delay trial.

MOTION FOR JUDGMENT ON THE PLEADINGS

is clear that the complaint could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon*

*Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

## ARGUMENT

**I.    THE SAC FAILS TO ALLEGE A VIOLATION OF NRS § 107.080(2)(C)(1) BECAUSE THE AFFIDAVIT ACCURATELY STATED THAT GREEN TREE WAS THE BENEFICIARY OF THE DEED OF TRUST AND HOLDER OF THE NOTE.**

Plaintiff's claim under NRS § 107.080(7), which, as explained below, Plaintiff lacks

standing to assert, is premised on Green Tree's purported violation of NRS § 107.080(2)(c)(1),

which requires that a recorded Notice of Default attach an affidavit setting forth:

> The full name and business address of the trustee or the trustee's personal representative or assignee, the current holder of the note secured by the deed of trust, the current beneficiary of record and the servicers of the obligation or debt secured by the deed of trust; …

NRS § 107.080(2)(c)(1) (2011) (effective October 1, 2011 to May 31, 2013).  Plaintiff maintains

that the Affidavit falsely identified Green Tree as the current holder of the Note and Beneficiary

under the Deed of Trust.  Plaintiff's theory is set forth in paragraphs 36-38 of the SAC:

> ¶ 36    In response, Green Tree confessed to Ms. Torno that it was not the actual beneficiary of the loan and needed to obtain approval from an investor (Fannie Mae).
>
> ¶ 38.    Fannie Mae is, and at the time of the recordation of the Torno Notice of Default was, the beneficiary of the Torno Deed of Trust.
>
> ¶ 39.    Ms. Torno is informed and believes, and thereon alleges, that Fannie Mae is, and at the time of the recordation of the Torno Notice of Default was, the holder of the Torno Note.

In other words, Plaintiff's theory is that because Fannie Mae was the investor in her loan, it *also*

*must have been* the beneficiary of the Deed of Trust and holder of the Note.

This is a ridiculous proposition.  Intentionally or unintentionally, Plaintiff is conflating a

"beneficiary" under a deed of trust with a "beneficial" owner of a loan.  These are two distinct legal

concepts.  The beneficiary under a deed of trust is the person with legal authority to exercise the

power of sale.  *See* NRS § 107.080(2)(d) ("The power of sale must not be exercised, however, until:

. . .  (d)  The beneficiary or its successor in interest or the servicer of the obligation or debt secured

by the deed of trust has instructed the trustee to exercise the power of sale with respect to the

property.").  In contrast, an investor or beneficial owner of a loan merely has the right to collect the

8

proceeds of a loan from the entity that has the legal right to enforce the note and deed of trust.  An investor has no legal right to enforce a note or deed of trust, only a contractual right to the proceeds.[8]  Fannie Mae's status as the loan's "investor" or "beneficial owner" does not contradict Green Tree's attestation that Green Tree was the holder of the Note and beneficiary of the deed of trust.  *See* SAC ¶¶ 22, 36.[9]

Further, Plaintiff's assertion that Fannie Mae was the note holder and beneficiary of the Deed of Trust are contradicted by judicially noticeable documents.  The Court may consider these documents in connection with a Rule 12 motion seeking dismissal of claims arising under NRS §107.080.[10]  *See Haischer v. Mortg. Elec. Registration Sys., Inc.*, No. 2:11–cv–01786–GMN–RJJ,

---

[8]  The commentary to the Restatement (Third) of Property Mortgages describes the typical arrangement between investors in mortgages, such as Fannie Mae, and their servicers:

> Institutional purchasers of loans in the secondary mortgage market often designate a third party, not the originating mortgagee, to collect payments on and otherwise "service" the loan for the investor.  In such cases, the promissory note is typically transferred to the purchaser, but an assignment of the mortgage from the originating mortgagee *to the servicer* may be executed and recorded.  This assignment is convenient because it facilitates actions that the servicer might take, such as releasing the mortgage, at the instruction of the purchaser.  The servicer may or may not execute a further unrecorded assignment of the mortgage to the purchaser.

RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES § 5.4, cmt. c (1997) (emphasis added).  The Restatement then emphasizes that this arrangement preserves the investor's ownership interest:

> *It is clear in this situation that the owner of both the note and mortgage is the investor and not the servicer.*  This follows from the express agreement to this effect that exists among the parties involved.  The same result would be reached if the note and mortgage were originally transferred to the institutional purchaser, who thereafter designated another party as servicer and executed and recorded a mortgage assignment to that party for convenience while retaining the promissory note.

*Id.* (emphasis added).

[9]  Moreover, the SAC contains not a scintilla of factual support for its declarations that "Green Tree was not the beneficiary of the Torno Deed of Trust," and "Fannie Mae [was] … the beneficiary of the Torno Deed of Trust" (SAC ¶¶ 23, 30, 32, 38).  In fact, the SAC contradicts its own conclusions by conceding that MERS executed and recorded an assignment of the Deed of Trust in favor of Green Tree.  *See* SAC ¶ 18 ("On or about July 11, 2012 ….)  Because of that assignment, Green Tree became the beneficiary of the Deed of Trust.

[10]  When judicially noticeable documents directly contradict Plaintiff's conclusory allegations, the Court need not accept the truth of Plaintiff's pleadings.  *See, e.g., Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not … accept as true allegations that

2012 WL 4194076, at *4 (D. Nev. Sept. 17, 2012) (dismissing claim to set aside foreclosure under NRS § 107.080(5) where foreclosure documents attached to complaint and judicially noticeable documents demonstrated defendants' compliance with NRS § 107.080); *Blades v. Wells Fargo Bank NA*, No. 2:11–CV–01389–KJD, 2012 WL 2885133, at *7 (D. Nev. July 12, 2012) (dismissing claim under NRS § 107.080 where judicially noticeable documents demonstrated that defendant substantially complied with NRS § 107.080).

### A.   GREEN TREE WAS THE BENEFICIARY OF THE DEED OF TRUST.

The original Deed of Trust securing Plaintiff's loan identified the Mortgage Electronic Registration Systems, Inc. ("MERS"), as the nominee for Republic, as the beneficiary under the Deed of Trust.  *See* RJN Ex. 1, at 11, ¶ 20.  On July 11, 2012, MERS, as nominee, executed an assignment of the Deed of Trust in favor of Green Tree.  This assignment was duly recorded on July 25, 2012. RJN Ex. 3.  No additional assignments were recorded prior to the date on which Green Tree executed the Affidavit.[11]   Consequently, Green Tree was the undisputed beneficiary of the Deed of Trust when it executed the Affidavit, not Fannie Mae.

---

contradict matters properly subject to judicial notice or by exhibit.") (citing *Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998)); *see also In re Livent, Inc. Noteholders Secs. Litig.*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001) ("[A] court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself *or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice.*") (emphasis added). Accordingly, the Court must disregard Plaintiff's legally flawed contentions that Fannie Mae was the holder and beneficiary under the Deed of Trust.

[11] Plaintiff's allegation that Green Tree executed a Corporate Assignment of Deed of Trust (RJN Ex. 7), purportedly assigning the Torno Deed of Trust to Fannie Mae" (SAC, ¶ 19), is of no import.  Plaintiff's claim in this action concerns the accuracy of the Affidavit of Authority, which was executed on January 8, 2013, and recorded on January 22, 2013 as an exhibit to the Notice of Default and Election to Sell Under Deed of Trust.  The mere execution of an assignment in favor of Fannie Mae did not effect a transfer of the Deed of Trust to Fannie Mae.  Under NRS § 106.210, an "assignment of the beneficial interest under a deed of trust must be recorded" in the county public records to be valid.  The purported assignment to Fannie Mae was not recorded prior to Green Tree's execution of the Affidavit or at any time prior to the foreclosure sale, which extinguished the Deed of Trust.  Accordingly, the purported recording of this errant assignment on February 5, 2014 was a nullity.

10

### MOTION FOR JUDGMENT ON THE PLEADINGS

LA 132362521v2

**B.    GREEN TREE WAS THE HOLDER OF THE NOTE.**

Under Nevada law, a "holder" means "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."  NRS § 104.1201(2)(u)(1).  Green Tree's status as a "holder" existed as a matter of Nevada law and by virtue of its contractual relationship with Fannie Mae to service the Loan.  Further, as explained below, the mediator's certification of Plaintiff's foreclosure mediation is unassailable evidence that Green Tree held the Note.

**First,** Green Tree became a "holder" of the Note by operation of law when MERS assigned to it the Deed of Trust.  Under traditional rules governing the transfer of mortgages, "'transfer of [a] note carries with it the security, without any formal assignment or delivery, or even mention of the latter.'"  *In re Vargas*, 396 B.R. 511, 516 (Bankr. C.D. Cal. 2008) (quoting *Carpenter v. Longan*, 83 U.S. 271, 275 (1872)).  Generally, the reverse was not true – the assignment of a deed of trust did not effect a transfer of the note.  Nevada, however, follows the RESTATEMENT (THIRD) OF PROPERTY, which provides that a promissory note and a deed of trust are automatically transferred together, regardless of which document is ostensibly transferred to a third party.  RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES § 5.4(b) (1997) ("Except as otherwise required by the Uniform Commercial Code, a transfer of a mortgage also transfers the obligation the mortgage secures unless the parties to the transfer agree otherwise.").  Consequently, when MERS assigned the Deed of Trust to Green Tree on July 11, 2012, it resulted in a transfer of both the Deed of Trust and the Note.

Further, in this particular case, the recorded assignment included language expressly transferring "all interests secured [by the deed of trust]."  Courts have recognized holder status based upon the inclusion of language in an assignment of a deed of trust that purports to transfer the underlying obligation along with the deed of trust. S*ee e.g., Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 260-61 (Nev. 2012) (defendant became a "holder" upon MERS' assigning its interest in the deed of trust "'[t]ogether with the note or notes therein ...' to BNY Mellon.") (alteration in original); *Medina v. Quality Loan Serv. Corp*., No. 12–CV–00428–KJD–PAL, 2012 WL 5334651, at *4 (D. Nev. Oct. 12, 2012) (assignment of deed of trust stating that the assignor "'does convey,

grant, sell, assign, transfer and set over the described deed of trust together with the certain note(s) described therein'" resulted in a transfer of the note) (citation omitted).

**Second,** Fannie Mae, the owner of the Note, contractually transferred possession of the Note to Green Tree, which serviced the Loan, upon Plaintiff's default.   Fannie Mae's Servicing Guidelines, which forms part of the overall agreement between Fannie Mae and its servicing agents,[12] include a provision through which Fannie Mae transfers possession of a note and "holder" status to its servicers "automatically and immediately" upon a borrower's default

> Fannie Mae's Servicing Guide provides:

> In order to ensure that a servicer is able to perform the services and duties incident to the servicing of the mortgage loan, Fannie Mae temporarily gives the servicer possession of the mortgage note whenever the servicer, acting in its own name, represents the interests of Fannie Mae in foreclosure actions, bankruptcy cases, probate proceedings, or other legal proceedings.

---

[12] The Court may take judicial notice of Fannie Mae's Servicing Guidelines because Fannie Mae is a government-owned entity (the Fair Housing Finance Authority operates Fannie Mae through a conservatorship), the Guidelines are publicly available on Fannie Mae's website, and they are not capable of reasonable dispute.  Courts routinely take judicial notice of the Guidelines and similar documents relating to Fannie Mae and its servicing agents.  *See, e.g., Cirino v. Bank of Am., N.A.*, No. CV 13–8829 PSG (MRWx), 2014 WL 9894432, at *7 (C.D. Cal. Oct. 1, 2014) ("The Court takes judicial notice of the contents of the [Fannie Mae] Servicing Guide excerpts submitted to the Court, as they are public documents whose contents are not susceptible to any reasonable dispute."); *Castillo v. Bank of Am., N.A.*, No. 12cv1833–IEG (BGS), 2012 WL 4793240, at *1 n.1 (S.D. Cal. Oct. 9, 2012) (taking judicial notice of servicer participation agreement between defendant and Fannie Mae); *FDIC v. Gulparast*, No. 5:12–CV–02528–EJD., 2012 WL 5077150, at *2 (N.D. Cal. Oct. 18, 2012) (taking judicial notice of Fannie Mae's Revised Appraisal and Property Report Forms and Fannie Mae Single Family 2007 Selling Guide); *Currey v. Homecomings Fin., LLC*, No. C 09-0276 PJH, 2009 WL 1227010, at *3 (N.D. Cal. May 1, 2009) ("As to the factual information on Fannie Mae's website, the court takes judicial notice of this information as well."); *Fed. Home Loan Mortg. Corp. v. Am. Home Mortg. Corp.*, No. 3:07-CV-1335-L, 2007 WL 2228619, at *1 n.2 (N.D. Tex. Aug. 3, 2007) (taking judicial notice of Freddie Mac's servicing guide because it is a public document available on Freddie Mac's website).  It is also appropriate for the Court to incorporate this provision of the Guidelines in to the SAC by reference because Plaintiff has placed Fannie Mae's and Green Tree's respective interests in the loan directly at issue.  A court may consider a document under the "incorporation by reference doctrine" even if it is not attached to the pleadings without converting a motion to dismiss to one for summary judgment where the document is central to a plaintiff's claim and its authenticity is not questioned.  See *Castellan v. Bank of Am.*, No. 2:13–cv–02027–RCJ–NJK, 2015 WL 1326418, at *5 n.2 (D. Nev. Mar. 25, 2015) (citing *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013) & *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)); *United States v. Ritchie*, 342 F.3d at 908.  These conditions are satisfied here.

MOTION FOR JUDGMENT ON THE PLEADINGS

> This temporary transfer of possession occurs automatically and immediately upon the commencement of the servicer's representation, in its name, of Fannie Mae's interests in the foreclosure, bankruptcy, probate, or other legal proceeding.

*See* Fannie Mae Servicing Guide, A2-1-04, at 86 ("Note Holder Status for Legal Proceedings Conducted in the Servicer's Name") (Nov. 12, 2014); RJN Ex. 19.[13]   *See also* Fannie Mae Announcement 08-12 (May 23, 2008); RJN Ex. 20.[14]

"When Fannie Mae transfers possession, … if the note is held by a document custodian on Fannie Mae's behalf, the custodian also has possession of the note on behalf of the servicer so that the servicer has constructive possession of the note and the servicer shall be the holder of the note and is authorized and entitled to enforce the note in the name of the servicer for Fannie Mae's benefit." *Id.*   Under Nevada law, constructive possession of a note is sufficient to convey holder status.  *See In re Phillips*, 491 B.R. 255, 262-63 (Bankr. D. Nev. 2013).  NRS § 107.080(2)(c) contemplates that that holder status may be acquired through constructive possession.  NRS § 107.080(2)(c)(3) (requiring party filing the Affidavit of Authority to attest "[t]hat the beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee is in actual or constructive possession of the note secured by the deed of trust").  The Servicing Guidelines specifically authorize (and encourage) courts to rely on this section "to establish that the servicer conducting the foreclosure, bankruptcy, probate, or other legal proceeding in its name has possession, and is the holder of the note during the foreclosure, bankruptcy, probate, or other legal proceeding… " *See* RJN Ex. 20, at 3.

Accordingly, through its Servicing Guidelines, Fannie Mae automatically and immediately transferred possession of the Note, and thereby holder status, to Green Tree upon Plaintiff's default (which occurred prior to its execution and recording of the Affidavit). [15]

---

[13] *Available at* https://www.fanniemae.com/content/guide/servicing/index.htm.

[14] *Available at* https://www.fanniemae.com/content/announcement/0812.pdf

[15] *Cf. In re Montierth*, 354 P.3d 648, 651 (Nev. 2015) (Observing that authority to enforce a note may arise from a principal-agent relationship between the note holder and the mortgage holder even if the parties do not intend for a transfer of one to result in a transfer of the other ); *Salomon v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-cv-02225-MMD-PAL, 2015 WL 5924255 (D. Nev. Aug. 12, 2015).

MOTION FOR JUDGMENT ON THE PLEADINGS

**Third,** the Mediator's certification of the foreclosure mediation and issuance of a Mediation Certificate is unassailable evidence that Green Tree had possession of the note and legal authority to enforce it.  NRS § 107.086(4) (2011) and Nevada's Foreclosure Mediation Rules ("FMRs") require "[t]he beneficiary of the deed of trust [to] bring to the mediation the original or a certified copy of the deed of trust, the mortgage note and each assignment of the deed of trust or mortgage note." FMP Rule 12 requires that a certified copy be accompanied by a statement under oath signed before a notary public attesting that the person making the certification is in actual possession of the original note or deed of trust and that the certified document is a true and correct copy of the original.  Accordingly, the beneficiary must have actual or constructive possession of the note at the time of the mediation in order to comply with the FMP.

The Nevada Supreme Court has held that mandatory nature of this requirement prohibits a mediator from certifying a foreclosure in the absence of strict compliance with these documentation requirements.  *See Pasillas v. HSBC Bank USA*, 255 P.3d 1281, 1285 (Nev. 2011) (concluding that NRS § 107.086(4) and (5) and FMR 5(7)(a) clearly and unambiguously mandate that the beneficiary of the deed of trust comply with the program requirements); *Leyva v. Nat'l Default Servicing Corp.*, 255 P.3d 1275, 1276-77 (Nev. 2011) ("[W]e again conclude that, due to the statute's and the FMRs' mandatory language regarding document production, a party is considered to have fully complied with the statute and rules only upon production of all documents required."). Because the mediator was prohibited under Nevada law from certifying the Plaintiff's foreclosure mediation unless Green Tree had failed to bring the original or a certified copy of the note to the mediation, the Mediation Certificate establishes, and Plaintiff is estopped from denying, that Green Tree was in a fact a "holder" during the relevant time period.

## II.     PLAINTIFF LACKS STANDING TO ASSERT A CLAIM UNDER NRS § 107.080(7).

NRS § 107.080(7) allows a "grantor" or "person who holds title of record" to bring an action to enforce compliance with NRS § 107.080(2), (3), or (4).  If, in such an action, the Court determines that the beneficiary has not complied with these sections, the court *must* (1) enjoin the exercise of the power of sale until the beneficiary of the deed of trust complies with the relevant subsection, (2) award the greater of $5,000 or treble damages, *and* (3) award reasonable attorneys'

fees.  NRS § 107.080(7) (2013) (effective October 1, 2013 through May 31, 2015) (emphasis added).

Plaintiff lacks standing to assert claims under NRS § 107.080(7) because the section does not provide a remedy to borrowers who have already lost title to their homes through foreclosure.[16] First, Plaintiff is neither a "grantor" nor the "person who holds title of record" because the foreclosure extinguished the Deed of Trust (thereby eliminating any "grantor") and transferred title to the property to Fannie Mae.  *See* RJN Ex. 8 (Trustee Deed of Sale, recorded on February 5, 2014). *See also Callahan v. First Commercial Title, Inc.,* 596 P.2d 236, 442 (Nev. 1979) (explaining that a deed of trust is extinguished "by sale of the property at foreclosure").

Moreover, section 107.080(7) does not apply to loans that have already been foreclosed. The section addresses inchoate violations of statute that can be remedied prior to foreclosure by imposing a mandatory injunction against a beneficiary's exercise of the power of sale until the beneficiary complies with the relevant provision.  Where, as here, a non-judicial foreclosure has already occurred, it is impossible for Court to impose the remedy mandated by section 107.080(7). The Deed of Trust no longer exists, there is no beneficiary to enjoin, and no inchoate violation to cure.[17]  There is no authority for applying section 107.080(7) to a completed foreclosure.

---

[16] Plaintiff also lacks Article III standing because she suffered no harm as a result of the alleged violation.  *See Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008) (explaining that to establish standing under Article III, Plaintiff must show that: "(1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision.") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Even if Plaintiff was not required to show actual harm in state court, once the case was removed, she was subject to Article III's standing requirements.  *MAI Sys. Corp. v. UIPS*, 856 F. Supp. 538, 540 (N.D. Cal. 1994) (dismissing claim for lack of Article III standing despite plaintiff having standing under state law and noting that "[s]tanding is a threshold requirement in every federal case").  Here, the SAC fails to establish that Plaintiff suffered any harm as a result of the alleged violation of NRS 107.080(2).

[17] Further, a plaintiff cannot request (and a court may not provide) a partial remedy under NRS § 107.080(7).  For example, a plaintiff cannot ignore the injunctive provision and simply ask for damages to be awarded.  The remedies afforded under this statute are specified in the conjunctive -- either all must be awarded or none.  Because the section imposes a mandatory injunction barring foreclosure if a court finds non-compliance with the statute, no claim can exist unless the relief may be granted.

MOTION FOR JUDGMENT ON THE PLEADINGS

Finally, it is clear that NRS § 107.080(7) does not apply in the post-foreclosure context because NRS 107.080 contains a provision that expressly does apply post-foreclosure, NRS § 107.080(5).   Subsection (5) authorizes a court to void a completed foreclosure under narrow, specified circumstances.  *See* NRS § 107.080(5) (2013) (effective October 1, 2013 through May 31, 2015).  The SAC does not assert a claim under NRS § 107.080(5), nor would NRS § 107.080(5) permit Plaintiff to void her foreclosure two years after it occurred.[18]

## III.   PLAINTIFF WAIVED ANY CLAIM RELATED TO THE MEDIATION.

Although Plaintiff ostensibly asserts an underlying violation of NRS § 107.080(2)(c) as the basis for this action, the focus of the SAC is not on Green Tree's authority to foreclose per se, but rather on its alleged failure to disclose at the mediation that Fannie Mae owned the loan and would need to approve any short sale offer.  *See e.g.*, SAC ¶ 30 ("At the Mediation, Green Tree again misrepresented itself as the beneficiary of the loan."); SAC ¶ 36 ([After the mediation] "Green Tree confessed to Ms. Torno that it was not the actual beneficiary ….")  To the extent that Plaintiff's claim is based upon Green Tree's participation in the FMP, Plaintiff waived any claims by executing a Mediation Statement and Agreement.  *See e.g., Espanola v. One W. Bank, FSB*, No.

---

[18] Subsection 5 is extremely limited in scope and courts strictly construe its requirements, which do not apply here.  First, a sale may be set aside only in cases where the trustee does not substantially comply with the applicable provision of NRS 107.080.  The SAC does not allege that trustee conducting the foreclosure failed to comply with the statute.  Second, an action under subsection 5 must be commenced within 45 days of the sale.  The timeframe for voiding the foreclosure sale has long since passed and courts strictly enforce this timeframe.  *See e.g., Cortinas v. Nev. Hous. Div.*, No. 2:11–CV–01480–KJD–NJK, 2013 WL 1182217, at *3 (D. Nev. Mar. 18, 2013) (holding that court has no authority to set aside sale after period provided under NRS § 107.080(5)); *Brinkerhoff v. Bank of Am., N.A.*, No. A645765, 2012 WL 3143513 (Nev. Dist. Ct. May 29, 2012) (rejecting claim to void sale where plaintiff failed to record a notice of lis pendens within 30 days after commencement of the action); *Sphouris v. Aurora Loan Servs.*, LLC, No. 2:10-CV-00298–KJD–RJJ, 2011 WL 768702, at *4 (D. Nev. Feb. 28, 2011) (finding that a plaintiff's claim was time-barred because the plaintiff failed bring an action within 90 days of the sale); *Miller v. Wells Fargo Bank*, No. 2:10–CV–363 JCM (PAL), 2010 WL 2697082, at *2 (D. Nev. July 6, 2010) (finding that court lacked statutory authority to void the trustee's sale where plaintiffs failed to record a lis pendens within thirty days of filing their action); *Lee v. Countrywide Home Loans, Inc.*, No. 2:12–cv–0136–LRH–GWF, 2012 WL 2681830, at *2 (D. Nev. July 5, 2012) (rejecting bid to rescind a trustee's sale filed more than 90 days after sale occurred); *Frausto v. Wells Fargo Bank, N.A.*, No. 3:11–cv–0791–LRH–VPC, 2012 WL 1855154, at *2 (D. Nev. May 21, 2012) (rejecting claim to void a trustee sale as time barred); *Michniak v. Argent Mortg. Co., LLC*, No. 56334, 2012 WL 6588912, at *2 (Nev. Dec. 14, 2012) (holding that "title set forth in the trustee's deed upon sale was conclusive and beyond challenge once the time period set forth in NRS 107.080(5) had lapsed").

## MOTION FOR JUDGMENT ON THE PLEADINGS

61512, 2012 WL 4846524, at *1 (Nev. Oct. 9, 2012)("A signed agreement arising within the FMP … waives claims of noncompliance with NRS § 107.086 and the FMR."); *Pascua v. Bank of Am., N.A.*, No. 60022, 2013 WL 214382, at *1 (Nev. Jan. 17, 2013) (affirming dismissal of claims alleging that respondents failed to comply with the document production requirements of NRS § 107.086(4), that respondents lacked authority to participate in the FMP, and mediation agreement was signed the agreement by mistake because borrower had waived these claims by signing mediation agreement); *Gray v. Wells Fargo Home Mortg., Inc.*, No. 62408, 2014 WL 504605, at *1 (Nev. Jan. 21, 2014) (affirming dismissal of collateral attack against Wells Fargo where parties entered into a mediation agreement).

## IV.   FANNIE MAE SHOULD BE DISMISSED FOR THE INDEPENDENT REASON THAT IT HAS NO OBLIGATION UNDER NRS § 107.080(7).

Plaintiff claims that Fannie Mae violated NRS § 107.080(2)(c)(1) "by executing and/or causing to be filed a Notice of Default, including a Notarized Affidavit which falsely represented that Green Tree was the current holder of the note and/or the current beneficiary of record." SAC ¶ 89. As argued above, the Affidavit contains no false statement of fact and therefore Plaintiff cannot maintain a claim against Green Tree or Fannie Mae. Additionally, Plaintiff does not, and cannot, dispute that Green Tree, not Fannie Mae, executed the Affidavit at issue. NRS 107.080 imposes no duties upon a loan's investor, nor does it require disclosure of any investor.

Thus, Plaintiff's only claim against Fannie Mae is that Fannie Mae caused Green Tree to file a "false" Affidavit. However, there are no facts alleged in the Complaint to support any theory of liability that would impute liability to Fannie Mae, such as civil conspiracy or aiding-and-abetting, for violation of the NRS § 107.080(7). *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 786 (affirming dismissal of a claim for aiding-and-abetting a wrongful foreclosure action which first depends on the existence of an underlying tort), *aff'd, in part & reversed in part on other grounds*, 578 F. App'x 706 (9th Cir. 2014).

There is no basis in Nevada law to support a theory of liability against Fannie Mae under NRS § 107.080(7). First, aiding and abetting liability and a civil conspiracy liability have never been applied NRS § 107.080. Additionally, Fannie Mae cannot conspire or aid and abet with its

---

17

servicer and agent, Green Tree, under Nevada law.  *See Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*, No. 3:09–CV–00422–PMP–RAM, 2010 WL 4121886, at *9 (D. Nev. Oct. 15, 2010) (dismissing a civil conspiracy claim).  For all of these reasons, Plaintiff has no viable claim against Fannie Mae.

### CONCLUSION

Green Tree Servicing LLC and Federal National Mortgage Association respectfully request that the Court dismiss Counts I and III against Green Tree Servicing, LLC and Federal National Mortgage Association, respectively.

DATED:  November 6, 2015                    GREENBERG TRAURIG, LLP


                                    By:    /s/ Mark E. Ferrario
                                           MARK E. FERRARIO
                                           Nevada Bar No. 1625
                                           JACOB D. BUNDICK (Bar No. 9772)
                                           bundickj@gtlaw.com
                                           JENNIFER GRAY
                                           grayjen@gtlaw.com
                                           3773 Howard Hughes Parkway, Suite 400 North
                                           Las Vegas, Nevada  89169
                                           *Counsel for Defendants Green Tree Servicing, LLC and Fannie Mae*

18

MOTION FOR JUDGMENT ON THE PLEADINGS

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of November, 2015, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system.  Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

*/s/ Sandy Jackson*

an employee of Greenberg Traurig, LLP

MOTION FOR JUDGMENT ON THE PLEADINGS

LA 132362521v2