DENNIS L. KENNEDY
Nevada Bar No. 1462
JOSHUA M. DICKEY
Nevada Bar No. 6621
PAUL C. WILLIAMS
Nevada Bar No. 12524
AMANDA L. STEVENS
Nevada Bar No. 13966
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone:  702.562.8820
Facsimile:  702.562.8821
DKennedy@BaileyKennedy.com
JDickey@BaileyKennedy.com
PWilliams@BaileyKennedy.com
AStevens@BaileyKennedy.com

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CRYSTAL TORNO (a.k.a. CRYSTAL A. THOMAS-BOLDUC), an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GREEN TREE SERVICING, LLC; NATIONAL DEFAULT SERVICING CORPORATION; and PREMIER AMERICAN TITLE AGENCY, INC., FANNIE MAE; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  2:15-cv-01018-APG-PAL<br><br>**PLAINTIFF'S RESPONSE TO:**<br><br>**(1) DEFENDANTS GREEN TREE SERVICING, LLC AND FANNIE MAE'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 21];**<br><br>**(2) DEFENDANTS GREEN TREE SERVICING, LLC AND FANNIE MAE'S REQUEST FOR JUDICIAL NOTICE [ECF NO. 23]; AND**<br><br>**(3) DEFENDANT NATIONAL DEFAULT SERVICING CORPORATION'S JOINDER [ECF NO. 25].** |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.      INTRODUCTION

NRS 107.080(2)(c) provides that a trustee may not exercise his or her power of sale pursuant to a deed of trust until a notice of default is recorded and served upon a homeowner.  In 2011, amidst the foreclosure crisis, the Nevada legislature mandated that the notice of default contain a notarized affidavit of authority, sworn under penalty of perjury, identifying certain categories of information, including: (i) the beneficiary of the deed of trust; and (ii) the holder of the promissory note secured

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1   by the deed of trust.  The affidavit of authority requirement serves two primary purposes.  First, the

2   affidavit of authority ensures—via a statement under penalty of perjury—that the party seeking

3   foreclosure has actual authority to do so.  Second, the affidavit of authority ensures that the

4   homeowner knows the actual party (or parties) that he or she may negotiate with in order to modify

5   his or her loan.  If the affidavit of authority contains false information, NRS 107.080(7) provides that

6   the homeowner is entitled to statutory damages or treble the amount of his or her actual damages

7   (whichever is higher).

8        Here, defendant Ditech Financial LLC (f/k/a Green Tree Servicing, LLC) ("Green Tree")

9   executed an affidavit of authority—attached to a notice of default relating to Plaintiff Crystal

10   Torno's ("Ms. Torno") home—that falsely identified Green Tree as the beneficiary of Ms. Torno's

11   deed of trust and the holder of the note secured by the deed of trust.  Ms. Torno, believing Green

12   Tree to be the beneficiary and the holder, negotiated an agreement with Green Tree to short-sale her

13   home.  When Ms. Torno performed her end of the bargain, Green Tree confessed that defendant

14   Federal National Mortgage Association ("Fannie Mae") was the actual beneficiary and/or holder and

15   had vetoed the agreement made by Ms. Torno and Green Tree.

16        Defendants,[1] in the Motion for Judgment on the Pleadings, contend that the pleadings and

17   recorded documents establish that Green Tree was the beneficiary of Ms. Torno's deed of trust and

18   the holder of her note.  The Defendants' arguments fail.  Ms. Torno alleges specific details and facts

19   which demonstrate that her claims are plausible and which enable the Court to draw the reasonable

20   inference that Green Tree was not the beneficiary and/or holder and that the Defendants are liable

21   pursuant to NRS 107.080(7).   In sum, the very situation NRS 107.080 was enacted to prohibit and

22   punish occurred here.

23        To reach this result, the Court need not look beyond Green Tree's assignment of Ms. Torno's

24   deed of trust to Fannie Mae—which was executed ***prior*** to the recording of the notice of default and

25   affidavit of authority which (falsely) identified Green Tree as the beneficiary.  Defendants attempt to

26

27   [1]       Green Tree, Fannie Mae, and National Default Servicing Corporation ("National Default")

28   are collectively referred to as the "Defendants."

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1   hide this critical issue in a footnote, contending that the unrecorded assignment was ineffectual until

2   it was recorded.  This position is simply wrong.  This Court has held—under Nevada law—that an

3   assignment of a deed of trust is *effective upon signature*, and that recording is not necessary to

4   effectuate the assignment.[2]  Thus, as a matter of law, Green Tree was not the beneficiary when the

5   notice of default was recorded and the identification of Green Tree as the beneficiary in the affidavit

6   of authority violated NRS 107.080(2)(c)(1).

7       Moreover, the Defendants' reliance on Fannie Mae's Servicing Guide and Fannie Mae's May

8   23, 2008 Announcement as establishing a contractual relationship between Green Tree and Fannie

9   Mae is misplaced.  The Defendants have not presented any evidence—i.e. a declaration or other

10  proof—establishing that the Servicing Guide and Announcement apply in this particular matter.  In

11  fact, the Servicing Guide is dated November 12, 2014, meaning it would not have applied in this

12  matter, since it did not exist at the relevant time frames.  Regardless, the Court may not take judicial

13  notice of either the Servicing Guide or the May 23 Announcement because their application is in

14  dispute in this litigation.  Accordingly, if the Court relies upon the Servicing Guide or the May 23

15  Announcement, the Motion for Judgment on the Pleadings should be converted into a Motion for

16  Summary Judgment and Ms. Torno should be afforded relief under Rule 56(d).

17      Further, Defendants' argument that Ms. Torno lacks standing to pursue claims under NRS

18  107.080(7) because a trustee's sale has occurred is wrong as well.[3]  NRS 107.080(7) expressly states

19  that "the grantor or the person who holds title of record" may seek relief.  Here Ms. Torno is the

20  grantor of the deed of trust.  Additionally, NRS 107.080(7) expressly states that it "is in addition to

21  the remedy provided in subsection 5," which pertains to relief from trustee's sales.  This

22  demonstrates that the Nevada legislature contemplated that "the grantor or the person who holds title

23  of record" could pursue relief under NRS 107.080(7) even after a trustee's sale occurs.

24

25  [2]    *1597 Ashfield Valley Trust v. Fed. Nat. Mortgage Ass'n Sys.*, No. 2:14-CV-2123 JCM, 2015

26  WL 4581220, at *8 (D. Nev. July 28, 2015).

27  [3]    Moreover, Ms. Torno is challenging that trustee's sale in another matter pending in the
    Eighth Judicial District Court of the State of Nevada.

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    Finally, Fannie Mae's contention that it cannot be held liable because it had no obligations

2 under NRS 107.080 fails.  NRS 107.080(7) provides that Fannie Mae, as the beneficiary of the deed

3 of trust when the notice of default was recorded, is liable for a failure to comply with NRS

4 107.080(2)(c).  Moreover, Green Tree was acting as Fannie Mae's agent when it executed the

5 affidavit at issue and caused the notice of default to be recorded—making Fannie Mae (the principal)

6 liable for the torts of Green Tree (its agent) under general principles of agency.

7    In sum, the Court should deny Defendants' Motion for Judgment on the Pleadings as Ms.

8 Torno has stated plausible claims for relief under NRS 107.080(7).

9                                           **II.    FACTS**

10   **A.    The Parties.**

11   Ms. Torno is a resident and citizen of Clark County, Nevada.  (ECF No. 23-15, Second Am.

12 Compl. ["SAC"] ¶ 1.)  Green Tree is a Delaware limited liability company with its principal place of

13 business in St. Paul, Minnesota.  (*Id.* ¶¶ 2-4.)  National Default is an Arizona corporation, with its

14 principal place of business located in Phoenix, Arizona.  (*Id.* ¶¶ 5-7.)  Fannie Mae is a government

15 sponsored entity (GSE) that does business in the State of Nevada, with its principal place of business

16 located in Washington, D.C.  (*Id.* ¶¶ 8-9.)

17   **B.    Ms. Torno Purchases the Home.**

18   In 2005, Ms. Torno purchased the property at issue, which is located at 1365 Torington

19 Drive, Las Vegas, Nevada 89108 (the "Home"), as her primary residence.  (*Id.* ¶ 12.)  Ms. Torno

20 financed her purchase of the Home by a loan, evidenced by a promissory note (the "Note") and

21 secured by a deed of trust (the "Deed of Trust") (jointly, the "Loan") through Republic Mortgage,

22 LLC.  (*Id.* ¶ 13.)  Sometime thereafter, Green Tree became the servicer of the Loan.  (*Id.* ¶ 14.)

23   On or about July 11, 2012, Mortgage Electronic Registration Systems, Inc. executed a

24 Corporate Assignment of Deed of Trust, purportedly assigning the Deed of Trust to Green Tree (the

25 "2012 Assignment").  (*Id.* ¶ 18; ECF No. 23-3, Corporate Assignment of Deed of Trust.)

26 / / /

27 / / /

28 / / /

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

**C.**     **Green Tree Assigns the Deed of Trust to Fannie Mae.**

On or about January 8, 2013, Green Tree executed a Corporate Assignment of Deed of Trust, assigning the Deed of Trust to Fannie Mae (the "Fannie Mae Assignment").  (ECF No. 23-7, Corporation Assignment of Deed of Trust ["Fannie Mae Assignment"].)

**D.**     **The Notice of Default.**

On January 22, 2013, National Default filed a Notice of Default and Election to Sell (the "Notice of Default").  (*See generally* ECF No. 23-2, Notice of Default.)  Pursuant to the requirements of NRS 107.080(2), attached to the Notice of Default was an Affidavit of Authority in Support of Notice of Default and Election to Sell executed by Ruth Hernandez, Assistant Vice President of Green Tree (the "Hernandez Affidavit").  (*Id.* at 3-6.)[4]  The Hernandez Affidavit misrepresented that Green Tree was the holder of the Note and beneficiary of the Deed of Trust.  (*Id.* at 3-4.)  The Hernandez Affidavit also failed to identify Fannie Mae as a "known prior beneficiar[y] (whether of record or not) . . . ."  (*Id.* at 4.)

**E.**     **Ms. Torno and Green Tree Attend Mediation.**

Ms. Torno applied to the Nevada Foreclosure Mediation Program (the "FMP") pursuant to NRS 107.086.  (ECF No. 23-15, SAC ¶ 26.)  On May 24, 2013, a mediation was conducted pursuant to the FMP (the "Mediation").  (*Id.* ¶ 27.)  Ms. Torno and a representative of Green Tree were physically present at the Mediation.  (*Id.* ¶ 28.)  Green Tree continued to represent itself as the beneficiary and as the holder of the Note.  (*Id.* ¶ 30.)  Fannie Mae did not have a representative present at the Mediation.  (*Id.* ¶ 31.)

At the Mediation, Ms. Torno and Green Tree entered into a Mediation Statement and Agreement (the "Agreement").  (*Id.* ¶ 31; ECF No. 23-11, Complaint, Sept. 23, 2013 ["Initial Compl."], at 19-28.)  Pursuant to the Agreement, in consideration for Ms. Torno listing the Home and obtaining an offer of at least one hundred thousand dollars ($100,000), Green Tree agreed to

---

[4]     Citations to page numbers for documents filed on the Court's Case Management/Electronic Case Files system ("ECF") are citations to the page numbers assigned by the ECF system (i.e. the page numbers in the upper-right hand corner of the filed document).

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

short-sale the home and waive any potential deficiency that Ms. Torno might face.  (ECF No. 23-15, SAC, ¶ 33; ECF No. 23-11, Initial Compl., at 24.)

**F.      Ms. Torno Performs her End of the Bargain; Green Tree Confesses that it is Not the Actual Beneficiary of the Loan.**

Pursuant to the Agreement, Ms. Torno obtained a bona fide offer of one hundred thousand dollars ($100,000) on the Home.  (ECF No. 23-15, SAC, ¶ 34.)  Ms. Torno submitted the offer to Green Tree.  (*Id.* ¶ 35.)  In response to the submission of the offer, Green Tree finally confessed to Ms. Torno that an investor (Fannie Mae) was the ***actual beneficiary***.  (*Id.* ¶ 36.)  Further, Green Tree notified Ms. Torno that the investor (Fannie Mae) would neither comply with the Agreement nor accept the $100,000 offer.  (*Id.* ¶ 37.)

**G.      Green Tree and Fannie Mae Admit that Fannie Mae is the Beneficiary.**

On January 9, 2014, Fannie Mae and Green Tree filed a Joint Answer to the First Amended Complaint (the "Joint Answer").  (Exhibit 1, Joint Answer, Jan. 9, 2014.)  In the Joint Answer, Fannie Mae admitted as follows: "Fannie Mae admits that ***it is the beneficiary*** of a Note and Deed of Trust securing the [Home]."  (*Id.* ¶ 11 (emphasis added).)  At the time Fannie Mae and Green Tree filed their Joint Answer, the Fannie Mae Assignment had not been recorded.

**H.      Fannie Mae (not Green Tree) Successfully Credit Bids at the Trustee's Sale on January 28, 2014; Fannie Mae (not Green Tree) is Identified as the Beneficiary of the Torno Deed of Trust.**

A public auction of the Home was conducted by National Default on January 28, 2014 (the "Trustee's Sale").  (ECF No. 23-8, Trustee's Deed Upon Sale, at 2.)  National Default recorded a Trustee's Deed Upon Sale (the "Trustee's Deed"), which identified ***Fannie Mae as the beneficiary***.  (*Id.* at 1 ("The Grantee herein [Fannie Mae] WAS the Beneficiary.") (emphasis in original).)  Fannie Mae made a credit bid of $174,877.62, which was the highest bid.  (*Id.* at 2.)  At the time of the Trustee's Sale, ***the Fannie Mae Assignment had not been recorded***.  (*Compare id.* (stating trustee's sale occurred on ***January 28***, 2014) *with* ECF No. 23-7, Fannie Mae Assignment (recorded on ***February 5***, 2014).)

**I.**   **The Fannie Mae Assignment is Recorded on February 5, 2014.**

Fannie Mae recorded the Fannie Mae Assignment on February 5, 2014.  Thus, *prior to* recording the Fannie Mae Assignment: (1) Fannie Mae and Green Tree admitted that Fannie Mae was the beneficiary in their Joint Answer; and (2) Fannie Mae made a credit bid—as the beneficiary—at the Trustee's Sale.  (Exhibit 1, Joint Answer ¶ 11; ECF No. 23-8, Trustee's Deed Upon Sale, at 2.)

**J.**   **Ms. Torno Obtains a Preliminary Injunction Against Fannie Mae.**

On March 13, 2014, Ms. Torno received a Three Day Notice to Vacate (the "Notice to Vacate").  (*See* ECF No. 23-16, Complaint, Case No. A-14-697704-C; *see also* ECF No. 23-25, Plaintiff Crystal Torno's Motion for: (1) Temporary Restraining Order; and (2) Preliminary Injunction; Case No. A-14-697704-C, March 20, 2014, at 29.)[5]  The Notice to Vacate stated that Fannie Mae had become the owner of the Home at the Trustee's Sale.  (*Id.*)

As required under NRS 107.080(5)(b), Ms. Torno filed a separate action to rescind the Trustee's Sale (the "NDSC Matter") and moved for a preliminary injunction prohibiting Fannie Mae from evicting Ms. Torno from the Home.  (*See* ECF No. 23-16, Complaint, Case No. A-14-697704-C; *see also* ECF No. 23-25, Plaintiff Crystal Torno's Motion for: (1) Temporary Restraining Order; and (2) Preliminary Injunction; Case No. A-14-697704-C, March 20, 2014, at 19-37.)

On April 16, 2014, the Nevada State Court entered a Preliminary Injunction against Fannie Mae and made detailed findings, including: "Ms. Torno has a reasonable probability of success on her claims against Fannie Mae for Injunctive Relief . . . based upon Fannie Mae's and National Default's *alleged failures to substantially comply with NRS 107.080(2)(c)(1)* . . . ."  (*See* ECF No. 23-21, Order Granting Plaintiff Crystal Torno's Motion for Preliminary Injunction, filed on April 16, 2014, Case No. A-14-697704-C, at 2:12-15 (emphasis added).)

---

[5]      On June 6, 2014, this Court consolidated Case No. A-14-697704-C and this matter.  (*See* Order Granting Mot. to Consolidate Related Cases, filed on June 9, 2014.)

BAILEY✣KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

## III.     ARGUMENT

**A.     Standard of Decision.**

### *1.     Standard of Decision for a Motion for Judgment on the Pleadings.*

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed under the same framework as a motion to dismiss under Rule 12(b)(6). *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Thus, a complaint need only "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011). "In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff." *Grasso v. Galanter*, 2:12-CV-00738-GMN, 2013 WL 5537289 at *1 (D. Nev. Oct. 4, 2013) (citing *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986)).

**B.     The Second Amended Complaint Pleads Facts Demonstrating that the Notice of Default Falsely Identified Green Tree as the Beneficiary and/or Holder of the Note, and the Second Amended Complaint therefore States a Plausible Claim for Relief that Defendants Violated NRS 107.080.**

NRS 107.080(2)(c) requires that a beneficiary or trustee "cause[] to be recorded" a notice of default and election to sell which must include "a notarized affidavit of authority to exercise the power of sale" (the "NOD Affidavit"). The NOD Affidavit must state, under the penalty of perjury, certain information, including: "The full name and business address of . . . the current holder of the note [and] the current beneficiary of record . . . ." NRS 107.080(c)(1) (emphasis added).

A primary purpose of requiring the NOD Affidavit to identify the holder of the note and the beneficiary of record is to ***ensure that homeowners negotiate and mediate with the actual beneficiary***. *Cf. Leyva v. Nat'l Default Servicing Corp.*, 255 P.3d 1275, 1279 (Nev. 2011) (noting that the legislative intent of NRS 107.086(4) "is to ensure that whoever is foreclosing '***actually owns***

*the note' and has authority to modify the loan*.") (emphasis added) (quoting Hearing on A.B. 149 Before the Joint Comm. on Commerce and Labor, 75th Leg. (Nev., Feb. 11, 2009) (testimony of Assemblywoman Barbara Buckley)); *Einhorn v. BAC Home Loans Servicing, LP*, 290 P.3d 249, 254 (Nev. 2012) ("In NRS 107.086(4), the Legislature directed that certified copies of the note, deed of trust, and all assignments be present at the mediation to ensure that the party seeking to foreclose is the person entitled to enforce the note and to proceed with foreclosure and hence the party authorized to negotiate a modification of either or both.") (emphasis added).

NRS 106.210(1)—which is expressly incorporated into NRS 107.080—provides that all assignments of a deed of trust must be recorded and that "[i]f the beneficial interest under a deed of trust *has been assigned*, the trustee under the deed of trust may not exercise the power of sale pursuant to NRS 107.080 unless and until the assignment is recorded pursuant to this subsection." (emphasis added).  As explained by the Nevada Supreme Court, NRS 106.210(1) serves an important purpose: "[I]t is prudent to have *the recorded beneficiary be the actual beneficiary* and *not just a shell* for the 'true' beneficiary. . . .  To permit an entity that is not really the beneficiary to record itself as the beneficiary would defeat the purpose of the recording statute and encourage a lack of transparency."  *See Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 259 (Nev. 2012) (emphasis added).

> ### 1. The Notice of Default Falsely Identifies Green Tree as the Beneficiary of the Deed of Trust When, in Fact, Fannie Mae was the Actual Beneficiary of the Deed of Trust when the Notice of Default was Filed.

The Defendants contend that the "mere execution" of the Fannie Mae Assignment "did not effect a transfer of the Deed of Trust to Fannie Mae" because, under NRS 106.210, the Fannie Mae Assignment was not "valid" until it was recorded.  (ECF No. 21, Motion for Judgment on the Pleadings, at 18:23-28.)  The Defendants are wrong.

An assignment of a deed of trust is effective upon execution.  *See 1597 Ashfield Valley Trust v. Fed. Nat. Mortgage Ass'n Sys.*, No. 2:14-CV-2123 JCM, 2015 WL 4581220, at *8 (D. Nev. July 28, 2015) ("First Horizon assigned the deed of trust to Fannie Mae on July 17, 2012.  *Upon signature*, First Horizon transferred rights as beneficiary of the deed of trust to Fannie Mae.") (emphasis added) (citation omitted); *accord Luker v. Arnold*, 843 S.W.2d 108, 120 (Tex. App. 1992)

1  (holding assignment is effective the date it is executed and rejecting argument that delivery of

2  assignment was required), *overruled on other grounds by Parkway Co. v. Woodruff,* 901 S.W.2d

3  434, (Tex.1995).  Moreover, an assignment of a deed of trust need not be recorded to effectuate the

4  assignment.  NRS 111.315 (providing that an assignment is "valid and binding between the parties

5  thereto without such record."); Restatement (Third) of Property (Mortgages) § 5.4 cmt. b (1997)

6  ("Recordation of a mortgage assignment is not necessary to the effective transfer of the obligation or

7  the mortgage securing it."); *Shoney's, Inc. v. Winthan Props.,* No. 01AP–145, 2001 WL 1586534 at

8  *6 (Ohio Ct. App. Dec. 13, 2001) (noting the only purpose of recording assignments "is to provide

9  notice to bona fide subsequent purchasers . . . ."); *accord Edelstein*, 286 P.3d at 259 ("In Nevada, the

10  purpose of recording a beneficial interest under a deed of trust is to provide constructive notice . . . to

11  all persons.") (internal quotation marks omitted).

12        As explained above, NRS 106.210(1)—which is expressly incorporated into NRS 107.080—

13  provides that all assignments of a deed of trust must be recorded and that "[i]f the beneficial interest

14  under a deed of trust ***has been assigned***, the trustee under the deed of trust may not exercise the

15  power of sale pursuant to NRS 107.080 unless and until the assignment is recorded pursuant to this

16  subsection."  (emphasis added).  Thus, NRS 106.210(1) expressly recognizes that an assignment of a

17  deed of trust may be effectuated prior to recording even though the assignment must be recorded

18  before a trustee may exercise a power of sale.  *See* Restatement (Third) of Property (Mortgages) §

19  5.4 cmt. b (1997) (noting that an assignment of a mortgage may be *effective* and, at the same time,

20  *unenforceable* due to a failure to record the assignment); *accord* NRS 111.315 (providing that an

21  assignment is "valid and binding between the parties" without recording).[6]  Thus, as this Court has

22  recognized, an assignment of a deed of trust is effective upon execution.  *See 1597 Ashfield Valley*

23  *Trust*, No. 2:14-CV-2123 JCM, 2015 WL 4581220, at *8.

24

25

---

26  [6]    As detailed in Plaintiff's Response to Defendant Fannie Mae's Motion to Dissolve

Injunction, National Default and Fannie Mae failed to record the Fannie Mae Assignment prior to

27  exercising the power of sale, making the trustee's sale void as a matter of law under NRS

106.210(1).

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    For example, in *1597 Ashfield Valley Trust*, this Court held that First Horizon Home Loan

2    Corporation ("First Horizon")—a mortgage servicer, like Green Tree—had effectuated an

3    assignment of a homeowner's deed of trust to **Fannie Mae** upon executing the assignment. *Id.* at *8.

4    Specifically, this Court rejected the contention that the assignment had to be recorded in order to be

5    valid:

> "[A]ny assignment of the beneficial interest under a deed of trust must be
> recorded." NRS 106.210. Although recording is now required by statute, it is not
> a necessary prerequisite to a valid assignment. *See* NRS 111.315 ("[The
> assignment] shall be valid and binding between the parties thereto without such
> record."). The purpose of recording is to "operate as notice to third persons."
>
> First Horizon assigned the deed of trust to Fannie Mae on July 17, 2012. ***Upon
> signature, First Horizon transferred rights as beneficiary of the deed of trust to
> Fannie Mae***.  Therefore, on July 17, 2012, Fannie Mae held an interest in the
> subject property.

12   *Id.* (alterations in original) (emphasis added) (citations omitted); *accord* Restatement (Third) of

13   Property (Mortgages) § 5.4 cmt. b (1997) (noting that assignment of mortgage may be *effective* and,

14   at the same time, *unenforceable* due to a failure to record the assignment).[7]

15   Here, the Fannie Mae Assignment was effective on January 8, 2013, when Green Tree

16   executed it. *See id.* Thus, after January 8, 2013, Fannie Mae—not Green Tree—was the beneficiary

17   of the Deed of Trust. *See id.* Consequently, the Notice of Default, which was filed on January 22,

18   2013 and which identified Green Tree as the beneficiary of the Deed of Trust, was false and

19   violated NRS 107.080(2)(c)(1).

20   In essence, the Defendants' contention is that "beneficiary of record" means "last recorded

21   beneficiary" and need not be an *actual* beneficiary. However, the Nevada Supreme Court has

22   rejected this very reasoning and held that to "permit an entity that is not really the beneficiary to

23   record itself as the beneficiary would defeat the purpose of the recording statute and encourage a

24   lack of transparency." *See Edelstein*, 286 P.3d at 259. Instead, as provided for by NRS 106.210 and

25   NRS 107.080, "it is prudent to have **the recorded beneficiary be the __actual beneficiary__ and *not just**

---

[7]   The Nevada Supreme Court has adopted the Restatement (Third) of Property (Mortgages) §
5.4. *Edelstein*, 128 Nev. Adv. Op. 48, 286 P.3d at 257-260.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

*a shell* for the 'true' beneficiary." *See id.* (emphasis added).  The Defendants' contention is nothing more than an inappropriate effort to avoid their obligations under NRS 107.080.  Courts have rejected similar efforts:

> The defendants argue that, since Fannie Mae assigned the mortgage to Wells Fargo, it was not a mortgagee but a "third-party purchaser" and therefore had no duty to the plaintiff mortgagor.  ***Their implicit but unsupported assumption is that the Alabama rules discussed above hinge on labels rather than practical realities***.  The practical reality here is that Fannie Mae, by its own admission, has been "at all times the owner of the mortgage note," and thus the actual and intended beneficiary of the mortgage and underlying debt.  The mortgage was not assigned to Wells Fargo in order to impart these benefits to Wells Fargo but so that Wells Fargo, for a fee, could foreclose for the benefit of Fannie Mae.  Whether Fannie Mae employed this roundabout procedure in an effort to evade its duties under Alabama law is immaterial; what matters is that the defendants have failed to show that the Alabama Supreme Court would permit a mortgagee to shed its duties towards the mortgagor by the simple expedient of assigning its mortgage to another for the limited purpose of foreclosing, while retaining for itself all the accruing benefits. The very fact that the mortgagee's duties are those of a "trustee" reflects a substantial judicial solicitude for the mortgagor's position, making it even less likely the state courts would approve of avoiding those duties so easily.

*Williams v. Wells Fargo Home Mortgage, Inc.*, No. CIV.A. 15-0164-WS-N, 2015 WL 4602949, at *3 (S.D. Ala. July 30, 2015) (emphasis added) (footnotes omitted) (citations omitted).

Because Green Tree assigned the Torno Deed of Trust to Fannie Mae prior to recording the Torno Notice of Default, the Defendants failed to comply with NRS 107.080(2)(c).

**2.**      ***Fannie Mae's Submission of a Credit Bid at the Trustee's Sale as the Beneficiary of the Deed of Trust Demonstrates that Fannie Mae – Not Green Tree – was the Beneficiary of the Deed of Trust at the Time the Notice of Default Issued.***

Fannie Mae made a credit bid—as the beneficiary of the Deed of Trust—at the Trustee's Sale held ***on January 28, 2014***.  (ECF No. 23-8, Trustee's Deed Upon Sale, at 2.)  At the same time, the Defendants contend that Fannie Mae did not become the beneficiary until the Fannie Mae Assignment was recorded ***on February 5, 2014***.  If so, Fannie Mae could not have made a credit bid at a Trustee's Sale, because one who makes a credit bid has to be the beneficiary of the deed of trust and the holder of the note in order to do so.  Indeed, the Trustee's Deed Upon Sale identifies Fannie Mae as the beneficiary—not Green Tree.  (*Id*. at 1. ("The Grantee herein [Federal National Mortgage Association] WAS the Beneficiary.").)

By definition, Fannie Mae was the beneficiary of the Deed of Trust and the holder of the Note prior to the trustee's sale and the recordation of the Fannie Mae Assignment. Accordingly, the Defendants' position that the assignment was not effective until recordation is untenable and disingenuous.

### 3. *Fannie Mae (not Green Tree) Rejected the Short-Sale Offer Submitted by Ms. Torno Demonstrating that Fannie Mae was the Beneficiary.*

Pursuant to the Agreement made by Ms. Torno and Green Tree at the Mediation, in consideration for Ms. Torno listing the Home and obtaining an offer of at least one hundred thousand dollars ($100,000), Green Tree agreed to short-sale the home and waive any potential deficiency that Ms. Torno might face. (ECF No. 23-15, SAC, ¶ 33.) Pursuant to the Agreement, Ms. Torno obtained a bona fide offer of one hundred thousand dollars ($100,000) on the Home and submitted the offer to Green Tree. (*See id.* ¶¶ 34-35.) Fannie Mae—not Green Tree—rejected the offer. (*Id.* ¶¶ 36-37.)

If Green Tree were the actual beneficiary and the holder of the Note, Fannie Mae could not have vetoed the Agreement. Instead, Fannie Mae's veto demonstrates that it was the actual beneficiary and holder of the Note, not Green Tree. Notably, the affidavit of authority requirement in NRS 107.080(2)(c) was created, in part, to prevent such deceitful behavior and to enable homeowners to know whom to negotiate with.

### 4. *The Defendants Admitted that Fannie Mae was the Beneficiary Prior to the Recordation of the Fannie Mae Assignment.*

In their Joint Answer to the First Amended Complaint, the Defendants admitted that Fannie Mae was the beneficiary of the Deed of Trust and the holder of the Note. (Exhibit 1, Joint Answer ¶ 11.) Specifically, the Defendants stated, "Answering Paragraphs 25, 26, 43, and 44 of the Complaint, Fannie Mae admits it is the beneficiary of a Note and Deed of Trust securing the Property . . . ." (*Id.*) The Defendants' Answer was filed ***prior*** to the trustee's sale and the recordation of the Fannie Mae Assignment. Thus, the notion that Fannie Mae was not the beneficiary until the Fannie Mae Assignment was recorded is false—by Fannie Mae's own admission.

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

**5.     The 2012 Assignment did not Make Green Tree the Holder of the Torno Note.**

Defendants contend that the 2012 Assignment "transferred" the Torno Note to Green Tree and made Green Tree the holder of the Torno Note.  (ECF No. 21, Motion for Judgment on the Pleadings, at 19.)  However, the Nevada Supreme Court had held:  "Although we conclude that MERS is the proper beneficiary pursuant to the deed of trust, ***that designation does not make MERS the holder of the note***."  286 P.3d at 259 (emphasis added).  Instead, a "holder" must have actual (i.e. physical) possession of the note.  *Id.* at 261-62; *accord* NRS 104.1201(2)(u)(1) ("'Holder' means . . . [t]he person ***in possession*** of a negotiable instrument . . . .") (emphasis added).

**6.     Fannie Mae States that it Purchased the Loan.**

Fannie Mae operates a website entitled "KnowYourOptions" which provides information regarding the Home Affordable Refinance Program ("HARP").  (Exhibit 1, Joint Answer ¶ 12.)  The website may be used to determine whether Fannie Mae owns a loan.  (*Id.*)  On the website, Fannie Mae represented it owned Ms. Torno's Loan.  (*See* ECF No. 23-24, at 27, Fannie Mae Loan Lookup.)

The Defendants argue that Fannie Mae did not necessarily become the beneficiary or note holder by virtue of being the "investor" of the Loan.  (ECF No. 21, Motion for Judgment on the Pleadings, at 9:19-21.)  However, Ms. Torno does not contend that Fannie Mae became the beneficiary or holder by becoming the "investor."  Instead, based on Fannie Mae's representation that it became the "owner" of the Loan, it is *reasonable to infer* that Fannie Mae became the beneficiary of the Deed of Trust and/or the holder of the Note.  (ECF No. 23-15, SAC ¶¶ 36-39.)

In sum, the Second Amended Complaint states plausible claims for relief.  Ms. Torno alleges specific facts demonstrating that her claims have facial plausibility, which enables the Court to draw the reasonable inference that the Defendants are liable pursuant to NRS 107.080(7).  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**C.     This Court may not Take Judicial Notice of Fannie Mae's Servicing Guide or Announcements as Forming a Contract Because their Applicability is in Dispute and Cannot be Resolved Without Extrinsic Evidence.**

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1   (citation omitted) (internal quotation marks).  Federal Rule of Civil Procedure 12(d) requires that

2   "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not

3   excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56."

4   (emphasis added).  The only extrinsic evidence that can be considered without converting a motion

5   to dismiss to a motion for summary judgment is: (1) documents—with unquestioned authenticity—

6   that are "necessarily relie[d]" upon by a plaintiff's complaint and (2) "matters of public record" of

7   which the court takes judicial notice.  *See Lee*, 250 F.3d at 688-89.  "Otherwise, if the district court

8   considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

9   summary judgment."  *See Grasso v. Galanter*, No. 2:12-CV-00738-GMN, 2013 WL 5537289, at *2

10  (D. Nev. Oct. 4, 2013) (citing *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th

11  Cir. 2001)); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19

12  (9th Cir. 1990); *see also Bingue v. Prunchak,* 512 F.3d 1169, 1172 n.4 (9th Cir. 2008).

13          Here, Defendants attempt to rely on the contents of Fannie Mae's Servicing Guide (the

14  "Servicing Guide") and Fannie Mae's May 23, 2008 Announcement (the "May 23 Announcement")

15  as establishing a contract between Green Tree and Fannie Mae.  However, there is no evidence that

16  either the Servicing Guide or the May 23 Announcement apply to this matter.  In other words, the

17  Defendants have not presented anything—e.g. a declaration or other admissible evidence—that a

18  Servicing Guide or the May 23 Announcement applied in this particular matter.  The Servicing

19  Guide itself is dated November 12, 2014, meaning it could not have applied at any relevant time in

20  this matter because it did not exist. (ECF No. 23-19, Servicing Guide, at 1.)

21          Moreover, neither the Servicing Guide nor the May 23 Announcement establish who had

22  possession of the Note.  It is unclear, whether Green Tree, Fannie Mae, a third-party "custodian," or

23  another third party had possession of the Note.  NRS 104.1201(2)(u)(1) ("'Holder' means . . . [t]he

24  person in possession of a negotiable instrument'"); *Edelstein*, 286 P.3d at 261-62.

25          Regardless, the Court may not take judicial notice of either the Servicing Guide or the May

26  23 Announcement because both their authenticity and application are in dispute in this litigation.  As

27  explained in a case relied on by the Defendants, where there "is a dispute of fact as to whether the

28  Servicing Guide conflicts with Plaintiff's claim," the Court "cannot resolve that dispute" on the

1  pleadings.  *See Cirino v. Bank of Am., N.A.*, No. CV 13-8829 PSG MRWX, 2014 WL 9894432, at *7

2  (C.D. Cal. Oct. 1, 2014).[8]

3          Accordingly, if the Court considers the Servicing Guide or May 23 Announcement, the

4  Motion for Judgment on the Pleadings should be converted into a Motion for Summary Judgment.

5  *See Grasso*, 2013 WL 5537289 at *2; *see also Hal Roach Studios, Inc.*, 896 F.2d at 1555 n.19.

6                ***1.***     ***Standard of Decision for Motions for Summary Judgment.***

7          Federal Rule of Civil Procedure 56(a) provides for summary judgment on a claim when

8  "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter

9  of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

10  The moving party bears the initial burden of showing the absence of a genuine issue as to any

11  material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  All justifiable inferences must be

12  viewed in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith*

13  *Radio Corp.*, 475 U.S. 574, 587 (1986).  Summary judgment shall not be granted if a reasonable jury

14  could return a verdict for the nonmoving party.  *See Anderson*, 477 U.S. at 248.

15          "If a moving party fails to carry its initial burden of production, the nonmoving party has no

16  obligation to produce anything, even if the nonmoving party would have the ultimate burden of

17  persuasion at trial."  *See Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099,

18

19

---

20      [8]      Indeed, the cases cited by Defendants to support the proposition that the Court may take
judicial notice of the Servicing Guide and the May 23 Announcement are inapposite.  In those cases,

21  the materials were directly alleged in the pleadings or judicial notice was not contested.  *See Castillo*

22  *v. Bank of Am., N.A.*, No. 12CV1833-IEG BGS, 2012 WL 4793240, at *1 (S.D. Cal. Oct. 9, 2012)
("Moreover, the Court may consider the SPA, which is not attached to the pleading, because its

23  contents are alleged in the complaint and Plaintiffs do not question its authenticity."); *Currey v.*
*Homecomings Fin., LLC*, No. C 09-0276 PJH, 2009 WL 1227010, at *3 (N.D. Cal. May 1, 2009)

24  ("The information being requested for judicial notice is not disputed and its accuracy is not
reasonably questioned."); *Fed. Home Loan Mortgage Corp. v. Am. Home Mortgage Corp.*, No.

25  CIV.A. 3:07-CV-1335L, 2007 WL 2228619, at *1, n.2 (N.D. Tex. Aug. 3, 2007) ("Defendant did
not object to the court taking judicial notice of the Guide at the hearing."); *see also Castellan v. Bank*

26  *of Am.*, No. 2:13-CV-02027-RCJ, 2015 WL 1326418, at *5 n.2 (D. Nev. Mar. 25, 2015) ("The Court

27  may consider the document under the 'incorporation by reference doctrine' because the Final
Modification is central to Plaintiffs' claims and its authenticity is not questioned.").

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1102-03 (9th Cir. 2000).  "In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything."  *Id.* at 1103.

"[T]he substantive law will determine which facts are material" for purposes of summary judgment, and disputes over facts that are "irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.  "When direct evidence produced by the party opposing summary judgment, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact."  *EEOC v. Republic Servs., Inc.*, 640 F. Supp. 2d 1267, 1277 (D. Nev. 2009) (internal quotation marks omitted).  Thus, the court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage.  *Anderson*, 477 U.S. at 249.  Therefore, a non-moving party's sworn statement must be accepted as true if it is not contradicted by the party's other sworn statements or testimony.  *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 980 (9th Cir. 2006).

> **2.     *Defendants have Failed to Meet their Initial Burden of Production to Establish that there is no Genuine Issue as to any Material Fact and that they are Entitled to Judgment as a Matter of Law.***

Defendants contend that Green Tree was the beneficiary of the Deed of Trust and the holder of the Note.  As detailed above, there exist numerous established facts which demonstrate that Green Tree was not the beneficiary and/or the holder when the Notice of Default was recorded, including:

- The Fannie Mae Assignment transferred the Deed of Trust from Green Tree to Fannie Mae before the Notice of Default was recorded.  *See 1597 Ashfield Valley Trust*, No. 2:14-CV-2123 JCM, 2015 WL 4581220, at *8.

- Fannie Mae made a credit bid—as the beneficiary of the Deed of Trust—at the Trustee's Sale held ***on January 28, 2014*** before the Fannie Mae Assignment was recorded ***on February 5, 2014***.

- Fannie Mae, not Green Tree, rejected the short-sale offer obtained by Ms. Torno pursuant to the Agreement made at the Mediation—demonstrating that Fannie Mae was the actual beneficiary.  (Exhibit 2, Declaration of Crystal Torno ["Torno Decl."], ¶¶ 13-17.)

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

- The Defendants admitted that Fannie Mae was the beneficiary of the Deed of Trust and the holder of the Note prior to recording the Fannie Mae Assignment.  (Exhibit 1, Joint Answer ¶ 11.)

- Fannie Mae's website represented that it owned Ms. Torno's Loan.  (*See* ECF No. 23-24, at 27, Fannie Mae Loan Lookup.)  Based on Fannie Mae's representation that it became the "owner" of the Loan, it is reasonable to infer that Fannie Mae became the beneficiary of the Deed of Trust and/or the holder of the Note.

These facts indicate that Fannie Mae was the beneficiary of the Deed of Trust and/or the holder of the Note when the Notice of Default was recorded.  At the very least, the facts demonstrate that there are genuine issues as to material facts and that summary judgment is not appropriate.

Accordingly, assuming that the Court converts the Motion for Judgment on the Pleadings into a Motion for Summary Judgment, the Defendants have failed to meet their initial burden of production to demonstrate that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law.  *See Anderson*, 477 U.S. at 247.

### *3.* *Request for Rule 56(d) Relief.*

Pursuant to Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  As explained by the United States Supreme Court, under Federal Rule of Civil Procedure 56(d), a "premature" motion for summary judgment may be denied, continued, or the nonmoving party may be given "an opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (emphasis added).  "'The purpose of [Federal Rule of Civil Procedure 56(d)] is to provide an additional safeguard against an improvident or premature grant of summary judgment . . . and [the rule] should be applied with a spirit of liberality.'" *U.S. ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002) (second alteration in original) (quoting 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 2740 (1998)).

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1      Here, assuming that the Court finds that Defendants have met their initial burden of

2   production under Rule 56(a), Plaintiff requests discovery pursuant to Rule 56(d) as to the following

3   issues:

   (1)    The nature of the relationship among Green Tree, Fannie Mae, and National Default:
(a) when the Fannie Mae Assignment was executed; and (b) when the Notice of Default
was recorded.

   (2)    The facts and circumstances surrounding the execution of the Fannie Mae assignment.

   (3)    The physical location of the Note: (a) when the Fannie Mae Assignment was executed;
and (b) when the Notice of Default was recorded.

   (4)    The nature of the relationship among, Green Tree, Fannie Mae, and any third party
possessing the Note: (a) when the Fannie Mae Assignment was executed; and (b) when
the Notice of Default was recorded.

   (5)    Green Tree's policies and procedures relating to: (a) the execution of assignments; and
(b) notices of default.

   (6)    Fannie Mae's policies and procedures relating to: (a) the execution of assignments; and
(b) notices of default.

   (7)    National Default's policies and procedures relating to: (a) the execution of assignments;
and (b) notices of default.

(*See* Exhibit 2, Torno Decl. ¶ 21.)

16      The facts needed to confirm Plaintiff's allegations are solely within the possession and

17   control of the Defendants.  Additionally, discovery will elucidate facts to demonstrate that the

18   Defendants violated NRS 107.080.

19      Accordingly, even if this Court believes that the Defendants have met their initial burden of

20   production under Rule 56(a), this Court should allow Plaintiff sufficient time to conduct discovery

21   pursuant to Rule 56(d).  Such discovery will enable Plaintiff to present facts necessary to

22   demonstrate that the Motion should be denied

### B.      Plaintiff has Standing to Assert a Claim Under NRS 107.080(7).

24      Defendants contend that Ms. Torno lacks standing to assert claims under NRS 107.080(7)

25   due to the Trustee's Sale—the validity of which Ms. Torno is contesting in another matter.  The

26   Defendants' contention is illogical and contradicted by the applicable statutes.

27      The "scope of a statutory right of action goes to the merits and not to statutory standing."

28   *Fulfillment Servs. Inc. v. United Parcel Serv., Inc.*, 528 F.3d 614, 619 (9th Cir. 2008) (internal

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    quotation marks omitted).  Here, Defendants' argument is based on the scope of NRS 107.080(7)

2    and thus "goes to the merits and not to statutory standing."  *Id.*

3          In enacting NRS 107.080(7), the Nevada legislature created a statutory right of action in

4    favor of "the grantor or the person who holds title of record" for violations of sections (2), (3), or (4)

5    of NRS 107.080.  Importantly, NRS 107.080(7) specifies that its remedy "*is in addition to the*

6    *remedy provided in subsection 5*."  (Emphasis added).  NRS 107.080(5) provides grantors with the

7    ability to seek to void trustee's sales if there is a failure to substantially comply with NRS 107.080,

8    NRS 107.086, or NRS 107.087.  Thus, the remedy in NRS 107.080(5) only applies if there has

9    already been a trustee's sale of the property.  Because NRS 107.080(7) specifies that its remedy "is

10   in addition to the remedy provided in subsection 5," the Nevada legislature clearly contemplated that

11   a grantor could simultaneously seek remedies under both NRS 107.080(5) and NRS 107.080(7) after

12   a trustee's sale occurred.  *Cf. Phillips v. First Horizon Home Loan Corp.*, No. 3:12-CV-00013-RCJ,

13   2013 WL 5278821, at *2 (D. Nev. Sept. 17, 2013) (noting that NRS 107.080(7) would apply in an

14   action where trustee's sale had already occurred but for the fact that notice of default was recorded

15   before October 1, 2011).

16         Defendants' contention that Ms. Torno lacks standing due to the Trustee's Sale is based upon

17   the notion that if a "non-judicial foreclosure has already occurred, it is impossible for Court to

18   impose the remedy mandated by section 107.080(7)."  (ECF No. 21, Motion for Judgment on the

19   Pleadings, at 23.)  However, nothing in NRS 107.080(7) indicates that the remedies are "all-or-

20   nothing" propositions.  Moreover, the Defendants fail to address a court's statutory authority to

21   fashion an award based on the circumstances as section 107.080(7) provides the court may, for

22   "good cause" fashion a "different award."  Thus NRS 107.080(7) expressly authorizes the court to

23   tailor its award based on the circumstances.

24         Additionally, Ms. Torno has Article III standing under the United States Constitution because

25   "(1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or

26   imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of

27   the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed

28   by a favorable decision."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1   167, 180-81 (2000).  Although a statute may not create standing through *fiat*, a legislature may

2   "elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously

3   inadequate in law . . . ."  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 578 (1992).  "At the pleading

4   stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.* at

5   561.  On a motion for judgment of the pleadings the court "presum[es] that general allegations

6   embrace those specific facts that are necessary to support the claim." *Id.*

7   Here, Ms. Torno has met her burden of demonstrating she suffered an "injury in fact" that a

8   favorable court decision would redress.  *See Friends of the Earth, Inc.*, 528 U.S. at 180-81.

9   Specifically, in violation of NRS 107.080, Defendants misrepresented to Ms. Torno that Green Tree

10  was the beneficiary of her Deed of Trust and the Holder of her note and Ms. Torno, relying on those

11  misrepresentations, negotiated with Green Tree rather than Fannie Mae.[9]

12  In sum, Ms. Torno has standing under NRS 107.080(7) because a trustee's sale does not

13  prohibit a grantor from pursuing the remedy provided therein.  *Cf. Phillips*, No. 3:12-CV-00013-

14  RCJ, 2013 WL 5278821, at *2.  Additionally, Ms. Torno has Article III standing because she

15  suffered an "injury in fact" that a favorable court decision would redress.  *See Friends of the Earth,*

16  *Inc.*, 528 U.S. at 180-81.

17  **C.**   **Defendants' Arguments Regarding the Mediation and the FMP are Misplaced.**

18  ***1.***   ***Plaintiff's Claims are not Based on Violations of NRS 107.086—what***
       ***Occurred at Mediation is Evidence Supporting Plaintiff's Claims that Green***
19     ***Tree was not the Actual Beneficiary or Note Holder.***

20  Defendants' contentions regarding NRS 107.086—a statute regulating the FMP—are

21  misplaced.  In this matter, Ms. Torno is not alleging any violations of NRS 107.086.  Instead, what

22  occurred at the Mediation and shortly thereafter supports Ms. Torno's allegations that Green Tree

23  was not the holder of the Note or the beneficiary of the deed of trust.

24  Ms. Torno, relying upon the misrepresentation made in the Notice of Default, negotiated an

25  agreement with Green Tree—believing that Green Tree had the full authority to modify her

26  _____

27  [9]      Indeed, the misrepresentation itself is a concrete, *de facto* injury which the Nevada
    legislature could elevate to the status of a legally cognizable injury.  *See Lujan v. Defs. of Wildlife*,
28  504 U.S. at 578.

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1  mortgage.  (ECF No. 23-15, SAC ¶ 32-33.)  However, when Ms. Torno performed under the

2  agreement, Green Tree told her that Fannie Mae had *vetoed* the agreement.  (*Id.* ¶ 34-37.)  Thus, Ms.

3  Torno's factual allegations of what occurred at the Mediation and shortly thereafter tend to

4  demonstrate that Green Tree was not the beneficiary and/or note holder when the notice of default

5  was recorded.

6        **2.**    ***The Mediator's Certification is not "Unassailable Evidence" and does not***

7  ***Estop Ms. Torno from Asserting that Green Tree was not the Holder of the Note when the Notice of Default was Recorded.***

8        "To foreclose relitigation of an issue under collateral estoppel: (1) the issue at stake must be

9  identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in

10  the prior litigation; and (3) the determination of the issue in the prior litigation must have been a

11  critical and necessary part of the judgment in the earlier action."  *Clark v. Bear Stearns & Co.*, 966

12  F.2d 1318, 1320 (9th Cir. 1992).  "The party asserting preclusion bears the burden of showing with

13  clarity and certainty what was determined by the prior judgment."  *Id.*  "It is not enough that the

14  party introduce the decision of the prior court; rather, the party must introduce a sufficient record of

15  the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated."  *Id.*

16  "Collateral estoppel is inappropriate if there is any doubt as to whether an issue was actually litigated

17  in a prior proceeding."  *See Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co. of Reading, Pa.*, 873

18  F.2d 229, 233 (9th Cir. 1989).

19        NRS 107.086 requires that a mediator acting under the FMP must issue a certificate

20  indicating that either (i) no mediation is required in the matter, (ii) the grantor failed to show for

21  mediation, or (iii) the parties mediated in good faith but did not agree to a loan modification.  NRS

22  10.086(4), (7)-(8).  The Foreclosure Mediation Rules provide that "[t]he beneficiary [of the deed of

23  trust] must bring to the mediation the original or a certified copy of the deed of trust, the mortgage

24  note and each assignment of the deed of trust and each assignment and endorsement of the mortgage

25  note."  FMR 11(1)(a).  The Foreclosure Mediation Rules however, do not provide that the Mediator

26  make any factual or legal findings relating to the deed of trust or the promissory note.  *See generally*

27  FMR.  A mediator's certificate need only state the mediation has been completed.  FMR 22(9).

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    Further, FMR 22(6) provides that "[p]roceedings in the district court on a petition for judicial review

2    shall be conducted de novo,"—*i.e.* will be given no deference.

3        Here, Defendants contend that the "Mediator's certification of the foreclosure mediation and

4    issuance of a Mediation Certificate is unassailable evidence that Green Tree had possession of the note

5    and legal authority to enforce it" and the "Plaintiff is estopped from denying, that Green Tree was in fact

6    a 'holder' during the ***relevant time period***."  (ECF No. 21, Motion for Judgment on the Pleadings, at

7    22:1-22 (emphasis added).)  These arguments fail.

8        First, the "relevant time period" for the mediator was the mediation—which occurred months

9    after the Notice of Default was filed.  (See ECF No. 23-5, Certificate (indicating mediation was held on

10   May 23, 2013).)  Thus, even assuming the mediator made a "finding" that Green Tree was the holder of

11   the Note (which the mediator did not), the mediator's finding would have been that Green Tree was the

12   holder of the Note on May 23, 2013.  (*See id.*)  The Notice of Default was recorded on January 22, 2013.

13   (ECF No. 23-2, Notice of Default.)  Thus, any such finding would not have bearing on whether Green

14   Tree was the holder of the note on January 22, 2013.

15       Second, collateral estoppel does not apply to mediations.  Mediation is form of alternative

16   dispute resolution whereby parties engage in negotiations with the assistance of a neutral third party.

17   Parties do not litigate in mediation.  The issue of whether Green Tree was the holder of the Note was

18   not litigated at the Mediation.  *See Clark*, 966 F.2d at 1320.  The Mediator's Certificate contains no

19   findings relating to Green Tree's status as the holder of the Note.  (See ECF No. 23-5, Certificate.)

20   Moreover, neither NRS 107.086 nor the Foreclosure Mediation Rules required the mediator to make any

21   such findings.

22       In sum, what occurred at the Mediation is evidence that tends to demonstrate that Green Tree

23   was not the beneficiary and/or note holder when the notice of default was recorded.  Regardless,

24   what occurred at the Mediation does not have collateral estoppel effects on this matter.  *See Clark*,

25   966 F.2d at 1320.

26   / / /

27   / / /

28   / / /

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

**D.**  **Fannie Mae, the Actual Beneficiary when the Notice of Default was Recorded, is Liable for Violations of NRS 107.080(7).**

NRS 107.080(7) expressly creates liability for "the beneficiary, the successor in interest of the beneficiary or the trustee . . . ."  Additionally, a "principal is directly liable for its agent's tortious conduct when: (a) 'the agent acts with actual authority or the principal ratifies the agent's conduct;' or (b) 'the principal is negligent in selecting, supervising, or otherwise controlling the agent . . . .'" Restatement (Third) of Agency § 7.03(1)(a)-(b).

Fannie Mae contends that it may not be held liable because it did not execute or cause the notice of default to be recorded.  (ECF No. 21, Motion for Judgment on the Pleadings, at 25:10-26:4.)  This argument fails.

Here, Fannie Mae was the beneficiary when Green Tree—acting as Fannie Mae's agent—caused the Notice of Default to be recorded.  *See* NRS 107.080(7).  Even assuming Fannie Mae was not the beneficiary, Fannie Mae is indisputably "the successor in interest of the beneficiary" and is thus liable under NRS 107.080(7).   Moreover, Fannie Mae (the principal) is liable for the acts of Green Tree (its agent) with respect to the Loan under general principles of agency.  *See* Restatement (Third) of Agency § 7.03(1)(a)-(b).

Accordingly, Fannie Mae is liable for violations of NRS 107.080(7) under the express language of the statute itself and under principles of agency.  *See* Restatement (Third) of Agency § 7.03(1)(a)-(b).

## II.    CONCLUSION

In sum, Ms. Torno alleges specific details and facts which demonstrate that her claims are plausible and which enable the Court to draw the reasonable inference that Green Tree was not a beneficiary and/or holder and that the Defendants are liable pursuant to NRS 107.080(7).  The Fannie Mae Assignment, standing alone, demonstrates that Green Tree was not the beneficiary of the Deed of Trust when the Notice of Default was recorded.  Further, Ms. Torno has standing to pursue the claims under NRS 107.080(7) because she is "the grantor or the person who holds title of record" and may seek relief.  Finally, Fannie Mae, as the beneficiary of the deed of trust when the notice of

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1  default was recorded, is liable for the failure to comply with NRS 107.080(2)(c). Regardless, Fannie

2  Mae (the principal) is liable for the torts of Green Tree (its agent) under general principles of agency.

3         In sum, the Court should deny Defendants' Motion for Judgment on the Pleadings as Ms.

4  Torno has stated plausible claims for relief under NRS 107.080(7).

5         DATED this 23rd day of November, 2015.

6                                    BAILEY❖KENNEDY

7                                    By: /s/ Dennis L. Kennedy
8                                        DENNIS L. KENNEDY
                                         JOSHUA M. DICKEY
                                         PAUL C. WILLIAMS
9                                        AMANDA L. STEVENS

10                                       GEORGE H. HAINES
                                         DAVID H. KRIEGER
11                                       HAINES & KRIEGER
                                         8985 South Eastern Avenue, Suite 130
12                                       Las Vegas, Nevada 89123
                                         Phone: (702) 880-5554
13                                       Fax: (702) 385-5518
                                         GHaines@hainesandkrieger.com
14                                       DKrieger@hainesandkrieger.com
                                         *Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that I am an employee of BAILEY❖KENNEDY and that on the 23rd day of November, 2015, service of the foregoing Plaintiff's Response to: (1) Defendants Green Tree Servicing, LLC and Fannie Mae's Motion for Judgment on the Pleadings [ECF No. 21]; (2) Defendants Green Tree Servicing, LLC and Fannie Mae's Request for Judicial Notice [ECF No. 23]; and (3) Defendant National Default Servicing Corporation's Joinder [ECF No. 25] was made by mandatory electronic service through the United States District Court's electronic filing system and/or by depositing a true and correct copy in the U.S. Mail, first class postage prepaid, and addressed to the following at their last known address:

| | |
|---|---|
| MARK E. FERRARIO, ESQ.<br>JACOB D. BUNDICK, ESQ.,<br>TAMI D. COWDEN, ESQ.<br>**GREENBERG TRAURIG, LLP**<br>3773 Howard Hughes Parkway<br>Suite 400 North<br>Las Vegas, NV 89169 | Email: ferrariom@gtlaw.com<br>bundickj@gtlaw.com<br>cowdent@gtlaw.com<br><br>*Attorneys for Defendants*<br>GREEN TREE SERVICING LLC<br>and FANNIE MAE |
| GREGORY L. WILDE, ESQ.<br>KEVIN SODERSTROM, ESQ.,<br>MATTHEW D. DAYTON, ESQ.<br>**TIFFANY & BOSCO, P.A.**<br>212 South Jones Blvd.<br>Las Vegas, NV 89107 | Email: efilenv@tblaw.com<br>kss@tblaw.com<br>md@tblaw.com<br><br>*Attorneys for Defendant*<br>NATIONAL DEFAULT<br>SERVICING CORPORATION |

_____/s/ Paul C. Williams_____
Employee of BAILEY❖KENNEDY

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820