MARK E. FERRARIO (Bar No. 1625)
ferrariom@gtlaw.com
JACOB D. BUNDICK (Bar No. 9772)
bundickj@gtlaw.com
JENNIFER L. GRAY (admitted *pro hac vice*)
grayjen@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*Counsel for Defendants Green Tree
Servicing, LLC and Fannie Mae*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CRYSTAL TORNO (a.k.a. CRYSTAL A. THOMAS-BOLDUC), an individual, <br><br> Plaintiff, <br><br> vs. <br><br> GREEN TREE SERVICING, LLC; NATIONAL DEFAULT SERVICING CORPORATION; and PREMIER AMERICAN TITLE AGENCY, INC., FANNIE MAE; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:15-cv-01018-APG-PAL <br><br> **[PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER** <br><br> **[SPECIAL SCHEDULING REVIEW REQUESTED]** <br><br> Clark County District Court <br> Case No. A-13-689111-C |

Pursuant to the Court's Order dated June 16, 2016 (the "Order") (Dkt. # 59), Defendants Green Tree Loan Servicing, LLC ("Green Tree") and Fannie Mae (collectively, "Defendants") by and through their counsel, hereby submit the following [Proposed] Case Management Plan.[1]

**I.   PROCEDURAL HISTORY.**

This action centers on an Affidavit of Authority ("Affidavit") recorded with the Notice of

---

[1] Defendants conferred with Plaintiff's counsel regarding the Court's Order and a proposed discovery plan June 23, 2016.

1

*LV 420724705v3*

Default prior to the foreclosure of Plaintiff's home.[2]  The Affidavit identified Green Tree as the beneficiary of the deed of trust securing Plaintiff's loan and holder of the note.  Plaintiff contends that the Affidavit was false because Fannie Mae was the "true beneficiary."  This is Plaintiff's entire basis for this putative class action.   Yet, to date, Plaintiff has failed to identify a single fact or legal theory supporting her claim that the Affidavit was false.

Fannie Mae owned the Plaintiff's loan, but that did **no**t make it the beneficiary.  Plaintiff is operating under the flawed premise that the owner of a loan and the beneficiary are one and the same.  This is simply wrong as a matter of law and courts routinely dismiss claims just like Plaintiff's.  The **owne**r of loan is the entity that has the right to receive the payments and proceeds of the loan, and incurs any losses.  The **beneficiary** is the entity designated as such in the deed of trust and is vested with authority to enforce the security instrument.  *In re Monteirth, 354 P.3d at 651 (adopting Restatement § 5.4 cmt. C.d.  Ritter v. Countrywide Home Loans, Inc.,* No. 10-cv-00634-RLH-RJJ, 2010 WL 3829378, *3 (D. Nev. Sept. 24, 2010).  Thus, Fannie Mae's ownership of the loan did not make it the beneficiary.

In November 2015, Defendants filed a Motion for Judgment on the Pleadings ("MJOP") on the grounds that the Second Amended Complaint ("SAC") fails to state a claim for relief under NRS 107.080(7).  The SAC consists entirely of bare and conclusory pronouncements that Fannie Mae was the "true beneficiary," but pleads no supporting facts.  Simply as a matter of pleading, the SAC falls far short of federal standards and fails in its essential purpose of apprising Defendants of the claims against it.  Defendant's MJOP also explained why Fannie Mae's ownership of the loan did not make it the beneficiary and why Green Tree representations that it was the beneficiary and holder were truthful and cored.

---

[2] Plaintiff is pursuing a second action in state court, in which she seeks to set aside the foreclosure sale.  In November 2015, Green Tree filed a motion to vacate an injunction that the state court had entered preventing Fannie Mae from taking possession of the Torno Property.  It filed that action in federal court believing that the 2013 and 2014 Actions had been consolidated prior to removal.  Plaintiff disagreed and moved to reopen the 2014 Action in state court.  Judge Allf granted that motion on April 19, 2016.  Defendants' motion to vacate the injunction has not yet been ruled upon.

*LV 420724705v3*

Plaintiff's Opposition to the MJOP is best described as a parade of red-herrings. The Opposition's goal was clearly to take a very simple case and make it as complicated and confusing as possible in the hope of getting to class discovery. The Opposition's primary argument was that an unrecorded deed of trust from Green Tree to Fannie Mae divested Green Tree of its status as record beneficiary. The Opposition advanced a litany of other equally unfounded arguments. Plaintiff succeeded in creating enough confusion to prompt Judge Gordon to raise a number of well-taken questions about the interplay of NRS 107.080(2), NRS 107.080(7), NRS 106.210 and Nevada's mediation program. Based on these questions and concerns, Judge Gordon denied Defendants' MJOP *without prejudice* to Plaintiff's revisiting the sufficiency of Torno's claims. Notably, Judge Gordon did **not** determine that Torno has stated any claims. Defendants continue to maintain that the SAC fails to state any viable cause of action.

## II. MEET AND CONFER

Counsel for the Parties held a conference in accordance with Rule 26(f) and Local Rule 26-1(d) on August 3, 2015. Subsequently, discovery was stayed in this matter. In accordance with this Court's Order, counsel for Plaintiff and Defendants held a telephonic meet-and-confer on June 23, 2016. The Parties were not able to agree upon a case management plan. Defendants proposed a phased discovery plan that allows: (1) a period of merits discovery followed by a motion for summary judgment to be filed by Defendants and (2) if Plaintiff's claims survive Defendants' motion for summary judgment, then a period of class discovery and additional merits discovery following class certification (if necessary). As further discussed below, this approach is consistent with the Court's denial of the MJOP without prejudice and the vast amount of purported class discovery that Plaintiff seeks to take.

## III. LR 26-1 STATEMENT IN SUPPORT OF SPECIAL SCHEDULING.

Defendants request that the Court continue in place the stay of discovery pending the adjudication of the named Plaintiff's claims. The reasons that supported the Court's decision to stay discovery earlier this year, still exist. The Court did not conclude that Plaintiff states any claims. Indeed, the SAC is so bare-bones and conclusory that Defendants do not know what Plaintiff's theory truly is. Judge Gordon's questions during the MJOP oral argument are well-taken,

3

and Defendants believe that those questions can be addressed in a renewed motion for judgment on the pleadings (or early summary judgment motion), but the fact remains that the SAC fails to state a claim. Consequently, Defendants intend to renew their motion in order to address Judge Gordon's open questions and raise several additional legal arguments that have come to light in the months since Defendants filed the MJOP. The motion will include the following arguments:

*First,* to the extent that Plaintiff attempts to morph her claims into ones premised on the existence of an unrecorded deed of trust, any such claim is barred under the Nevada Supreme Court's decision in *in re Montierth*, which holds that where a record beneficiary, such as Green Tree, holds legal title to the deed of trust (*i.e.*, is the beneficiary ) on behalf of the owner of the loan (*i.e.*, Fannie Mae), the beneficiary is an agent of the owner and together they hold a single unified interest in the loan. An unrecorded assignment from the beneficiary to the owner is not only ineffective under NRS § 106.210, but it cannot transfer any beneficial interest, because Fannie Mae already owns the note and deed of trust.

*Second*, claims for statutory damages or penalties against Fannie Mae are barred under HERA.  *See e.*g., *Radatz v. Fed. Natl. Mtge. Assn.*, 145 Ohio St. 3d 475 (Ohio 2016).

*Third,* because the state court agreed to reopen Plaintiff's state court action, which raises the same "claims" as this case, dismissal of this action may be appropriate under various abstention doctrines. The Parties risk inconsistent rulings and a morass of litigation concerning the preclusive effect of findings made by one court as to the other. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976).

*Fourth*, Plaintiff lacks Article III standing under the United States' Supreme Court's recent decision in *Spokeo v. Robins*, 578 U.S. _____ (2016), because her claims are premised entirely on an alleged statutory violations and the SAC alleges no concrete injury.

In addition to the lack of clarity around the nature of Plaintiff's claims, discovery should also be stayed because Plaintiff's alleged class definitions remain impermissibly overbroad and improper. The SAC identifies three separate classes that purport to include most, if not all, borrowers foreclosed upon over the past four years in the state of Nevada. For example, Plaintiff seeks to represent a class consisting of:

> All present and former grantors of deeds of trust or persons who hold or held the title of record property when, from October 1, 2011 to the present, Green Tree executed and/or caused to be recorded a notice of default which contained an affidavit listing Green Tree as the current holder of the note secured by the deed of trust and/or as the current beneficiary of record.

(SAC ¶ 41.) This definition includes borrowers for whom the Affidavit is entirely accurate and who would therefore lack any standing to pursue a claim. Moreover, since Defendants do not know what Plaintiff's claims are, how can they determine the relevancy of discovery requests? As it currently stands, Plaintiff's claims appear to be based upon a legally false definition of "beneficiary." Should Defendants be compelled to submit to Plaintiff's proposed tidal wave of class discovery prior to receiving any guidance from the Court as to the validity of Plaintiff's use of the term "beneficiary"? Defendants welcome the Court's intervention in working through these issues on a more detailed basis. As the parties sit here today, it does not appear possible to come to any agreement regarding relevant and reasonable discovery.

Even if the Court is not inclined to extend the discovery stay outright, Defendants propose a phased discovery plan in which the parties first conduct any discovery necessary to adjudicating the merits of Torno's individual claims and defer discovery relevant to class certification in the interim. This would allow Defendants an opportunity to bring their renewed MJOP/MSJ. In the event that Plaintiff's claims survive, the parties would conduct discovery relevant to class certification. The outcome of the certification order would inform the parties on the scope and necessity of additional discovery directed to the merits. Many courts have recognized that a just, speedy, and inexpensive resolution of a putative class action can be obtained by adjudicating the named plaintiff's claims before conducting class discovery. Accordingly, a short, bifurcated discovery period focusing only on Torno's individual claims leading to an early motion for summary judgment is the best and most efficient use of judicial resources to bring about substantial justice.

Notably, nothing in Rule 23 requires resolution of class certification before addressing the merits of a plaintiff's claims. *Telfair v. First Union Mortg. Corp.*, 216 F.3d 1333 (11th Cir. 2000) (noting that it was within the court's discretion to consider the merits of claims before their amenability to class certification); *Cowen v. Bank United of Tex.*, 70 F.3d 937, 941 (7th Cir. 1995)

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

LV 420724705v3

(resolution of summary judgment before adjudicating class certification is permissible and can be an inexpensive way to moot issue of class certification); Fed. R. Civ. P. 23 advisory committee's note, 2003 Amendments, Subdivision (c), Paragraph (1) ("Other considerations may affect the timing of the certification decision. The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs").

## IV.  PROPOSED DISCOVERY CUT-OFF DATES.

If the Court does not believe a continued stay is warranted, pursuant to LR 26-1(b), Defendants propose that discovery be scheduled based on the following deadlines:

| | |
|---|---|
| **Individual Named Plaintiff Merit's Discovery Deadline:** | **November 1, 2016** |
| **Deadline for Filing Dispositive Motions On Named Plaintiff's Individual Claims:** | **December 1, 2016** |
| **Deadlines to Amend Pleadings and Adding Parties:** | **August 1, 2017** |
| **Deadline for Completing Class Discovery (discovery period commencing after ruling on any Dispositive Motions):** | **November 1, 2017** |
| **Initial Expert Disclosures** | **September 1, 2017** |
| **Rebuttal Expert Disclosures** | **October 1, 2017** |
| **Deadline for Filing Class Certification:** | **November 1, 2017** |

Defendants acknowledge the possibility that various disputes may arise regarding the implementation of this schedule and the appropriate breadth of discovery during the various phases. Defendants welcome the opportunity to work with Plaintiff and the Magistrate to resolve any issues and ensure this matter proceeds properly and efficiently.

After the Court decides any motion for class certification, the parties shall promptly meet and confer and propose to the Court a schedule for any additional proceedings that are necessary, including any additional merits discovery, the pre-trial conference, and the trial date.  Defendants respectfully submit that this case should not be set for trial prior to January 2018, with a pre-trial conference no earlier than December 2017.

*LV 420724705v3*

1  **V.      Initial Disclosures:**  Defendants will produce their initial disclosures on or before
2  July 14, 2016.
3  **VI.     Alternative Dispute Resolution:**  At their meet-and-confer, the parties inadvertently
4  failed to discuss "the possibility of using alternative dispute resolution processes including
5  mediation, arbitration, and if applicable, early neutral evaluation." LR 26-1(b)(7). Defendants
6  remain willing to discuss alternative dispute resolution.
7  **VII.    Alternative Forms of Case Disposition:**  At their meet-and-confer, the parties
8  inadvertently failed to discuss "consent to trial by a magistrate judge . . . and the use of the Short
9  Trial Program." LR 26-1(b)(8). Defendants are not agreeable at this time to alternative forms of
10 case disposition.
11 **VIII.   Electronic Evidence:**  At their meet-and-confer, the parties inadvertently failed to
12 discuss "whether they intend to present evidence in electronic format to jurors for the purposes of
13 jury deliberations . . . [and] any stipulations the parties reached regarding providing discovery in an
14 electronic format compatible with the court's electronic jury evidence display system." LR 26-
15 1(b)(9). Although the parties did not discuss such topics relating to electronic evidence, Defendants
16 anticipate that the parties will be able to reach an agreement with respect to the nature in which
17 electronic evidence is submitted.
18 **IX.     Deadline for Amending the Pleadings and Adding Parties:**  Pursuant to Local
19 Rule 26-1(e)(2), motions to amend the pleadings and/or add parties shall be filed no later than
20 ninety (90) days prior to the class discovery cut-off date.
21 **X.      Rule 26(a)(3) Pretrial Disclosures:**  The parties shall make all disclosures required
22 by Rule 26(a)(3) at least thirty (30) days before trial.  Objections to such disclosures shall be made
23 within twenty (20) days thereafter.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**XI.** **Service by Electronic Means:**  Pursuant to Federal Rule of Civil Procedure 5(b)(E), Defendants propose that the parties agree to accept service of all unfiled documents, correspondence, and discovery in this matter via email.

Dated this 29th day of June, 2016.

**GREENBERG TRAURIG, LLP**

*/s/ Mark. E. Ferrario*
MARK E. FERRARIO (Bar No. 1625)
ferrariom@gtlaw.com
JACOB D. BUNDICK (Bar No. 9772)
bundickj@gtlaw.com
JENNIFER GRAY (admitted *pro hack vice*)
grayjen@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway,
Suite 400 North
Las Vegas, Nevada  89169

*Attorneys for Defendants Green Tree Servicing, LLC and Fannie Mae*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of June, 2016, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

                                           */s/ Andrea Lee Rosehill*
                                           An employee of Greenberg Traurig, LLP

Greenberg Traurig's, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

9

LV 420724705v3