JACOB D. BUNDICK (Bar No. 9772)
bundickj@gtlaw.com
JENNIFER L. GRAY (admitted *pro hac vice*)
jennifer.gray@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002

*Counsel for Defendants Green Tree
Servicing, LLC, and Federal National Mortgage Association*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CRYSTAL TORNO (a.k.a. CRYSTAL A. THOMAS-BOLDUC), an individual,<br><br>                    Plaintiff<br><br>vs.<br><br>GREEN TREE SERVICING, LLC; NATIONAL DEFAULT SERVICING CORPORATION; and PREMIER AMERICAN TITLE AGENCY, INC., FANNIE MAE; and DOES 1-10, inclusive,<br><br>                    Defendants. | Dept.: XXVII<br><br>Case No. 2:15-cv-01018-APG-PAL<br><br>**DEFENDANTS GREEN TREE SERVICING, LLC'S AND FANNIE MAE'S MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Removed from Clark County District Court Case No. A-13-689111-C |

*(vertical margin text:)* Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

Defendants Green Tree Servicing, LLC ("Green Tree," now known as Ditech Financial, LLC) and Federal National Mortgage Association ("Fannie Mae") (collectively, "Defendants"), through their undersigned counsel, move this Court to strike all class allegations and other references to class treatment from the Second Amended Complaint.

This motion is based upon Fed. R. Civ. P. 23(c)(1)(A), 23(d)(1)(D) and 12(f), this Memorandum of Points and Authorities, all pleadings and filings, and upon such other evidence and argument as may properly come before the Court prior to or during the hearing on this matter.

DATED: September 15, 2016                     GREENBERG TRAURIG, LLP

By:      /s/ Jacob D. Bundick
         JACOB D. BUNDICK (Bar No. 9772)
         bundickj@gtlaw.com
         JENNIFER GRAY (admitted *pro hac vice*)
         grayjen@gtlaw.com
         3773 Howard Hughes Parkway, Suite 400 North
         Las Vegas, Nevada 89169
         *Counsel for Defendants Green Tree Servicing, LLC and Federal National Mortgage Association*

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

1

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................. 1

BACKGROUND ....................................................................................................... 2

LEGAL STANDARD................................................................................................. 5

ARGUMENT ............................................................................................................ 6

    I.      THE PROPOSED CLASSES ARE NOT ASCERTAINABLE. ....................... 6

    II.     PLAINTIFF IS NOT AN ADEQUATE CLASS REPRESENTATIVE. ......................... 10

    III.    THIS ACTION DOES NOT PRESENT COMMON ISSUES OF LAW OR
           FACT. ................................................................................................. 12

    IV.    A CLASS ACTION IS NOT SUPERIOR TO INDIVIDUAL LITIGATION. ................ 13

CONCLUSION.......................................................................................................... 14

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

*LV 420771905v5*

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Afar v. Hollywood Tanning Sys., Inc.*,
  339 F. App'x 216 (3d Cir. 2009) ........................................................................... 11

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ............................................................................................... 10

*Benito v. IndyMac Mortg. Servs.*,
  No. 2:09–CV–001218–PMP–PAL, 2010 WL 2089297 (D. Nev. May 21, 2010) .............................. 9

*Bias v. Wells Fargo & Co.*,
  312 F.R.D. 528 (N.D. Cal. 2015) ............................................................................ 9

*Drimmer v. WD-40 Co.*,
  2007 U.S. Dist. LEXIS 62582 (S.D.Cal.2007) ................................................ 10, 11

*Dudum v. Carter's Retail, Inc.*,
  No. 14–CV–00988–HSG, 2016 WL 946008 (N.D. Cal. Mar. 14, 2016) .................... 6

*Evans v. IAC/Interactive Corp.*,
  244 F.R.D. 568 (C.D. Cal. 2007) .......................................................................... 10

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) ................................................................................ 6

*Fed. Housing Fin. Agency v. SFR Inves. Pool 1, LLC*,
  No.: 2:15-cv-01338-GMN-CWH, 2016 WL 2350121 (D. Nev. May 2, 2016) ............... 6, 9

*Gen. Tel. Co. of Sw. v. Falcon*,
  457 U.S. 147 (1982) ................................................................................................ 5

*Heffelfinger v. Elec. Data Sys.*,
  No. CV 07-00101 MMM (Ex), 2008 WL 8128621 (C.D. Cal. Jan. 7, 2008) ............... 7

*Hernandez v. Alexander*,
  152 F.R.D. 192 (D. Nev. 1993) ............................................................................ 13

*Kamm v. Cal. City Dev. Co.*,
  509 F.2d 205 (9th Cir. 1975) .................................................................................. 5

*Krueger v. Wyeth*,
  No. 03cv2496, 2008 WL 481956 (S.D. Cal. Feb. 19, 2008) ................................. 11

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

ii

*Lardil v. Inflight Motion Pictures, Inc.*,
   582 F.2d 507 (9th Cir. 1978) .................................................................................. 10

*Lyons v. Bank of America*,
   No. C 11–1232 CW, 2011 WL 6303390 (N.D. Cal. Dec. 16, 2011) ....................... 7

*Martin v. Pac. Parking Sys. Inc.*,
   583 F. App'x 803 (9th Cir. 2014) ......................................................................... 6, 9

*Mazur v. eBay Inc.*,
   257 F.R.D. 563 (N.D. Cal. 2009) ............................................................................ 6

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) .................................................................................... 7

*McClain v. Lufkin Indus., Inc.*,
   519 F.3d 264 (5th Cir.2008) ................................................................................... 11

*In re Mortgage Electronic Registration Systems (Mers) Litigation*,
   2015 WL 9268189 (D. Ariz., 2015) ......................................................................... 8

*O'Neil v. Appel*,
   165 F.R.D. 479 (W.D. Mich. 1996) ....................................................................... 13

*Parsons v. Ryan*,
   754 F.3d 657 (2014) ............................................................................................... 12

*Pearl v. Allied Corp.*,
   102 F.R.D. 921 (E.D. Pa. 1984) ............................................................................. 11

*Pierce v. Cnty. of Orange*,
   526 F.3d 1190 (9th Cir. 2008) ............................................................................... 14

*Spokeo, Inc. v. Robins*,
   136 S.Ct. 1540 (2016) .............................................................................................. 8

*Stoudt v. E.F. Hutton & Co., Inc.*,
   121 F.R.D. 36 (S.D.N.Y. 1988) ............................................................................. 13

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) .................................................................................................. 8

*Tietsworth v. Sears Roebuck Co.*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010) ................................................................... 5

*Tyson Foods, Inc. v. Bouaphakeo*,
   —— U.S. ——, 136 S.Ct. 1036 (2016) ............................................................ 12, 13

*In re Universal Serv. Fund Tel. Billing Practices Litig.*,
   219 F.R.D. 661 (D. Kan. 2004) .............................................................................. 11

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

iii

*Vinole v. Countrywide Home Loans, Inc.*,
  571 F.3d 935 (9th Cir. 2009) ........................................................................... 6

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S.Ct. 2541 (2011) ............................................................................... 5, 12

*Wright v. Family Dollar, Inc.*,
  No. 10 C 4410, 2010 WL 4962838 (N.D. Ill. Nov. 30, 2010) .......................... 6

*Xavier v. Philip Morris USA, Inc.*,
  787 F. Supp. 2d 1075 (N.D. Cal. 2011) ................................................... 5, 9

*In re Zappos.com, Inc.*,
  No. 3:12-cv-00325-RCJ-VPC2016 WL 2637810 (D. Nev. May 6, 2016) ................ 5, 8

**State Cases**

*Small v. Lorillard Tobacco Co.*,
  679 N.Y.S.2d 593 (N.Y. App. Div. 1998) ........................................................ 12

**State Statutes**

Nevada Revised Statutes § 107.080 .......................................................... 3, 10

Nevada Revised Statutes § 107.080(2) ......................................................... *passim*

Nevada Revised Statutes § 107.080(2)(c) ........................................................ 4

Nevada Revised Statutes § 107.080(2)(c)(1) .................................................... 4

Nevada Revised Statutes § 107.080(3) ..................................................... 11, 12

Nevada Revised Statutes § 107.080(4) ..................................................... 11, 12

Nevada Revised Statutes § 107.080(5) ............................................................. 3

Nevada Revised Statutes § 107.080(7) ......................................................... *passim*

Nevada Revised Statutes § 107.080(7)(c) ......................................................... 3

**Rules**

Federal Rules of Civil Procedure, Rule 12(f) ................................................ 5, 6

Federal Rules of Civil Procedure, Rule 23 .................................................. *passim*

Federal Rules of Civil Procedure, Rule 23(a) ................................................. 13

Federal Rules of Civil Procedure, Rule 23(a)(2) .............................................. 12

Federal Rules of Civil Procedure, Rule 23(a)(4) .............................................. 10

iv

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

Federal Rules of Civil Procedure, Rule 23(b) ................................................................. 5

Federal Rules of Civil Procedure, Rule 23(b)(2) ..................................................... 11, 12

Federal Rules of Civil Procedure, Rule 23(b)(3) ............................................... 11, 13, 14

Federal Rules of Civil Procedure Rule 23(c)(1)(A) ...................................................... 5, 6

Federal Rules of Civil Procedure, Rule 23(d)(1)(D) ..................................................... 5, 6

**Constitutional Provisions**

U.S. Constitution, Article III ........................................................................................ 7, 8

**Other Authorities**

Nevada Assembly Bill 284 (2011) ..................................................................................... 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

LV 420771905v5

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Plaintiff Crystal Torno ("Plaintiff") seeks to certify three putative classes of borrowers whose mortgage loans were serviced by Defendant Green Tree Loan Servicing, LLC. ("Green Tree") and for whom Green Tree executed affidavits of authority under NRS § 107.080(2) identifying itself as the "current holder of the note secured by the deed of trust" and/or as the "current beneficiary of record." However, it is apparent from the pleadings that Plaintiff's claim is not appropriate for class treatment. The Ninth Circuit authorizes district courts to strike class allegations where, as here, it is clear from the four corners of the complaint that no class can be certified. Eliminating meritless class allegations at an early stage allows the parties to focus on the core legal issues and avoid the unnecessary expense and burden of class discovery.

This action cannot be certified under Fed. R. Civ. P. 23 for multiple reasons, including:

*First,* the proposed classes are not ascertainable, which is a threshold requirement for class certification. The proposed class definitions in the Second Amended Complaint ("SAC") include borrowers who have no conceivable claim against the Defendants and /or suffered no injury-in-fact. For example, they include borrowers whose affidavits accurate accurately identified Green Tree as the current beneficiary and holder, borrowers whose properties were never sold at a foreclosure sale, and borrowers whose claims would be different than, or inconsistent with, Plaintiff's claim as alleged in the SAC. Finally, the putative classes are not ascertainable because there is no way to limit class membership only to those borrowers with standing to assert claims under NRS § 107.080 (7) based on the allegations in the SAC without conducting "mini-trials" or engaging in extensive individualized loan level investigations.

*Second,* Plaintiff is not an adequate class representative because she possesses insurmountable conflicts of interest with putative class members. In amending her pleadings to assert class claims, Plaintiff abandoned the treble-damages remedy available under NRS § 107.080(7), prejudicing the interests of unnamed class members precluded from pursuing actual damages in a subsequent action. Putative class members would also be forced to forego the individualized injunctive relief available under the statute. Plaintiff's request for injunctive relief is illusory because she lacks standing to obtain such relief given that her property was sold at a foreclosure sale several years ago. Nor does Rule 23 permit a court to fashion individualized injunctive relief for class members as it could for individual plaintiffs.

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

1

**Third**, Plaintiff's class claims are not subject to proof through evidence that is common to the class. A fact-finder would need to review each putative class member's loan documents and property records to determine whether the affidavit of authority accurately identified the record beneficiary and note holder at the time of its preparation, whether any defenses apply to their individual claim, whether they suffered concrete injury, and what remedy, if any, is approriate under the statute.

**Fourth,** a class action is not a superior way of addressing whether individual borrowers' affidavits of authority complied with NRS § 107.080(2).  This issue is much more effectively addressed by individual borrowers in proceedings brought at the time of foreclosure before judges who have the full range of remedies afforded under NRS § 107.080(7) at their disposal.

## **BACKGROUND**

### A.      FACTUAL BACKGROUND.

In 2005, Plaintiff obtained a mortgage loan ("Loan") from Republic Mortgage, LLC ("Republic") for $204,155.  (SAC ¶ 12).  Plaintiff executed a note ("Note") and a deed of trust ("DOT") against the property ("Property"), which secured the Note.  (SAC ¶ 13).  The DOT identified Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Republic and its successors and assigns, as the beneficiary of the DOT.  (SAC ¶ 20; Request for Judicial Notice in Support of Motion for Judgment on the Pleadings ("RJN") (Dkt. # 23) Ex. 1, at 11).  The DOT was duly recorded in the Clark County Recorder's Office on December 22, 2005.  Sometime thereafter Green Tree became the servicer of the Loan.  (SAC ¶ 12).

In May 2012, Plaintiff ceased making payments on the Loan and the Loan went into default.  (*See* Notice of Default recorded on January 22, 2013; RJN Ex. 2).  On July 25, 2012, the DOT was assigned from MERS to Green Tree.  (SAC ¶ 18; RJN Ex. 3 (Corporate Assignment of Deed of Trust, recorded on July 25, 2012)).  On or about January 22, 2013, Green Tree prepared and recorded a Notice of Default ("NOD").  (SAC ¶ 20; RJN Ex. 2 (NOD)).  The NOD attached an affidavit of authority ("Affidavit" or "Affidavit of Authority") as required under NRS § 107.080(2).  The Affidavit identified Green Tree as the "current beneficiary of record of the Deed of Trust" and the "current holder of the Note."  (SAC ¶ 22; RJN Ex. 2, at 3-4).

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

In or around September 2013, Plaintiff learned that Defendant Federal National Mortgage Association ("Fannie Mae") had acquired the Loan.[1]  Plaintiff sued in the District Court for Clark County (the "Action" or the "2013 Action") alleging that Green Tree had misrepresented itself as the "current owner of the Note" in the Affidavit of Authority.  (RJN Ex. 11 (2013 Action Complaint) ¶ 14).  She asserted claims for breach of contract, fraud, and violation of NRS §§ 107.080, 107.082, and 107.086.  (RJN Ex. 11 (2013 Action Complaint)).  Plaintiff did not seek to enjoin the impending foreclosure sale of her Property and National Default Servicing ("NDS"), the trustee, conducted a foreclosure sale on January 28, 2014.  Fannie Mae purchased the Property and took title to it by a Trustee's Deed Upon Sale ("TDUS"), which was duly recorded on February 5, 2014. (RJN Ex. 8).

On March 14, 2014, Plaintiff filed a second action in the District Court for Clark County, Nevada, Case No. A-14-697704-C (the "2014 Action") seeking to void the trustee's sale under NRS § 107.080(5).  The premise of the 2014 Action was identical to that of the 2013 Action --Green Tree's alleged misrepresentation that it was the "beneficiary" of the DOT.  Plaintiff sought, and the state court entered, a preliminary injunction barring Fannie Mae from evicting Plaintiff from the Property.  (RJN Ex. 21 (April 14, 2014, Order)).  This injunction has remained in effect, and Plaintiff has remained in the Property, ever since.[2]  Plaintiff subsequently sought leave to amend her complaint in the 2013 Action to add class allegations.  In doing so, Plaintiff represented that she would drop all of her pending causes of action, which included breach of contract, fraud, violations of NRS § 107.080, and declaratory relief, and would instead assert a single claim under NRS § 107.080(7) in the amended pleading.  The Court granted Plaintiff's motion.  Defendants removed the action to federal court under the Class Action Fairness Act.

## B.   THE SECOND AMENDED COMPLAINT.

The SAC asserts a single claim under NRS § 107.080(7)[3] against each Defendant.  NRS § 107.080(7) provides:

---

[1] Plaintiff alleges that Fannie Mae purchased the Loan on or before May 31, 23 2009.  (SAC ¶ 15).

[2] The state court consolidated the two lawsuits "for all purposes." (RJN Ex. 17 (Order Granting Motion to Consolidate), Ex. 22 (Motion to Consolidate)).  However, following removal, Plaintiff sought to "reopen" the 2014 Action and the state court granted her request.

[3] Section 7 was added to NRS §107.080 in 2011 as part of Nevada Assembly Bill 284 (2011), which also amended NRS § 107.080(2) to add the affidavit of authority requirement.  NRS § 107.080(7) has

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

If, in an action brought by the grantor or the person who holds title of record in the district court in and for the county in which the real property is located, the court finds that the beneficiary, the successor in interest of the beneficiary or the trustee did not comply with any requirement of subsection 2, 3 or 4, the court must award to the grantor or the person who holds title of record:

(a)  Statutory damages of $5,000 or treble actual damages, whichever is greater;

(b)  An injunction enjoining the exercise of the power of sale until the beneficiary, the successor in interest of the beneficiary or the trustee complies with the requirements of subsections 2, 3 and 4; and

(c)  Reasonable attorney's fees and costs,

unless the court finds good cause for a different award.

NRS § 107.080(7) (effective October 1, 2011).  According to the SAC, Defendants violated NRS § 107.080(2)(c) by executing and recording an affidavit of default that "falsely" identified Green Tree as the "current holder of the note and/or current beneficiary of record." (SAC ¶¶ 77, 83, 89).  Plaintiff alleges that these statements were false because "Green Tree confessed to Ms. Torno that it was not the actual beneficiary of the loan" after she submitted a short sale offer.  (SAC ¶ 36).

Plaintiff seeks to represent three separate classes of Green Tree borrowers, each consisting of: "present and former grantors of deeds of trust or persons who hold or held the title of record of real property in Nevada, who held such interests in the real property when, from October 1, 2011, to the present, [Green Tree, National Default, or Fannie Mae] executed and/or caused to be recorded a notice of default which contained an affidavit listing Green Tree as the current holder of the note secured by the deed of trust and/or as the current beneficiary of record." (SAC ¶¶ 41,52, 63).  The three classes are differentiated only by the entity that allegedly "caused" the notice of default to be recorded: Green Tree, NDS, or Fannie Mae (collectively, the "Proposed Classes").[4]  Plaintiff seeks (i) $5,000.00 in statutory damages to every Class Member; (ii) injunctive relief prohibiting Green Tree from exercising any pending or future power of sale until Green Tree "complies" with NRS § 107.080(2)(c)(1), and (iii) reasonable attorney's fees and costs.

---

been amended several times since its enactment.  This action involves the version that was in effect in January 2013.

[4] The SAC contains no allegations that either Fannie Mae or NDS specifically "caused" the recordation of any affidavits of authority.  The Fannie Mae and NDS classes should be struck from the SAC for this reason alone.

4

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

## **LEGAL STANDARD**

Class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011). This exception is justified where the class members and the class representative possess the same interest and have suffered the same injury. *Id.* To certify a class, the plaintiff must first prove that an ascertainable class exists. *Xavier v. Philip Morris USA, Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011). If this threshold is satisfied, the named plaintiff must demonstrate that the class claims are limited to those "fairly encompassed by the named plaintiff's claims." *Wal-Mart Stores*, 131 S.Ct. at 2550. To that end, the plaintiff must demonstrate that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Id.* The plaintiff must also satisfy one of the three criteria in Rule 23(b). *Id.*

As the Supreme Court and Ninth Circuit have recognized, motions to strike class allegations are a useful means of testing class claims at an early stage. *See Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 160 (1982) ("[S]ometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are encompassed within the named plaintiff's claim."); *In re Zappos.com*, No. 3:12-cv-00325-RCJ-VPC, 2016 WL 2637810 (D. Nev. May 6, 2016), *recons. denied sub nom.*, *In re Zappos.com Customer Data Security Breach*, 2016 WL 4521681 (D. Nev. Aug. 29, 2016) (granting motion to strike class allegations "because it is clear from the face of the TAC that Plaintiffs cannot make a prima facie showing of Rule 23's prerequisites") "Such motions are particularly appropriate when the class allegations contravene a legal bar against the class treatment of the action—such as a plaintiff's lack of statutory standing to bring suit on behalf of the purported class or the assertion of claims that do not permit class treatment under the pertinent statute." *Kamm v. Cal. City Dev. Co.,* 509 F.2d 205, 212 (9th Cir. 1975) (affirming the district court's order dismissing class allegations).

Motions to strike class allegations may be brought under Fed. Rules Civ. Pro. 23(c)(1)(A), 23(d)(1)(D), and 12(f). *Tietsworth v. Sears Roebuck Co.,* 720 F. Supp. 2d 1123, 1138 (N.D. Cal. 2010) ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

maintained.").  Under Rule 23(c)(1)(A), a court must determine whether to certify an action as a class action "at an early practicable time."  The "early practicable time" directive suggests that courts may and should address a plaintiff's class allegations at inception if "the pleadings are facially defective and definitively establish that the class action cannot be maintained."  *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010).  Rule 23 expressly authorizes a motion to strike class allegations, allowing courts to issue orders "requiring that the pleadings be amended to eliminate allegations about the representation of absent persons and that the action proceeds accordingly."  Rule 23(d)(1)(D).  *See also Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 940-41 (9th Cir. 2009) ("[D]efendant may move to deny class certification before a plaintiff files a motion to certify [. . . ]").  Rule 12(f) allows a court, on its own or by the motion of either party, to strike from a pleading "any redundant, immaterial, impertinent or scandalous matter" to avoid wasting "time and money litigating spurious issues by dispensing with those issues prior to trial."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).  All three rules support dismissal of Plaintiff's class allegations.

## **ARGUMENT**

## I.   **THE PROPOSED CLASSES ARE NOT ASCERTAINABLE.**

A party seeking class certification must demonstrate, as a threshold matter, that "an identifiable and ascertainable class exists."  *Mazur v. eBay Inc.,* 257 F.R.D. 563, 567 (N.D. Cal. 2009) (citing *Whiteway v. FedEx Kinko's Office & Print Servs., Inc.,* No. C 05–2320 SBA, 2006 WL 2642528, at *3 (N.D. Cal. Sept. 14, 2006) ("An implied prerequisite to certification is that the class must be sufficiently definite.").  "Courts have considered at least three types of 'ascertainability' concerns when determining whether class certification is appropriate: (1) whether the class can be ascertained by reference to objective criteria; (2) whether the class includes members who are not entitled to recovery; and (3) whether the putative named plaintiff can show that he will be able to locate absent class members once a class is certified."  *Dudum v. Carter's Retail, Inc.*, No. 14–CV–00988–HSG, 2016 WL 946008, at *5 (N.D. Cal. Mar. 14, 2016).  *See also Martin v. Pac. Parking Sys. Inc.*, 583 F. App'x 803, 804 (9th Cir. 2014) (upholding trial court's denial of class certification on ascertainability grounds where plaintiff offered no plan for reliably identifying class members); *Fed. Housing Fin. Agency v. SFR Inves. Pool 1, LLC*, No.: 2:15-cv-01338-GMN-CWH, 2016 WL 2350121, at *3 (D.

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

Nev. May 2, 2016) ("As a threshold matter, a party seeking class certification must prove that the class is ascertainable, meaning that membership in the class can be determined by reference to objective criteria.") (citations omitted).  The proposed class definitions suffer from each of these defects.

**First,** the proposed class definitions violate the well-established rule that "[n]o class may be certified that contains members lacking Article III standing." *Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 594 (9th Cir. 2012).  A class must "not [be] so broad as to include individuals who are without standing to maintain the action on their [own] behalf." *Heffelfinger v. Elec. Data Sys.*, No. CV 07-00101 MMM (Ex), 2008 WL 8128621, at *5, *9 (C.D. Cal. Jan. 7, 2008).  *See also Lyons v. Bank of America*, No. C 11–1232 CW, 2011 WL 6303390 (N.D. Cal. Dec. 16, 2011) (striking class allegations in an action claiming that Bank of America engaged in unfair and unlawful business practices where the putative class include all borrowers in United States whose mortgage loans had been serviced by Bank of America and therefore improperly included unharmed individuals).

Here, the Proposed Classes consist of "all persons who hold or held the title of record of real property in Nevada [when a defendant] executed and/or caused to recorded a notice of default which contained an affidavit listing Green Tree as the current holder of the note . . .  and/or as the current beneficiary of record." The Proposed Classes are not defined in such a way that anyone within them would have standing to assert claims under NRS § 107.080(7) because they include borrowers whose affidavits correctly identified Green Tree as the beneficiary and /or holder.  They also include borrowers who lack standing to assert a claim based upon alleged non-compliance with NRS § 107.080(2) because their properties were never sold at a trustee's sale, or have not yet been sold.  Because NRS § 107.080(2) requires recordation of an affidavit of authority only as a prerequisite to a trustee's sale, borrowers whose foreclosures were never completed or remain pending did not suffer injury-in-fact.  *See* NRS § 107.080(2) ("power of sale must not be exercised" until the requirements of subsections 2, 3, and 4 have been met).  In addition, any class member who (1) conceded the validity of the debt and their loan default, (2) elected not to participate in the foreclosure mediation process, and/or who (3) had no viable ability to satisfy any loss mitigation options would have no concrete injury caused by a foreclosure sale.

Borrowers who fall into the categories described above would lack standing to assert claims of their own under NRS § 107.080(7), and therefore their inclusion in the proposed class renders certification

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

7

improper. "The requirement of injury-in-fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009). To satisfy Article III, injuries must be "concrete" – they must exist, they must be real, and they cannot be abstract. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016). While injury-in-fact may be intangible, the harm caused by the alleged conduct must be "certainly impending," and allegations "of possible future harm are not sufficient." *In re Zappos.com, Inc.*, No. 3:12-cv-00325-RCJ-VPC2016 WL 2637810, at *8 (D. Nev. May 6, 2016) (granting motion to strike class allegations because proposed classes included any person whose personal information was compromised during Zappos data breach, whether or not person was victim of fraud following the breach) (citing *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013)). Class definitions that include members who lack standing to bring their own claims do not satisfy the ascertainability requirement and should be stricken from the pleadings to avoid wasting time and money litigating spurious issues.

 **Second,** the Proposed Classes are not ascertainable because they include borrowers whose claims (if any) would be different from, or inconsistent with, those asserted in the SAC. The lynchpin of Plaintiff's claim is that the Affidavit recorded in connection with her foreclosure falsely represented Green Tree's status as beneficiary and holder. The SAC admits, however, that "on July 25, 2012 (prior to recordation of the Affidavit) , the DOT was assigned from MERS to Green Tree." (SAC ¶ 18; RJN Ex. 3 (Corporate Assignment of Deed of Trust, recorded on July 25, 2012)). The SAC does not allege that any other assignment of the DOT was recorded between July 25, 2012 and January 22, 2013, the date on which Green Tree prepared and recorded a Notice of Default ("NOD"). While Plaintiff's definition of "false" for purposes of this suit remains murky, it is apparent that the proposed class definitions include borrowers whose affidavits were consistent with the contemporraneous recorded land records, as well as borrowers whose affidavits were contracdcited by those recoreds (if any such borrowers exist). A class may not include members with fundametlaly different claims or members whose claims are not included within the operative complaint. *See In re Mort. Elec. Registration Sys. (Mers), Litig.*, No. MDL 09-2119-PHX-JAT, 2015 WL 9268189, at *5 (D. Ariz. Dec. 21, 2015) (declining to "accept such expanded definitions as proposed by Plaintiffs because the definitions are inconsistent with their own arguments regarding who is impacted by Defendants' alleged wrong").

 **Third**, the class definitions do not contain "objective, rather than subjective, criteria" for identifying, which (if any) putative class members have standing to assert the claim alleged in the SAC.

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

8

*Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011).  Nor can Plaintiff show that it would be "objectively feasible to determine whether a particular person is a class member" or that she would be able to locate absent class members if a class were to be certified.  *Bias v. Wells Fargo & Co.*, 312 F.R.D. 528, 538 (N.D. Cal. 2015).  Plaintiff's complaint about the affidavit is that GreenTree was not the current holder of the note and/or the current beneficiary of the DOT when it was recorded.  Identifying the hypothetical subset of borrowers whose affidavits were recorded when GreenTree was not the current holder of the note and/or the current beneficiary of the DOT would require individualized review of each borrower's loan documents and property records, as they existed at the time the affidavit was recorded.  For each putative class member, the fact finder would need to review, at a minimum, the deed of trust, recorded assignments, the note, the notice of default, and the affidavit of authority.  The fact finder would effectively adjudicate the merits of each borrower's claim simply to determine class membership.  Plaintiff's voluminous discovery requests in this case -- seeking virtually every one of the aforementioned documents for all loans serviced by Green Tree in Nevada during the class period -- proves that ascertaining class membership would require extensive individualized loan-level document review, defeating the very purpose of class treatment.

        Because determining class membership would entail individualized "mini-trials," class membership is not ascertainable, and the class allegations must be stricken.  *See e.g., Martin v. Pac. Parking Sys. Inc., 583 F. App'x 803, 804 (9th Cir. 2014), cert. denied, 135 S. Ct. 962 (2015) (*affirming district court's finding that plaintiff's "proposed class was not ascertainable because there was no reasonably efficient way to determine which of the hundreds of thousands of individuals who used parking lots" fell within plaintiff's proposed class); *Fed. Housing Fin. Agency v. SFR Invest. Pool 1, LLC*, No.: 2:15-cv-01338-GMN-CWH, 2016 WL 2350121, at *4 (D. Nev. May 2, 2016) (denying certification of class of current record owner of units for which "an Enterprise Lien had attached and had not been satisfied at the time of the applicable HOA foreclosure sale because the class definition's reliance on the phrase 'Enterprise Lien' impermissibly implicates the merits of this case"); *Benito v. IndyMac Mortg. Servs.*, No. 2:09–CV–001218–PMP–PAL, 2010 WL 2089297, at *2 (D. Nev. May 21, 2010) (denying certification where "determination of who falls into the[e] class could not be made without a merits determination first, particularly as to the "knowingly" requirement").

9

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

For all of these reasons, the class allegations should be stricken because the Proposed Classes are not ascertainable.

## II.   PLAINTIFF IS NOT AN ADEQUATE CLASS REPRESENTATIVE.

Under Fed. R. Civ. P. 23(a)(4), a named plaintiff must demonstrate that she will fairly and adequately protect the interests of the class.  "This requirement is grounded in constitutional due process concerns: 'absent class members must be afforded adequate representation before entry of a judgment which binds them.'"  *Evans v. IAC/Interactive Corp.*, 244 F.R.D. 568, 578 (C.D. Cal. 2007) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.1998).  Representation is adequate if the named plaintiff does not have conflicting interests with the unnamed class members.  *Lardil v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).  The adequacy inquiry under Rule 23(a)(4) uncovers conflicts of interest between named parties and the class they seek to represent.

Here, it is clear from the face of the SAC that Plaintiff possesses insurmountable conflicts of interest with the classes she seeks to represent that render her unsuitable to represent the Proposed Classes.  *First,* as described above, Plaintiff improperly purports to represent both injured and uninjured parties.  The Supreme Court has held that a class representative is inadequate if he or she purports to represent both injured and uninjured parties (or parties with both actual and inchoate injuries).  *See e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (finding class representative inadequate based on conflict of interest between class members with asbestos injuries and those with yet undiagnosed injuries); *Drimmer v. WD-40 Co.*, No. 06-CV-900 W(AJB), 2007 U.S. Dist. LEXIS 62582, at *5-9 (S.D. Cal. Aug. 24, 2007) (finding class representative inadequate, in part, because he could not "simultaneously represent injured and uninjured class members").  Plaintiff seeks to represent "present and former grantors of deeds of trust or persons who hold or held the title of record of real property [at the time Green Tree, National Default or Fannie Mae executed and/or caused an affidavit to be recorded]."  The Proposed Classes include borrowers who suffered no injury because, for example, their affidavits complied with NRS § 107.080 or their properties were never sold at a foreclosure sale; borrowers still in the foreclosure process; and borrowers who suffered concrete injury and have standing to assert a claim based upon alleged non-compliance with NRS § 107.080(2).  Plaintiff cannot adequately represent each of these disparate groups, each with varying interests and alleged injuries.

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

10

*Second*, Plaintiff is inadequate because she has "opt[ed] to pursue certain claims on a class-wide basis while jeopardizing class members' ability to pursue other claims subsequently." *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 219 F.R.D. 661, 668 (D. Kan. 2004).  NRS § 107.080(7) provides that, upon the finding of non-compliance with NRS § 107.080(2), (3) or (4), a court must award "statutory damages of $5,000 or treble actual damages, whichever is greater … unless the court finds good cause for a different award."  Plaintiff seeks only statutory damages in this action (presumably because she has no actual damages).  Her abandonment of an available remedy (as well as other possible causes of action) creates an insurmountable conflict of interest with unnamed class members that renders her unfit to serve as class representative.  *See, e.g.*, *Krueger v. Wyeth, Inc.*, No. 03cv2496, 2008 WL 481956, at *2 (S.D. Cal. Feb. 19, 2008) (declining to certify (b)(3) class where plaintiff elected to pursue only statutory damages—as opposed to statutory damages and damages for personal injuries—in a consumer class action.); *Drimmer*, 2007 U.S. Dist. LEXIS 62582, at *7-8 (finding class representative inadequate because he abandoned particular remedies to detriment of putative class members, and class members would be precluded by doctrine *of res judicata* from asserting those claims).[5]

**Third,** Plaintiff cannot pursue individualized injunctive relief on behalf of absent class members. NRS § 107.080(7) entitles a claimant to "an injunction enjoining the exercise of the power of sale until the beneficiary, the successor in interest of the beneficiary or the trustee complies with the requirements of subsections 2, 3 and 4."  Parroting the statute, the SAC seeks "injunctive relief prohibiting Green Tree from

---

[5] Courts across the country have refused to certify classes on inadequacy grounds where the named plaintiff fails to pursue all available forms of relief on behalf of the class.  *See, e.g.*, *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 283 (5th Cir. 2008) (affirming denial of Rule 23(b)(2) class certification where plaintiffs sought back pay but not compensatory or punitive damages); *Afar v. Hollywood Tanning Sys., Inc.*, 339 F. App'x 216 (3d Cir. 2009) (vacating certification of Rule 23(b)(3) class); *Pearl v. Allied Corp.*, 102 F.R.D. 921, 922-23 (E.D. Pa. 1984) (finding proposed named plaintiffs inadequate class representatives because they sought to recover cost of removing allegedly defective product, punitive damages, and fund for testing, screening and treatment of future medical problems, but abandoned claims for present physical injury, diminution in property value, and breach of express warranty); *Pearl v. Allied Corp.,* 102 F.R.D. 921, 922-23 (E.D. Pa. 1984) (finding proposed named plaintiffs inadequate class representatives because they sought to recover cost of removing allegedly defective product, punitive damages, and fund for testing, screening, and treatment of future medical problems, but abandoned claims for present physical injury, diminution in property value, and breach of express warranty).

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

exercising any pending or future power of sale until Green Tree complies with NRS § 107.080(2)."  However, this prayer for relief is illusory for several reasons.  *First*, Plaintiff lacks standing to pursue an injunction "prohibiting Green Tree from exercising any pending or future power of sale" because her Property was already sold at a trustee's sale in 2014.  *Second,* the SAC does not request certification under Fed. R. Civ. P. 23(b)(2).  *Third*, Rule 23 does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant.  Here, NRS § 107.080(7) expressly permits a state court to award a claimant an injunction tailored to his or her particular foreclosure, enjoining any and all alleged violations of NRS § 107.080(2), (3), or (4) and lasting for so long as necessary to remedy the offending conduct.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2557 (2011).  Putative class members would be forced to forgo this remedy in order to participate in the class.[6]  Plaintiff cannot adequately represent putative class members when she has abandoned and/or lacks standing to pursue remedies that would otherwise be available to class members.

## III.   THIS ACTION DOES NOT PRESENT COMMON ISSUES OF LAW OR FACT.

Fed. R. Civ. P. 23(a)(2) requires that a case present common issues of law or fact to be certified.  As the Ninth Circuit has held, to satisfy the commonality requirement, a plaintiff must "demonstrate that the class members 'have suffered the same injury,'" not merely violations of "the same provision of law." *Parsons v. Ryan*, 754 F.3d 657, 674-75 (9th 2014) (quoting *Dukes*, 131 S. Ct. at 2551).  Plaintiff's claims "must depend upon a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* (quoting *Dukes*, 131 S. Ct. at 2551).  "An individual question is one where 'members of a proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof.'" *Tyson Foods, Inc. v. Bouaphakeo*, ––– U.S. ––––, 136 S.Ct. 1036, 1045 (2016) (quoting 2 W. Rubenstein, Newberg on Class Actions § 4:50, pp. 196-197 (5th ed. 2012) (internal quotation marks omitted)).  "What matters to class certification . . . is not the raising of common 'questions'– even in droves – but, rather the capacity of a

---

[6] "The ability to opt out of the class is insufficient to protect the rights of putative class members who would want to seek remedies other than those chosen by the [class] representatives." *Small v. Lorillard Tobacco Co.*, 679 N.Y.S.2d 593, 601-02 (N.Y. App. Div. 1998).

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

1   classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* (quoting

2   *Dukes*, 131 S. Ct. at 2551) (additional cite omitted).  Rule 23(b)(3) requires that "questions of law or fact

3   common to class members predominate over any questions affecting only individual members."

4        The Proposed Classes cannot satisfy the commonality requirements of Rule 23(a) or the

5   predominance requirement of Rule 23(b)(3).  The Proposed Classes consist of borrowers  as to whom Green

6   Tree recorded affidavits of authority identifying Green Tree as "the current holder of the note secured by the

7   deed of trust and as the current beneficiary of record."  The central thesis of Plaintiff's individual claim is

8   that this representation was false on the affidavit filed *in connection with her foreclosure.*  Adjudicating the

9   truth or falsity of Plaintiff's affidavit will not rdetermine the truth or falisty of each class members' affidavit.

10  To the contrary, the accuracy of each affidavit can only be determined through *individualized evidence*.  This

11  casepresents the antithsis of a matter suited for class treatment.  It is clear from the face of the SAC that even

12  if Plaintiff were to narrow the proposed class definitions toexclude borrowers who lack standing, the case

13  cannot be certified because class members' claims would be incpable of adjudication by common evidence.

14  **IV.    A CLASS ACTION IS NOT SUPERIOR TO INDIVIDUAL LITIGATION.**

15        Plaintiff cannot show that a class action is superior to individual litigation.  A primary reason for

16  promulgating Rule 23 was to provide "small claimants with a method of obtaining redress for claims, which

17  would otherwise be too small to warrant individual litigation."  Stoudt v. E.F. Hutton & Co., Inc., 121 F.R.D.

18  36, 38 (S.D.N.Y. 1988).  As explained by the Southern District of New York, "[w]hen the size of each claim is

19  significant, and each proposed class member possesses the ability to assert an individual claim, the goal of

20  obtaining redress can be accomplished without the use of the class action device."  Stoudt, 121 F.R.D. at 38;

21  see also *Hernandez v. Alexander*, 152 F.R.D. 192, 194 (D. Nev. 1993) (considering "the size of individual

22  claims, financial resources of class members, [and] the ability of claimants to institute individual actions" in

23  determining practicality of joinder).  However, when "each class member has a large individual investment,"

24  there is "a strong motivation for individual action."  *O'Neil v. Appel*, 165 F.R.D. 479, 490 (W.D. Mich. 1996).

25  Borrowers facing wrongful or procedurally deficient foreclosure of their homes already have a strong

26  incentive to obtain injunctive relief.  The availability of treble actual damages, individual injunctive relief,

27  and attorneys' fees under NRS § 107.080(7) provides borrowers with strong additional incentives to bring

28  individual actions. See Stoudt, 121 F.R.D. at 38.

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

Further, "Rule 23(b)(3) would not offer a superior method for fair and efficient adjudication [of claims pertianing to affidvits of authority]  in light of expected difficulties identifying class members." *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1200 (9th Cir. 2008)  "Class membership here would be highly fluid and indefinite.  Issues of damages proof would be highly individualized and poorly addressed through a sampling. There are too many damages variables.").  Accordingly, concerns involving individual foreclosures are best addressed on a case-by-case basis given the loan-specific issues involved and the need for courts to fashion equitable remedies that are not available under Rule 23.  Accordingly, because class treatment is not superior to individual litigation of putative class member claims, the class allegations in the SAC should be stricken.

## **CONCLUSION**

For the preceding reasons, Defendants respectfully ask that the Court grant this Motion and enter an Order striking the class allegations from the Second Amended Complaint.

DATED:  September 15, 2016,                              GREENBERG TRAURIG, LLP

By:     */s/Jacob D. Bundick*
        JACOB D. BUNDICK (Bar No. 9772)
        bundickj@gtlaw.com
        JENNIFER GRAY (admitted *pro hac* vice)
        grayjen@gtlaw.com
        3773 Howard Hughes Parkway, Suite 400 North
        Las Vegas, Nevada  89169
        *Counsel for Defendants Green Tree Servicing, LLC and Federal National Mortgage Association*

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

14

1

### CERTIFICATE OF SERVICE

2    I certify that on the 15th day of September 2016, a copy of the foregoing was filed electronically via

3    the Court's CM/ECF system.  Notice of filing will be served on all parties by operation of the Court's

4    EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

5

6    */s/ Sandy Jackson*
     An employee of Greenberg Traurig, LLP

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

15

LV 420771905v5