Dennis L. Kennedy
Nevada Bar No. 1462
Joshua M. Dickey
Nevada Bar No. 6621
Paul C. Williams
Nevada Bar No. 12524
Amanda L. Stevens
Nevada Bar No. 13966
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone:  702.562.8820
Facsimile:  702.562.8821
DKennedy@BaileyKennedy.com
JDickey@BaileyKennedy.com
PWilliams@BaileyKennedy.com
AStevens@BaileyKennedy.com

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CRYSTAL TORNO (a.k.a. CRYSTAL A. THOMAS-BOLDUC), an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GREEN TREE SERVICING, LLC; NATIONAL DEFAULT SERVICING CORPORATION; and PREMIER AMERICAN TITLE AGENCY, INC., FANNIE MAE; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  2:15-cv-01018-APG-PAL<br><br>**Plaintiff Crystal Torno's Motion for Leave to File Third Amended Complaint** |

Plaintiff Crystal Torno (a.k.a. Crystal A. Thomas-Bolduc) ("Ms. Torno" or "Plaintiff"), by and through her attorneys of record, hereby files this Motion for Leave to File Third Amended Complaint (the "Motion").  Pursuant to Local Rule 15-1(a), the proposed Third Amended Complaint is attached hereto as Exhibit 1.

/ / /

/ / /

/ / /

1   This Motion is made and based upon the pleadings and papers on file herein, the following

2   memorandum of points and authorities, and any oral argument this Court may entertain on this

3   matter.

4   DATED this 21st day of October, 2016.

5                                          BAILEY❖KENNEDY

6                                          By: /s/ Paul C. Williams
                                              DENNIS L. KENNEDY
7                                             JOSHUA M. DICKEY
                                              PAUL C. WILLIAMS
8                                             AMANDA L. STEVENS

9                                             GEORGE H. HAINES
                                              DAVID H. KRIEGER
10                                            HAINES & KRIEGER
                                              8985 South Eastern Avenue, Suite 130
11                                            Las Vegas, Nevada 89123
                                              Phone: (702) 880-5554
12                                            Fax: (702) 385-5518
                                              GHaines@hainesandkrieger.com
13                                            DKrieger@hainesandkrieger.com
                                              *Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Ms. Torno seeks leave to file her proposed Third Amended Complaint, on behalf of herself and all others similarly situated, against Green Tree Servicing LLC ("Green Tree"), National Default Servicing Corporation ("National Default"), and the Federal National Mortgage Association ("Fannie Mae") (collectively, "Defendants") for their violations of NRS 107.080(2).  Defendants recorded (or caused to be recorded) notices of default containing affidavits of authority that falsely represented that Green Tree had the authority to exercise the power of sale.  Ms. Torno is informed and believes that Green Tree, during the foreclosure process, would often execute assignments of the deed of trust to third parties (such as Fannie Mae) prior to recording such notices of default. However, because the assignments were valid between Green Tree and the third party—even though not enforceable against the homeowners—Green Tree plainly did not have the authority to exercise the power of sale.

Further, Ms. Torno is seeking leave in good faith, the claims in the Third Amended Complaint are not futile, and granting leave will not cause any undue delay or result in any prejudice to the Defendants.  Very minimal discovery has occurred in this matter beyond the exchange of initial disclosures (which only pertained to Ms. Torno, not the putative class) and limited discovery in which Green Tree has failed to comply with the Court's Order compelling it to disclose fifty random loan files.  Accordingly, the Motion to Amend should be granted in its entirety, and this Court should permit Ms. Torno to serve and file the attached proposed Third Amended Complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A.      The Parties.

Ms. Torno is a resident and citizen of Clark County, Nevada.  (Exhibit 1, Third Am. Compl. ["TAC"] ¶ 1.)  Green Tree is a Delaware limited liability company with its principal place of business in Ramsey County, Minnesota.  (*Id.* ¶¶ 2-4.)  National Default is an Arizona corporation, with its principal place of business located in Phoenix, Arizona.  (*Id.* ¶¶ 5-7.)  Fannie Mae is a government sponsored entity (GSE) that does business in the State of Nevada, with its principal place of business located in Washington, D.C.  (*Id.* ¶¶ 8-9.)

### B. Ms. Torno Purchases the Home.

In 2005, Ms. Torno purchased the property at issue, which is located at 1365 Torington Drive, Las Vegas, Nevada 89108 (the "Home"), as her primary residence.  (*Id.* ¶ 12.)  Ms. Torno financed her purchase of the Home by a loan, evidenced by a promissory note (the "Note") and secured by a deed of trust (the "Deed of Trust") (jointly, the "Loan") through Republic Mortgage, LLC.  (*Id.* ¶ 13.)  Sometime thereafter, Green Tree became the servicer of the Loan.  (*Id.* ¶ 14.)

On or about July 11, 2012, Mortgage Electronic Registration Systems, Inc. executed a Corporate Assignment of Deed of Trust, purportedly assigning the Deed of Trust to Green Tree (the "2012 Assignment").  (*Id.* ¶ 15; ECF No. 23-3, Corporate Assignment of Deed of Trust.)

### C. Green Tree Assigns the Deed of Trust to Fannie Mae.

On or about January 8, 2013, Green Tree executed a Corporate Assignment of Deed of Trust, assigning the Deed of Trust to Fannie Mae (the "Fannie Mae Assignment").  (*Id.* ¶ 16; ECF No. 23-7, Corporation Assignment of Deed of Trust ["Fannie Mae Assignment"].)

### D. The Notice of Default.

On January 22, 2013, National Default filed a Notice of Default and Election to Sell (the "Notice of Default").  (*See generally* ECF No. 23-2, Notice of Default.)  Pursuant to the requirements of NRS 107.080(2), attached to the Notice of Default was an Affidavit of Authority in Support of Notice of Default and Election to Sell executed by Ruth Hernandez, Assistant Vice President of Green Tree (the "Hernandez Affidavit").  (*Id.* at 3-6.)[1]  The Hernandez Affidavit misrepresented that Green Tree had the authority to exercise the power of sale.  (*Id.* at 3-4.)  The Hernandez Affidavit also failed to identify Fannie Mae as a "known prior beneficiar[y] (whether of record or not) . . . ."  (*Id.* at 4.)

### E. Ms. Torno and Green Tree Attend Mediation.

Ms. Torno applied to the Nevada Foreclosure Mediation Program (the "FMP") pursuant to NRS 107.086.  (TAC ¶ 22.)  On May 24, 2013, a mediation was conducted pursuant to the FMP (the

---

[1]    Citations to page numbers for documents filed on the Court's Case Management/Electronic Case Files system ("ECF") are citations to the page numbers assigned by the ECF system (i.e. the page numbers in the upper-right hand corner of the filed document).

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

"Mediation"). (*Id.* ¶ 23.) Ms. Torno and a representative of Green Tree were physically present at the Mediation. (*Id.* ¶ 24.) Green Tree continued to represent that it has the authority to exercise the power of sale. (*Id.* ¶ 26.) Fannie Mae did not have a representative present at the Mediation. (*Id.* ¶ 25.)

At the Mediation, Ms. Torno and Green Tree entered into a Mediation Statement and Agreement (the "Agreement"). (*Id.* ¶ 27; ECF No. 23-11, Complaint, Sept. 23, 2013 ["Initial Compl."], at 19-28.) Pursuant to the Agreement, in consideration for Ms. Torno listing the Home and obtaining an offer of at least one hundred thousand dollars ($100,000), Green Tree agreed to short-sale the home and waive any potential deficiency that Ms. Torno might face. (*Id.* ¶ 29; ECF No. 23-15, SAC, ¶ 33; ECF No. 23-11, Initial Compl., at 24.)

**F.    Ms. Torno Performs her End of the Bargain; Green Tree Confesses that it is Not the Actual Beneficiary of the Loan.**

Pursuant to the Agreement, Ms. Torno obtained a bona fide offer of one hundred thousand dollars ($100,000) on the Home. (TAC ¶ 29.) Ms. Torno submitted the offer to Green Tree. (*Id.* ¶ 31.) In response to the submission of the offer, Green Tree finally confessed to Ms. Torno that it needed to obtain approval from an investor (Fannie Mae). (*Id.* ¶ 32.) Further, Green Tree notified Ms. Torno that the investor (Fannie Mae) would neither comply with the Agreement nor accept the $100,000 offer. (*Id.* ¶ 33.)

**G.    Fannie Mae (not Green Tree) Successfully Credit Bids at the Trustee's Sale on January 28, 2014; Fannie Mae (not Green Tree) is Identified as the Beneficiary of the Torno Deed of Trust.**

A public auction of the Home was conducted by National Default on January 28, 2014 (the "Trustee's Sale"). (*Id.* ¶ 34; ECF No. 23-8, Trustee's Deed Upon Sale, at 2.) At the Trustee's Sale, Fannie Mae—not Green Tree—made a credit bid of $174,877.62, which was the highest bid. (TAC ¶ 36; ECF No. 23-8, Trustee's Deed Upon Sale, at 2.) At the time of the Trustee's Sale, *the Fannie Mae Assignment had not been recorded*. (TAC ¶ 36; *compare* ECF No. 23-8, Trustee's Deed Upon Sale, at 2 (stating trustee's sale occurred on *January 28*, 2014) *with* ECF No. 23-7, Fannie Mae Assignment (recorded on *February 5*, 2014).)

1

**H.**     **The Fannie Mae Assignment is Recorded on February 5, 2014.**

2

Fannie Mae recorded the Fannie Mae Assignment on February 5, 2014.  (TAC ¶ 39.)  Thus,

3

*prior to* recording the Fannie Mae Assignment, Fannie Mae made a credit bid, as the beneficiary, at

4

the Trustee's Sale—demonstrating it treated the Fannie Mae Assignment as effective prior to its

5

recordation.  (ECF No. 29-1, Joint Answer ¶ 11; ECF No. 23-8, Trustee's Deed Upon Sale, at 2.)

6

**J.**     **Federal Court Action.**

7

On June 2, 2015, Green Tree removed the District Court Case No. A-13-689111-C to United

8

States District Court, District of Nevada.  (ECF. No. 1, Notice of Removal by Defendant Green Tree

9

Servicing, LLC Pursuant to 28 U.S.C. §§1332(d)(2), June 2, 2015.)

10

On August 3, 2015, the parties held a conference in accordance with Rule 26(f) and Local

11

Rule 26-1(d).  The parties were unable to agree on a Discovery Plan and filed separate proposed

12

discovery plans.  (*See* ECF No. 14, [Proposed] Discovery Plan and Scheduling Order, Sept. 28,

13

2015; ECF No. 15, [Proposed] Discovery Plan and Scheduling Order, Sept. 30, 2015.)  In their

14

proposed Discovery Plan and Scheduling Order, the Defendants proposed that discovery be

15

bifurcated into two phases: (1) merits discovery; and then (2) class discovery.  Plaintiff disagreed

16

with the bifurcation of discovery.  (*See* ECF No. 15, [Proposed] Discovery Plan and Scheduling

17

Order, Sept. 30, 2015.)

18

On October 20, 2015, the Court held a Scheduling Conference and determined that discovery

19

would not be bifurcated.  (*See* ECF No. 18, Minutes of Proceeding, Oct. 20, 2015.)  However, the

20

Court ordered the parties to attend a Status/Dispute Conference on December 15, 2015, at 9:30 a.m.

21

(the "Discovery Dispute Conference").  (*See id.*)  Prior to the Discovery Dispute Conference, the

22

parties were to propound written discovery requests, respond to the written discovery requests, and

23

then conduct a meet-and-confer in an attempt to resolve any outstanding discovery disputes.  (*See*

24

*id.*)  On October 22, 2015 Ms. Torno served written discovery requests on the Defendants.

25

On November, 6, 2015, before answering Plaintiff's discovery requests, the Defendants filed

26

a Motion to Dissolve the Injunction (ECF No. 20) and a Motion for Judgment on the Pleadings (ECF

27

No. 21).  Then on, December 4, 2016, the Defendants filed a Motion to Stay Discovery ("Motion to

28

Stay").  (ECF. No. 33, Motion to Stay Discovery, Dec. 4, 2015.)  Magistrate Judge Peggy A. Leen

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    granted Defendants' Motion to Stay until this Court ruled on the Motion for Judgement on the

2    Pleadings.  (ECF No. 49, Minutes of Proceedings, Jan. 14, 2016.)

3            On April 20, 2016, this Court denied Defendants' Motion for Judgement on the Pleadings,

4    making a preliminary finding that if Green Tree assigned the deed of trust—via the Fannie Mae

5    Assignment—prior to recording the notice of default, a violation of NRS 107.080(2) likely occurred

6    as "Green Tree did not have the authority to sell."  (ECF No. 57, Minutes of Proceedings, Apr. 20,

7    2016; ECF No. 60-1, Transcript of April 20, 2016 Hearing on Defendants' Motion for Judgement on

8    the Pleadings ["MJOP Hearing Transcript"], at 5:22 – 6:1.)  Therefore, on June 15, 2016, Judge

9    Leen lifted the Stay of Proceedings and set a status check hearing on July 28, 2016.  (ECF No. 59,

10   Order, June 16, 2016.)

11           At the July 28, 2016 status conference, Judge Leen—treating Plaintiff's Status Report as a

12   Motion to Compel—Ordered Green Tree to "produce 50 random loan files available in which Green

13   Tree was the servicer of the note, executed the affidavit of authority, and attached the notice of

14   default identifying Green Tree as the beneficiary."  (ECF No. 69, Minutes of Proceedings, July 28,

15   2016.)  On October 3, 2016, Green Tree provided Ms. Torno with 50 incomplete loan files.  (Exhibit

16   2, Email from Michael Hogue, Esq., Oct. 21, 2016 to Paul C. Williams, Esq, at 2.)  Green Tree

17   admitted that it had not provided the full loan files to Ms. Torno, contending that it did not believe it

18   was required to do so—despite the plain language of Judge Leen's Order.  (*Id.*)  In an effort to

19   resolve the matter without Court intervention, Ms. Torno offered to accept all notices of default and

20   assignments of deed of trust in the 50 loan files in lieu of the loan files in their entirety.  (*Id.* at 2-3.)

21   Green Tree has not responded to Ms. Torno's offer.  (*Id.* at 1.)[2]

22           **K.    The New Class Definitions.**

23           In her proposed Third Amended Complaint, Ms. Torno seeks to revise the class definitions as

24   follows:

25           All present and former grantors of deeds of trust or persons who hold or held
              the title of record of real property in Nevada, who held such interests in the
26           real property, where, from October 1, 2011 to the present: (1) Green Tree

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28   [2]       Green Tree's failure to comply with the Court's order will be addressed in a separate motion.

executed and/or caused to be recorded a notice of default which contained an affidavit of authority listing Green Tree as the current holder of the note secured by the deed of trust and as the current beneficiary of record; and (2) Green Tree, prior to the recordation of the notice of default, executed an assignment of the deed of trust to a third party; and (3) the real property is not currently subject to a pending trustee's sale based on the notice of default.

Collectively, all these persons will be referred to as the "Green Tree Class Members." The Green Tree Class Representative represents, and is a member of, the Green Tree Class.

Excluded from the Green Tree Class are Green Tree and any entities in which Green Tree has a controlling interest, Green Tree's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury and/or emotional distress.

(TAC ¶ 40.)  The National Default Class and the Fannie Mae Class are similarly revised. (*See* TAC ¶¶ 49, 59.)

## III.   ARGUMENT

"A party may amend its pleading once as a matter of course within: 21 days after serving it," or "21 days after service of a responsive pleading or motion pursuant to FRCP 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1).  Otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990)).

The court considers "four factors when reviewing a decision whether to permit an amendment: (1) bad faith on the part of the plaintiff[]; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir. 1999).  "Undue delay by itself, however, is insufficient to justify denying a motion to amend" without a "contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment."  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F .3d 1048, 1052 (9th Cir. 2003).  "The party opposing

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). This standard applies when the plaintiff seeks to amend the complaint to change the class definition. *Schulken v. Washington Mut. Bank, Henderson, NV*, No. 09-CV-02708-LHK, 2011 WL 2940293, at *1 (N.D. Cal. July 20, 2011).

Initially, the Motion is brought in good faith. Ms. Torno seeks to revise the class definition based upon the limited discovery the Defendants have produced in the case. Further, the revisions to the class definitions are congruent with the arguments Ms. Torno has made in arguments to the Court. (*See, e.g.*, ECF. No. 29, Response to Motion for Judgment on the Pleadings, Nov. 23, 2015.)

Second, the motion is timely and there has been no undue delay. The current discovery cut-off date is June 30, 2017, and the deadline for amending the pleadings and adding parties is not until April 3, 2017. (ECF No. 63, Case Management Plan, 4:21-22.)

Third, the amendment will not prejudice the defendants. As addressed above, only limited discovery has occurred in this matter. Furthermore, the Defendants are well aware of Ms. Torno's theory of the case—which is now reflected in the new class definitions and allegations—as it is congruent with Ms. Torno's prior arguments. (*See e.g.*, ECF. No. 29, Response to Motion for Judgment on the Pleadings, Nov. 23, 2015; ECF No. 68, Reply in Support of Joint Status Report/Motion to Compel, July 22, 2016.)

Finally, the amendment is not futile. This Court already denied Defendants' Motion for Judgment on the Pleadings. (ECF No. 57, Minutes of Proceedings, Apr. 20, 2016.) In issuing its order, this Court found that the Second Amended Complaint stated a viable claim, finding Defendants may have violated NRS 107.080(2) as result of the Fannie Mae Assignment because, even though it may be "technically correct in the sense that [Defendants] identified the beneficiary of record [as Green Tree], but it's in violation of the statute in my mind because Green Tree did not have the authority to sell. And so, therefore, it's a violation." (*See* ECF No. 60-1, MJOP Hearing Transcript, at 5:22 – 6:1.) Ms. Torno's change to the class definition reflects this Court's finding in its denial of Defendants' Motion for Judgement on the Pleadings.

1

V.     CONCLUSION

2        The Court should give Ms. Torno leave to amend to file the proposed Third Amended

3   Complaint.  *See Owens*, 244 F.3d at 712.  The Motion is brought in good faith, is timely, will not

4   prejudice the Defendants, and is not futile.

5        DATED this 21st day of October, 2016.

6                                                      BAILEY❖KENNEDY

7                                                      By: /s/ Paul C. Williams
                                                          DENNIS L. KENNEDY
8                                                         JOSHUA M. DICKEY
                                                          PAUL C. WILLIAMS
9                                                         AMANDA L. STEVENS

10                                                        GEORGE H. HAINES
                                                          DAVID H. KRIEGER
11                                                        HAINES & KRIEGER
                                                          8985 South Eastern Avenue, Suite 130
12                                                        Las Vegas, Nevada 89123
                                                          Phone: (702) 880-5554
13                                                        Fax: (702) 385-5518
                                                          GHaines@hainesandkrieger.com
14                                                        DKrieger@hainesandkrieger.com
                                                          *Attorneys for Plaintiff*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **CERTIFICATE OF SERVICE**

2         I certify that I am an employee of BAILEY❖KENNEDY and that on the 21ˢᵗ day of October,

3    2016, service of the foregoing Plaintiff Crystal Torno's Motion for Leave to File Third Amended

4    Complaint was made by mandatory electronic service through the United States District Court's

5    electronic filing system and/or by depositing a true and correct copy in the U.S. Mail, first class

6    postage prepaid, and addressed to the following at their last known address:

7    MARK E. FERRARIO, ESQ.              Email:  ferrariom@gtlaw.com
     JACOB D. BUNDICK, ESQ.,                     bundickj@gtlaw.com
8    TAMI D. COWDEN, ESQ.                         cowdent@gtlaw.com
     **GREENBERG TRAURIG, LLP**
9    3773 Howard Hughes Parkway            *Attorneys for Defendants*
     Suite 400 North                      GREEN TREE SERVICING LLC
10   Las Vegas, NV 89169                  and FANNIE MAE

11   JENNIFER L. GRAY, ESQ.              Email:  grayjen@gtlaw.com
     **c/o GREENBERG TRAURIG, LLP**
12   3773 Howard Hughes Parkway            *Attorneys for Defendants*
     Suite 400 North                      GREEN TREE SERVICING LLC
13   Las Vegas, NV 89169                  and FANNIE MAE

14   GREGORY L. WILDE, ESQ.              Email:  efilenv@tblaw.com
     KEVIN SODERSTROM, ESQ.,                     kss@tblaw.com
15   MATTHEW D. DAYTON, ESQ.                     md@tblaw.com
     **TIFFANY & BOSCO, P.A.**
16   212 South Jones Blvd.                *Attorneys for Defendant*
     Las Vegas, NV 89107                  NATIONAL DEFAULT
17                                        SERVICING CORPORATION

18

19                          _____/s/ Sharon Murnane_____
20                          Employee of BAILEY❖KENNEDY

21

22

23

24

25

26

27

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820