DENNIS L. KENNEDY
Nevada Bar No. 1462
JOSHUA M. DICKEY
Nevada Bar No. 6621
PAUL C. WILLIAMS
Nevada Bar No. 12524
AMANDA L. STEVENS
Nevada Bar No. 13966
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone:  702.562.8820
Facsimile:  702.562.8821
DKennedy@BaileyKennedy.com
JDickey@BaileyKennedy.com
PWilliams@BaileyKennedy.com
AStevens@BaileyKennedy.com

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CRYSTAL TORNO (a.k.a. CRYSTAL A. THOMAS-BOLDUC), an individual, <br><br> Plaintiff, <br><br> vs. <br><br> GREEN TREE SERVICING, LLC, a Delaware limited liability company; NATIONAL DEFAULT SERVICING CORPORATION, an Arizona corporation; and FEDERAL NATATIONAL MORTGAGE ASSOCIATION, a government-sponsored enterprise. <br><br> Defendants. | Case No.  2:15-cv-01018-APG-PAL <br><br> **PLAINTIFF CRYSTAL TORNO'S MOTION FOR SANCTIONS AGAINST GREEN TREE SERVICING, LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(B)(2)(A)** |

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), Plaintiff Crystal Torno (a.k.a. Crystal A. Thomas-Bolduc) ("Ms. Torno" or "Plaintiff"), by and through her attorneys of record, hereby moves (the "Motion") for sanctions against Green Tree Services, LLC (a/k/a Ditech

Financial, LLC) ("Green Tree") for failing to obey this Court's order compelling Green Tree to "produce 50 random *loan files* available in which Green Tree was the servicer of the note, executed the affidavit of authority, and attached the notice of default identifying Green Tree as the beneficiary" (the "Order"). (*See* ECF No. 69, Minutes of Proceedings [hereinafter, "Order"] (emphasis added).)

This Motion is made and based upon the pleadings and papers on file herein, the following memorandum of points and authorities, and any oral argument this Court may entertain on this matter.

DATED this 15th day of November, 2016.

BAILEY❖KENNEDY

By: /s/ Dennis L. Kennedy
DENNIS L. KENNEDY
JOSHUA M. DICKEY
PAUL C. WILLIAMS
AMANDA L. STEVENS

GEORGE H. HAINES
DAVID H. KRIEGER
HAINES & KRIEGER
8985 South Eastern Avenue, Suite 130
Las Vegas, Nevada 89123
Phone: (702) 880-5554
Fax: (702) 385-5518
GHaines@hainesandkrieger.com
DKrieger@hainesandkrieger.com
*Attorneys for Plaintiff*

## I.     INTRODUCTION

On July 28, 2016, this Court unambiguously compelled Green Tree to "produce 50 random *loan files* available in which Green Tree was the servicer of the note, executed the affidavit of authority, and attached the notice of default identifying Green Tree as the beneficiary." (ECF No. 69, Order.) The purpose of this discovery is to evaluate class certification. Subsequent to this Court's Order, Ms. Torno gave Green Tree two extensions to produce the 50 random loan files (including one extension *after* Green Tree had missed this Court's initial deadline to produce the documents). When Green Tree finally produced documents to Ms. Torno, its production was plainly inadequate. Indeed, Green Tree has expressly acknowledged that it did not provide, "50 random loan files," and instead limited its production to a few documents from each loan file that it unilaterally deemed relevant. Ms. Torno has made numerous efforts to resolve this issue without Court intervention, but Green Tree has refused to comply with the Court's order.

Green Tree is not authorized to modify this Court's Order to its liking, and, in any event, is not the arbiter of relevancy. Green Tree should be sanctioned for its willful disregard of this Court's Order. Specifically, sanctions should include: (1) a finding that Ms. Torno has established—or a prohibition against Defendants opposing class certification on the grounds that Ms. Torno has not established—numerosity, commonality, typicality, or "that the questions of law or fact common to class members predominate over any questions affecting only individual members;" (2) an award of Ms. Torno's reasonable attorney's fees and costs incurred as a result of Green Tree's failure comply with this Court's Order; and (3) such other relief as the Court deems appropriate.

## II.     PROCEDURAL HISTORY

**A.   Ms. Torno Propounds Discovery Requests on Defendants; Discovery is Stayed Pending Resolution of this Court's Ruling on Defendants' Motion for Judgment on the Pleadings.**

On August 3, 2015, the parties held a conference in accordance with Rule 26(f) and Local Rule 26-1(d). The parties were unable to agree on a Discovery Plan and filed separate proposed discovery plans. (*See* ECF No. 14, [Proposed] Discovery Plan and Scheduling Order, Sept. 28, 2015; ECF No. 15, [Proposed] Discovery Plan and Scheduling Order, Sept. 30, 2015.) In their proposed Discovery Plan and Scheduling Order, the Defendants proposed that discovery be

1  bifurcated into two phases: (1) merits discovery; and then (2) class discovery.  Plaintiff disagreed
2  with the bifurcation of discovery.  (*See* ECF No. 15, [Proposed] Discovery Plan and Scheduling
3  Order, Sept. 30, 2015.)

4        On October 20, 2015, the Court held a Scheduling Conference and determined that discovery
5  would not be bifurcated.  (*See* ECF No. 18, Minutes of Proceeding, Oct. 20, 2015.)  However, the
6  Court ordered the parties to attend a Status/Dispute Conference on December 15, 2015, at 9:30 a.m.
7  (*See id.*)    Prior to the discovery dispute conference, the parties were to propound written discovery
8  requests, respond to the written discovery requests, and then conduct a meet-and-confer in an
9  attempt to resolve any outstanding discovery disputes.  (*See id.*)

10        On October 22, 2015 Ms. Torno served written discovery requests on the Defendants.  (*See*
11  ECF Nos. 38-1; 38-3; 38-5; 38-7; 38-9; 38-11.)  Defendants objected to the vast majority of Ms.
12  Torno's discovery requests.  (*See* ECF Nos. 38-2; 38-4; 38-6; 38-8; 38-10; 38-12.)  On December
13  12, 2015, Ms. Torno filed a Joint Status Report (the "Status Report"), explaining her and National
14  Default's positions with respect to her discovery requests, and the Parties' meet-and-confer efforts.
15  (*See generally* ECF No. 38, Joint Status Report, Dec. 12, 2015.)

16        On November, 6, 2015, before answering Plaintiff's discovery requests, the Defendants filed
17  a Motion to Dissolve the Injunction (ECF No. 20) and a Motion for Judgment on the Pleadings (ECF
18  No. 21).  Then on, December 4, 2015, the Defendants filed a Motion to Stay Discovery ("Motion to
19  Stay").  (ECF. No. 33, Motion to Stay Discovery, Dec. 4, 2015.)  This Court granted Defendants'
20  Motion to Stay until the Honorable Andrew P. Gordon ("Judge Gordon") Court ruled on the Motion
21  for Judgment on the Pleadings.  (ECF No. 49, Minutes of Proceedings, Jan. 14, 2016.)

22      **B.**    **Judge Gordon Denies Defendants' Motion for Judgment on the Pleadings; this Court Lifts the Stay of Discovery and Treats Ms. Torno's Status Report as a Motion to Compel.**

24        On April 20, 2016, this Court denied Defendants' Motion for Judgment on the Pleadings,
25  making a preliminary finding that if Green Tree assigned the deed of trust—via the Fannie Mae
26  Assignment—prior to recording the notice of default, a violation of NRS 107.080(2) likely occurred
27  as "Green Tree did not have the authority to sell."  (ECF No. 57, Minutes of Proceedings, Apr. 20,

2016; ECF No. 60-1, Transcript of April 20, 2016 Hearing on Defendants' Motion for Judgment on the Pleadings ["MJOP Hearing Transcript"], at 5:22 – 6:1.)

Accordingly, on June 15, 2016, this Court lifted the Stay of discovery. (ECF No. 59, Order, June 16, 2016.) Further, this Court advised the Parties that it would treat Ms. Torno's Status Report (ECF No. 38) as a Motion to Compel (the "Motion to Compel"), giving Defendants fourteen (14) days to file a response to the Motion to Compel and Ms. Torno seven (7) days thereafter to file a reply. (ECF No. 59, Order, June 6, 2016.) The Court set a status check hearing for July 28, 2016. (*Id.*)

### C. This Court Orders Green Tree to Produce Fifty (50) Random Loan Files; the Parties Agree on a Random Sampling Methodology.

At the July 28, 2016 status conference, this Court—treating Plaintiff's Status Report as a Motion to Compel—ordered Green Tree to respond to certain requests for documents relating to Ms. Torno's loan file and to "produce 50 random *loan files* available in which Green Tree was the servicer of the note, executed the affidavit of authority, and attached the notice of default identifying Green Tree as the beneficiary." (ECF No. 69, Minutes of Proceedings, July 28, 2016 (emphasis added).) Green Tree was ordered to produce the documents within thirty (30) days—on or before August 29, 2016. (*Id.*) The Court also set a status conference for October 15, 2016. (*Id.*)

On August 22, 2016, based on Green Tree's representations regarding the number of applicable loans, the Parties agreed on a sampling methodology for identifying the 50 random loan files. (Exhibit 1, Email from Michael Hogue, Esq. to Paul C. Williams, Esq., Sept. 22, 2016 ["Sept. 22 Email Chain"] at 5-6.) Green Tree identified a universe of 3,443 applicable loans—making 69 the appropriate interval for a random sample. (*Id.* at 6.) Ms. Torno, utilizing a random number generator, identified a random start of 23. (*Id.* at 5.)

### D. Green Tree Willfully Disregards this Court's Order, Contending that this Court Erred and Compelled the Production of Irrelevant Documents.

On August 29, 2016, Green Tree failed to produce the documents pursuant to this Court's Order. (*Id.* at 4-5.) When counsel for Ms. Torno inquired as to the status of Green Tree's production, counsel for Green Tree contended that the Parties had agreed to extend the deadline to

1 "mid-September" and advised that Green Tree expected to be able to produce the documents by
2 September 16, 2016. (*Id.* at 4.) Although counsel for Ms. Torno had no recollection of Green Tree
3 requesting an extension, Ms. Torno agreed to extend the deadline to September 16, 2016, and
4 advised Green Tree to draft a stipulation and order for Ms. Torno's review and approval. (*Id.*; *see*
5 *also* Exhibit 4, Declaration of Paul C. Williams, Esq. ["Williams Decl."] ¶ 3.) Green Tree did not
6 provide Ms. Torno with a draft stipulation and order. (Exhibit 4, Williams Decl. ¶ 4.)

7 Green Tree did not provide Ms. Torno with the 50 random files on September 16, 2016 (a
8 Friday). (Exhibit 1, Sept. 22 Email Chain, at 3.) On the following Monday, September 19, 2016,
9 counsel for Ms. Torno again inquired as to the status of Green Tree's production. (*Id.*) That same
10 day, counsel for Green Tree advised that Green Tree was working diligently to produce the loan
11 files, anticipated producing them by the end of the week, and suggested the Parties seek to
12 reschedule the October 15, 2016 status conference. (*Id.*) Counsel for Ms. Torno proposed that the
13 Parties submit a stipulation and order: (1) extending Green Tree's deadline to provide the documents
14 to September 30, 2016; (2) extending Ms. Torno's deadline to file a response to Defendants' Motion
15 to Strike Class Allegations (ECF Nos. 70, 71); and (3) rescheduling the October 15, 2016 status
16 conference to a later date. (Exhibit 1, Sept. 22 Email Chain, at 2.) Counsel for Defendants agreed
17 and the parties submitted a Stipulation and Order. (*Id.* at 1; *see also* ECF No. 72, Stipulation and
18 Order, Sept. 26, 2016.) This Court granted the Stipulation and Order (ECF No. 73, Order Granting
19 Stipulation and Order, Sept. 28, 2016.)

20 On September 30, 2016, Green Tree and Fannie Mae served their Second Supplemental
21 Disclosure of Documents and Witnesses Pursuant to FRCP 26 (the "Second Supplemental
22 Disclosures") via U.S. mail. (Exhibit 2, Second Supplemental Disclosures, Sept. 30, 2016 ["Second
23 Suppl. Discl."].) Ms. Torno received the Second Supplemental Disclosures on October 3, 2016.
24 (Exhibit 4, Williams Decl. ¶ 7.)

25 With respect to the 50 random loan files, the documents produced by Green Tree were
26 incomplete—generally consisting of an assignment from Mortgage Electronic Registration Systems
27 ("MERS") to Green Tree and a notice of default. (Exhibit 2, Second Suppl. Discl. at 16:1-3; Exhibit
28 4, Williams Decl. ¶ 8.) Green Tree randomly provided different or additional documents with some

1 files. (*Id.*) In contrast to Green Tree's incomplete production with respect to the 50 random loan
2 files, Green Tree provided nearly **three hundred (300)** documents from Ms. Torno's loan file.
3 (Exhibit 2, Second Suppl. Discl. at 3:16 – 15:28.) Additionally, two of the incomplete loan files did
4 not fall within the scope of the Court's Order as the affidavit of authorities did not identify Green
5 Tree as the beneficiary of the deed of trust or the holder of the note. (*Id.* ¶ 9.) Based on the
6 minimal number of documents provided from the 50 random loan files, counsel for Ms. Torno
7 reviewed available records from certain county recorders and discovered that numerous recorded
8 documents were indeed withheld from Green Tree's production. (*Id.* ¶ 10.)

9 On October 14, 2016, counsel for Ms. Torno called counsel for Green Tree regarding Green
10 Tree's failure to comply with the Court's Order. (Exhibit 4, Williams Decl. ¶ 11; *see also* Exhibit 3,
11 Email from Michael Hogue, Esq., Oct. 21, 2016 to Paul C. Williams, Esq. ["Oct. 21 Email Chain"],
12 at 2.) Counsel for Green Tree admitted that Green Tree had not produced the entire loan files for the
13 50 random loans—instead producing only the documents it deemed relevant. (*See* Exhibit 4,
14 Williams Decl. ¶ 11; *see also* Exhibit 3, Oct. 21 Email Chain, at 2.) Counsel for Green Tree argued
15 that—despite the Court's unambiguous Order—it was not the Court's intention to require the
16 production of the entire loan file. (*See* Exhibit 4, Williams Decl. ¶ 11; *see also* Exhibit 3, Oct. 21
17 Email Chain, at 2.)

18 In an effort to resolve the matter without Court intervention, Ms. Torno proposed a
19 compromise whereby Green Tree would produce all notices of default and assignments of deed of
20 trust in the 50 loan files in lieu of the loan files in their entirety. (*See* Exhibit 4, Williams Decl. ¶ 12;
21 *see also* Exhibit 3, Oct. 21 Email Chain, at 2-3.) Counsel for Green Tree initially rejected this
22 proposal, contending that Ms. Torno could obtain recorded assignments on her own and that
23 unrecorded assignments were irrelevant—***the very same argument Judge Gordon rejected in***
24 ***denying the Motion for Judgment on the Pleadings***. (*See* Exhibit 4, Williams Decl. ¶ 12; *see also*
25 Exhibit 3, Oct. 21 Email Chain, at 2-3; ECF No. 60-1, MJOP Hearing Transcript, at 5:22 – 6:1.)
26 Regardless, counsel for Green Tree requested the opportunity to discuss Ms. Torno's
27 proposal with Green Tree. (*See* Exhibit 4, Williams Decl. ¶ 12; *see also* Exhibit 3, Oct. 21 Email
28

1 Chain, at 3.) Green Tree never responded to Ms. Torno's offer. (*See* Exhibit 4, Williams Decl. ¶ 13; *see also* Exhibit 3, Oct. 21 Email Chain, at 1-2.)

### III.    ARGUMENT

#### A.    Standard of Decision.

Under Federal Rule of Civil Procedure 37(b)(2)(a), the Court may sanction a party for failing to comply with a discovery order. Such sanctions may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed R. Civ. P. 37(b)(2)(a). Courts have "great latitude" in imposing sanctions under Rule 37. *See Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985). However, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(b)(2)(C).

"Where the sanction results in default, the sanctioned party's violations must be due to the willfulness, bad faith, or fault of the party." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (internal quotation marks omitted). A court must consider the following five factors before striking a pleading or declaring default: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* (internal quotation marks omitted). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction."

*Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). "Thus the key factors are prejudice and availability of lesser sanctions." *Id.*[1]

### B. Ms. Torno has been Prejudiced by Green Tree's Failure to Comply with this Court's Order.

In evaluating prejudice, courts analyze whether the noncompliant party's actions impair the moving party's "ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). "Unreasonable delay will result in a presumption of prejudice." *Id.*

Here, prejudice has resulted from Green Tree's unreasonable delay in complying with this Court's Order. *See id.* Indeed, Green Tree's failure to provide complete loan files hindered Ms. Torno's ability to respond to Defendants' Motion to Strike Class Allegations. (*See* ECF Nos. 70, 71.) Further, Green Tree's delay has prevented Ms. Torno from assessing issues regarding class certification. Specifically, the loan files will assist Ms. Torno in demonstrating: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) "that the questions of law or fact common to class members predominate over any questions affecting only individual members." *See* Fed. R. Civ. P. 23(a)(1)-(3); *see also* Fed R. Civ. P. 23(b)(3).

Accordingly, an assessment of the risk of prejudice favors the imposition of case dispositive sanctions. *See Malone*, 833 F.2d at 131.

### C. Although Ms. Torno has Suffered Prejudice as a Result of Green Tree's Failure to Comply with this Court's Order, Less Drastic Sanctions may be Imposed Under the Circumstances.

Courts analyze three factors in assessing the adequacy of sanctions less drastic than case dispositive sanctions: "(1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of

---

[1] Although Rule 37(b) does not require a moving party to meet and confer prior to seeking sanctions for failure to comply with a court order, out of an abundance of caution, Ms. Torno certifies that she has meet and conferred with Green Tree. (*See* Exhibit 4, Williams Decl. ¶¶ 11-13; *see also* Exhibit 3, Oct. 21 Email Chain.)

1    dismissal before actually ordering dismissal?" *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406,
2    1412–13 (9th Cir. 1990).

3          Here, less drastic sanctions are adequate under the circumstances as the Court has not yet
4    implemented alternative sanctions and the Court has not yet warned Green Tree of the possibility of
5    case dispositive sanctions.  *See id.*

6          In lieu of case dispositive sanctions, Ms. Torno seeks the following less drastic sanctions:
7    (i) a finding that Ms. Torno has established—or a prohibition against Defendants opposing class
8    certification on the grounds that Ms. Torno has not established—numerosity, commonality,
9    typicality, or "that the questions of law or fact common to class members predominate over any
10   questions affecting only individual members;" and (ii) payment of Ms. Torno's reasonable attorney's
11   fees and costs incurred as a result of Green Tree's failure to produce the 50 random loan files.  *See*
12   Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), (iv); *see also* Fed. R. Civ. P. 37(b)(2)(C).

13         First, Courts may impose "factual findings regarding certification as a sanction" under Rule
14   37(b). *Small v. U. Med. Ctr. of S. Nevada*, 2:13-CV-00298-APG, 2014 WL 4079507, at *36 (D.
15   Nev. Aug. 18, 2014).  Here, given that Ms. Torno's ability to support her class allegations has been
16   prejudiced by Green Tree's failure to obey this Court's Order, factual findings regarding certification
17   (or a prohibition against Defendants opposing class certification on specific grounds) are appropriate
18   under the circumstances.  *See id.* (imposing factual findings regarding class certification as a
19   sanction under Rule 37(b)).

20         Second, because Green Tree's failure to comply with this Court's Order is not substantially
21   justified, the Court should require Green Tree "to pay the reasonable expenses, including attorney's
22   fees, caused by the failure . . . ."  *See* Fed. R. Civ. P. 37(b)(2)(C).  An award of attorney's fees is
23   particularly appropriate in this matter given Ms. Torno's efforts to resolve this matter without the
24   Court's intervention and Green Tree's failure to respond to Ms. Torno's reasonable proposal (which
25   would have made this Motion unnecessary).  (*See* Exhibit 1, Sept. 22 Email Chain, at 1-5; Exhibit 3,
26   Oct. 21 Email Chain, at 1-3; Exhibit 4, Williams Decl. ¶¶ 12-13.)  Following the granting of this
27   Motion, Ms. Torno will submit a memorandum of costs and fees.

28         In sum, although Ms. Torno has suffered prejudice as a result of Green Tree's failure to

comply with this Court's Order, sanctions less drastic than case dispositive sanctions are appropriate under the circumstances.  *See Adriana Intern. Corp.*, 913 F.2d at 1412–13.

### IV.   CONCLUSION

This Court should sanction Green Tree for its failure to comply with this Court's Order compelling it to "produce 50 random ***loan files*** available in which Green Tree was the servicer of the note, executed the affidavit of authority, and attached the notice of default identifying Green Tree as the beneficiary."  (ECF No. 69, Order.)  Green Tree cannot withhold compelled documents on the basis that it (incorrectly) believes the documents are not relevant—Green Tree is not authorized to modify this Court's Order to its liking.

Accordingly, pursuant to 37(b)(2)(a), this Court should enter an order imposing the following sanctions: (1) a finding that Ms. Torno has established—or a prohibition against Defendants opposing class certification on the grounds that Ms. Torno has not established—numerosity, commonality, typicality, or "that the questions of law or fact common to class members predominate over any questions affecting only individual members;" (2) an award of Ms. Torno's reasonable attorney's fees and costs incurred as a result of Green Tree's failure to comply with this Court's Order; and (3) any other or further relief deemed appropriate by the Court.

DATED this 15th day of November, 2016.

BAILEY❖KENNEDY

By: /s/ Dennis L. Kennedy
    DENNIS L. KENNEDY
    JOSHUA M. DICKEY
    PAUL C. WILLIAMS
    AMANDA L. STEVENS

    GEORGE H. HAINES
    DAVID H. KRIEGER
    HAINES & KRIEGER
    8985 South Eastern Avenue, Suite 130
    Las Vegas, Nevada 89123
    Phone: (702) 880-5554
    Fax: (702) 385-5518
    GHaines@hainesandkrieger.com
    DKrieger@hainesandkrieger.com
    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of BAILEY❖KENNEDY and that on the 15th day of November, 2016, service of the foregoing Plaintiff Crystal Torno's Motion for Sanctions Against Green Tree Servicing, LLC Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) was made by mandatory electronic service through the United States District Court's electronic filing system and/or by depositing a true and correct copy in the U.S. Mail, first class postage prepaid, and addressed to the following at their last known address:

| | |
|---|---|
| MARK E. FERRARIO, ESQ.<br>JACOB D. BUNDICK, ESQ.,<br>TAMI D. COWDEN, ESQ.<br>**GREENBERG TRAURIG, LLP**<br>3773 Howard Hughes Parkway<br>Suite 400 North<br>Las Vegas, NV 89169 | Email: ferrariom@gtlaw.com<br>bundickj@gtlaw.com<br>cowdent@gtlaw.com<br><br>*Attorneys for Defendants*<br>GREEN TREE SERVICING LLC<br>and FANNIE MAE |
| JENNIFER L. GRAY, ESQ.<br>**c/o GREENBERG TRAURIG, LLP**<br>3773 Howard Hughes Parkway<br>Suite 400 North<br>Las Vegas, NV 89169 | Email: grayjen@gtlaw.com<br><br>*Attorneys for Defendants*<br>GREEN TREE SERVICING LLC<br>and FANNIE MAE |
| GREGORY L. WILDE, ESQ.<br>KEVIN SODERSTROM, ESQ.,<br>MATTHEW D. DAYTON, ESQ.<br>**TIFFANY & BOSCO, P.A.**<br>212 South Jones Blvd.<br>Las Vegas, NV 89107 | Email: efilenv@tblaw.com<br>kss@tblaw.com<br>md@tblaw.com<br><br>*Attorneys for Defendant*<br>NATIONAL DEFAULT<br>SERVICING CORPORATION |

      /s/ Sharon Murnane
Employee of BAILEY❖KENNEDY