# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

CRYSTAL TORNO,

    Plaintiff,

v.

GREEN TREE SERVICING, LLC, *et al.*,

    Defendants.

Case No. 2:15-cv-01018-APG-PAL

**ORDER DENYING MOTION FOR CLASS CERTIFICATION**

(ECF No. 98)

    Plaintiff Crystal Torno seeks to certify two classes, one against defendant Green Tree Servicing, LLC and the other against defendant Federal National Mortgage Association ("Fannie Mae").[1] Torno alleges these defendants recorded an affidavit of authority to conduct a foreclosure sale that falsely stated Green Tree had the power of sale. Torno seeks to certify a class of homeowners for whom Green Tree recorded an affidavit of authority identifying itself as the current beneficiary of record when it had already assigned the deed of trust to a third party prior to recording the notice of default to which the affidavit was attached. Torno seeks to certify a similar class of homeowners for whom Fannie Mae caused a false affidavit executed by Green Tree to be recorded. The defendants oppose class certification on numerous grounds. I deny the motion for class certification because Torno has not met her burden of showing that common issues predominate.

**I. BACKGROUND**

    Torno purchased property at 1365 Torington Drive in Las Vegas in 2005. ECF No. 97 at 3. She financed the purchase through a promissory note and deed of trust. *Id.* Green Tree became the servicer for the loan. *Id.* In 2012, non-party Mortgage Electronic Registration

---

[1] Torno also seeks to certify a class against defendant National Default Servicing Corporation (NDSC), but I granted NDSC's motion to dismiss. I therefore deny that portion of Torno's motion for class certification.

Systems, Inc. assigned the deed of trust to Green Tree. *Id.* In January 2013, Green Tree signed, but did not record, an assignment of the deed of trust to Fannie Mae. *Id.*

A few weeks later, National Default Servicing Corporation (NDSC), as trustee, recorded a notice of default and election to sell and attached an affidavit of authority to conduct the foreclosure. *Id.* That affidavit was completed by Ruth Hernandez, Assistant Vice President for Green Tree. *Id.* The affidavit represented that Green Tree had the authority to exercise the power of sale. *Id.* Torno alleges that was false because Green Tree did not have that authority. *Id.*

In response to the notice of default, Torno elected to participate in Nevada's Foreclosure Mediation Program. *Id.* at 4. The mediation was conducted in May 2013. *Id.* Torno and a Green Tree representative attended the mediation and agreed that Torno would short-sell the home for $100,000 and Green Tree would waive a deficiency. *Id.*

Torno obtained a bona fide offer for $100,000, which she submitted to Green Tree. *Id.* In response, Green Tree indicated that it needed to obtain approval from an investor, Fannie Mae. *Id.* Green Tree later told Torno that Fannie Mae would not agree to the $100,000 short sale arrangement. *Id.*

The property was sold at a trustee's sale on January 28, 2014. *Id.* at 5. Fannie Mae bought the property with a credit bid of $174,877.62. *Id.* After the sale, NDSC recorded a trustee's deed identifying Fannie Mae as the beneficiary of the deed of trust. *Id.* However, the assignment from Green Tree to Fannie Mae was not recorded until February 5, 2014. *Id.*

Torno now sues Green Tree and Fannie Mae, alleging they executed, recorded, or caused to be recorded, an affidavit of authority that falsely identified Green Tree as having the authority to exercise the power of sale. Torno alleges this violated Nevada Revised Statutes § 107.080(2),[2] which requires an affidavit of authority, filed under penalty of perjury, to identify certain information about who has the authority to exercise the power of sale under a deed of trust. She seeks statutory damages and attorney's fees under § 107.080(7) for the alleged violations. Torno also seeks class relief for the following two classes:

---

[2] The version of § 107.080 cited throughout is the one that was in effect in January 2013.

> All present and former grantors of deeds of trust or person who hold or held the title of record of real property in Nevada, who held such interests in the real property, where, from October 1, 2011 to the present: (1) Green Tree executed and/or caused to be recorded a notice of default which contained an affidavit of authority listing Green Tree as the current holder of the note secured by the deed of trust and as the current beneficiary of record; and (2) Green Tree, prior to the recordation of the notice of default, executed an assignment of the deed of trust to a third party; and (3) the real property is not currently subject to a pending trustee's sale based on the notice of default.

and a similar class where Fannie Mae caused a false Green Tree affidavit to be recorded. *Id.* at 5, 9. Torno moves to certify these two classes.

**II. ANALYSIS**

Class certification is governed by Federal Rule of Civil Procedure 23. "Parties seeking class certification bear the burden of demonstrating that they have met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011). Rule 23(a) has four requirements: "(1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation." *Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014). Rule 23(b) "defines three different types of classes." *Id.* (quotation omitted). In this case, Torno seeks to certify under Rule 23(b)(3).

To certify a class under Rule 23(b)(3), the court must "find[] that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "The main concern of the predominance inquiry under Rule 23(b)(3) is the balance between individual and common issues." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 545-46 (9th Cir. 2013). An "individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Tyson Foods v. Bouaphakeo*, --- U.S. ----, 136 S. Ct. 1036, 1045 (2016) (quotation omitted). Predominance is not about the number of individual versus common questions. Rather, "important questions apt to drive the resolution of the litigation are given more weight . . . over individualized questions

which are of considerably less significance to the claims of the class." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016).

A party seeking class certification under Rule 23(b)(3) need not show that all questions of fact and law are common. A single significant question of law or fact may suffice. *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013). But it is not enough to show common questions generally. Instead, the proposed class "must pose a question that will produce a common answer . . . ." *Ellis*, 657 F.3d at 981 (quotation omitted); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." (quotation and emphasis omitted)). Whether the class could or will prevail on the merits is not relevant to the certification inquiry. *Stockwell v. City & Cnty. of S.F.*, 749 F.3d 1107, 1112 (9th Cir. 2014). Instead, the court must find that a common contention on which the plaintiff's claim depends is "of such a nature that it is capable of classwide resolution," meaning resolution of that question will resolve a significant classwide issue "in one stroke." *Wal-Mart*, 564 U.S. at 350.

Rule 23's requirements are not "a mere pleading standard." *Id.* The party seeking certification must meet the Rule's requirements "through evidentiary proof." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013). The court, in turn, must conduct a "rigorous analysis" of whether the Rule's prerequisites have been satisfied. *Id.* (quotation omitted). Whether to grant or deny certification lies within the court's discretion. *Ellis*, 657 F.3d at 980.

I deny certification because Torno has not shown that a common question or questions predominate. Torno identifies the following as the common questions: (1) whether, during the class period, Green Tree and/or Fannie Mae executed and/or caused to be recorded affidavits of authority that falsely represented that Green Tree had the authority to exercise the power of sale in violation of § 107.080(2); (2) whether Green Tree and/or Fannie Mae is liable to each class member for $5,000 in statutory damages; and (3) whether class members are entitled to attorney's fees. ECF No. 98 at 20-21.

With regard to the first question, Torno has not provided an evidentiary basis to conclude there is a means for classwide resolution on common proof. Each class member would have to rely on the evidence of what happened in his or her particular case to establish that Green Tree actually assigned the deed of trust to a third party before it recorded the affidavit of authority.

In Torno's case, for example, the defendants have argued that although Green Tree signed the assignment, Fannie Mae did not, and Green Tree and Fannie did not intend for the assignment to be effective until it was recorded. *See* ECF Nos. 36; 58. Under Nevada law, for an assignment to be effective, the obligee must "manifest an intention to transfer the right to another person without further action or manifestation of intention by the obligee. The manifestation may be made to the other or to a third person on his behalf and, except as provided by statute or by contract, may be made either orally or by a writing." *Easton Bus. Opp. v. Town Exec. Suites*, 230 P.3d 827, 832 (Nev. 2010) (quoting Restatement (Second) of Contracts § 324 (1981)). Thus, an unrecorded assignment signed only by Green Tree[3] sitting in one of Green Tree's files may not be an effective assignment if there is no evidence Green Tree manifested its intent to transfer the deed of trust by, for example, recording the assignment or delivering a copy to Fannie Mae. As a result, individualized findings in each case may be required to determine if each assignment was signed only by Green Tree, whether it was delivered to Fannie Mae, whether Fannie Mae accepted the assignment, and what Green Tree and Fannie Mae intended as to when the assignment would become effective. *See* Restatement (Second) of Contracts § 327(1) and reporter's note (1981) (discussing manifestation of assent to the assignment by the assignee, that an assignee may disclaim the assignment, and the assignee's assent "will be implicit if he gives consideration or receives without timely objection delivery of a writing making the assignment irrevocable").

---

[3] The unrecorded assignment in Torno's case was signed by Green Tree Assistant Vice President Ruth Hernandez on January 8, 2013. ECF No. 23-7. It has no countersignature from Fannie Mae. Nothing on the face of the assignment suggests it was delivered to Fannie Mae. That assignment was recorded with the Clark County Recorder on February 5, 2014. *Id.*

Torno argues that the agency relationship between Green Tree and Fannie Mae suggests the assignment was effective upon Green Tree signing it. However, the Green Tree class purports to include assignments from Green Tree to any third party, not just Fannie Mae. Even if the class were narrowed to include only those transactions involving Green Tree and Fannie Mae, Torno presents no evidence about Green Tree and Fannie Mae's agency relationship. She points to no evidence to suggest that Green Tree unilaterally could assign deeds of trust to Fannie Mae and that an assignment would be effective upon Green Tree signing an assignment that was not also signed by Fannie Mae, delivered to it, accepted by it, or recorded.[4]

Torno also does not point to a common policy or systematic custom by which the two defendants acted that might bridge this evidentiary gap. Of the 50 randomly sampled loan files that Green Tree produced, only two fit the fact pattern that an assignment was executed before the notice of default was recorded. ECF No. 98-6; ECF No. 118-2 (all 50 Green Tree files involved Fannie Mae). Torno does not present those two files to the court, instead relying on a statement by Green Tree's counsel that this is what the randomly sampled files showed. Consequently, it is unclear whether those instances follow a similar pattern of being executed unilaterally by Green Tree or what other evidence may exist in relation to those assignments regarding the parties' intent about effective dates. Determining the answers to those questions would require individualized proof.

Only after these individualized inquiries were resolved could the case proceed to what could qualify as a common question: if indeed Green Tree assigned the deed of trust to Fannie Mae (and Fannie Mae accepted that assignment) prior to the notice of default being recorded, did

---

[4] Torno presents little evidence in support of her motion to certify. The motion is supported by Torno's declaration stating she will adequately represent the class, the declarations of Torno's two attorneys about their capacity to adequately represent the class, and an excerpt from the February 14, 2017 hearing at which Green Tree's counsel mentions the result of the random sampling of Green Tree's files. ECF No. 98-1. Torno's reply adds a declaration stating Green Tree provided a random sample of 50 files from a pool of 3,443 loans and that all of the loans were "Fannie Mae-owned." ECF No. 118-2. She also attaches a declaration from a class action administration services opining that the service will be able to locate approximately eighty-seven to ninety-three percent of the class members. ECF No. 118-3.

Green Tree and/or Fannie Mae violate § 107.080(2)(c) by recording or causing to be recorded an affidavit of authority that identified Green Tree as the current holder of the note, the current beneficiary of record, or as having the authority to foreclose? But until it is established that at least some class members can actually make the showing of a fully executed pre-notice-of-default assignment, the answer to the common question would be purely advisory.

Torno also fails to show damages and attorney's fees are common questions. Section 107.080(7) makes the award of damages and attorney's fees mandatory "unless the court finds good cause for a different award." Good cause likely would raise individualized issues and depend on individualized proof. For example, Fannie Mae has asserted counterclaims in this case because Torno continues to live in the home despite Fannie Mae buying the property at the trustee's sale in January 2014. *See* ECF No. 106 at 10-11. A court may find good cause to deny Torno a recovery based on the benefits she has already enjoyed by staying in the house after it was sold. However, other class members may not have stayed in their homes post-foreclosure or they may have other circumstances that would weigh for or against a finding of good cause to fashion a different award for each of them. Damages calculations are often individualized and will not necessarily defeat class certification. *See Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013). But Torno has not shown that these are common issues, much less that they predominate such that class certification is warranted.

Considering the balance between individual and common issues, Torno has not shown that the initial inquiry of whether a pre-notice assignment was effective can be established with common proof, as opposed to an individualized inquiry in each case. She also has not demonstrated that awards of statutory damages and attorney's fees are capable of classwide resolution as opposed to an individualized good cause evaluation for each class member given their specific circumstances. In sum, Torno has not presented evidence sufficient for me to find the proposed classes are "sufficiently cohesive to warrant adjudication by representation" and that class treatment will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing

about other undesirable results." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 957-58 (9th Cir. 2009) (quotations omitted). I therefore deny the motion for class certification.

### III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Crystal Torno's motion for class certification **(ECF No. 98) is DENIED**.

DATED this 12th day of July, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE