# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CRYSTAL TORNO,<br><br>Plaintiff,<br><br>v.<br><br>GREEN TREE SERVICING, LLC, *et al.*,<br><br>Defendants. | Case No. 2:15-cv-01018-APG-PAL<br><br>**ORDER GRANTING DEFENDANT NATIONAL DEFAULT SERVICING CORPORATION'S MOTION TO DISMISS**<br><br>(ECF No. 105) |

Defendant National Default Servicing Corporation (NDSC) moves to dismiss, arguing the third amended complaint does not allege that NDSC engaged in any conduct that would make it liable under Nevada Revised Statutes § 107.080. NDSC asserts that by the plaintiff's own allegations, NDSC did not execute the allegedly false affidavit of authority. Rather, it recorded that affidavit along with a notice of default on behalf of its principal, defendant Green Tree Servicing, LLC. NDSC argues that as an agent, it cannot be held vicariously liable for its principal's alleged wrongdoing. Torno responds that pursuant to the statute, a trustee like NDSC is liable for recording an affidavit with a false statement contained within it.

NDSC recorded the notice of default and affidavit of authority in January 2013. ECF No. 105-4 at 2.[1] The version of § 107.080 then in effect provided that prior to exercising the power of sale under a trust instrument, the "beneficiary, the successor in interest of the beneficiary or the trustee" must first execute and cause to be recorded a notice of the breach and of the election to sell along with "a notarized affidavit of authority to exercise the power of sale." Nev. Rev. Stat. § 107.080(2)(c). The affidavit had to be signed under penalty of perjury. *Id.* The statute required that the affidavit detail certain information, including the "full name and business address of . . .

---

[1] I may consider the notice of default and the affidavit of authority without converting the motion to dismiss into one for summary judgment because the plaintiff does not contest their authenticity and her complaint necessarily relies on them. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).

the current holder of the note secured by the deed of trust, the current beneficiary of record and the servicers of the obligation or debt secured by the deed of trust"; the "full name and last known business address of every prior known beneficiary of the deed of trust"; and that the "trustee has the authority to exercise the power of sale with respect to the property pursuant to the instruction of the beneficiary of record and the current holder of the note secured by the deed of trust." *Id.* § 107.080(2)(c)(1)-(4). Under § 107.080(7), the grantor or record title holder may recover actual or statutory damages, an injunction, and reasonable attorney's fees and costs if "the court finds that the beneficiary, the successor in interest of the beneficiary or the trustee did not comply with any requirement of subsection 2, 3 or 4."

The third amended complaint alleges that the affidavit of authority filed in relation to plaintiff Crystal Torno's property was executed by Green Tree Assistant Vice President Ruth Hernandez. ECF No. 97 at 3. It further alleges that affidavit contained the false statement that Green Tree had the power of sale when in fact Green Tree no longer did because it had assigned the deed of trust to defendant Fannie Mae prior to the notice of default being recorded. *Id.* NDSC recorded the notice of default along with the affidavit. *Id.* The notice of default identifies NDSC as the trustee for Green Tree. ECF No. 105-4 at 4. Torno sues Green Tree, Fannie Mae, and NDSC for statutory damages under § 107.080(7).

The Supreme Court of Nevada has not addressed whether a trustee who is not alleged to have executed the false affidavit or to have known it was false when it recorded the document is nevertheless liable under § 107.080(7). "When interpreting state law, federal courts are bound by decisions of the state's highest court." *Strother v. S. Cal. Permanente Med. Group*, 79 F.3d 859, 865 (9th Cir. 1996) (quotation omitted). If the state has not addressed the particular issue, a federal court must use its best judgment to predict how the highest state court would resolve it "using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Id.* (quotation omitted)).

The Supreme Court of Nevada "construe[s] unambiguous statutory language according to its plain meaning unless doing so would provide an absurd result." *Simmons Self-Storage v. Rib*

1  *Roof, Inc.*, 331 P.3d 850, 854 (Nev. 2014), *as modified on denial of reh'g* (Nov. 24, 2014). It looks to the Restatement of Agency for guidance on questions involving agency law. *See, e.g., id.* at 856. Under the Restatement, an agent is liable for his own tortious conduct but "is not subject to liability for torts committed by the agent's principal that do not implicate the agent's own conduct." Restatement (Third) Of Agency § 7.01 cmt. d (2006). "[T]here is no principle of 'respondeat inferior.'" *Id.*; *see also Couturier v. Am. Invsco Corp.*, 10 F. Supp. 3d 1143, 1149 (D. Nev. 2014) ("The general rule is that a principal is vicariously liable for the authorized actions of her agent but not vice-versa.").

NDSC recorded the notice of default and the affidavit of authority, but it did so as Green Tree's agent and it did not execute the affidavit containing the allegedly false statement. The third amended complaint does not allege NDSC knew the affidavit was false at the time NDSC recorded it. Thus, Torno seeks to hold NDSC liable not for its own act of recording a knowingly false affidavit but for its principal's acts of executing a false affidavit and then directing its agent to record it. The statute allows for the imposition of liability if the court finds the beneficiary, the successor in interest of the beneficiary, or the trustee did not comply with the statutory requirements. By its plain language, the court must find the particular defendant did not comply with the statutory requirements to hold it liable.

Nothing in the statute suggests that it is meant to impose strict liability on a trustee who unwittingly files an affidavit of authority that contains a falsehood. Nor does the statute suggest that the usual rules of agency do not apply such that an agent like NDSC would be liable for its principal's alleged wrongdoing. Thus, I predict the Supreme Court of Nevada would hold that absent allegations that the trustee itself engaged in wrongdoing (for example by executing the false affidavit or recording an affidavit knowing it contained a falsehood), a trustee is not liable under § 107.080(7) (as it existed in January 2013) for recording an affidavit of authority that contains a falsehood. Because the third amended complaint does not allege NDSC itself engaged in wrongdoing, I grant the motion to dismiss as to NDSC.

/ / / /

1    IT IS THEREFORE ORDERED that defendant National Default Servicing Corporation's motion to dismiss **(ECF No. 105) is GRANTED**. National Default Servicing Corporation is dismissed as a party to this case.

DATED this 12th day of July, 2017.

                                          ANDREW P. GORDON
                                          UNITED STATES DISTRICT JUDGE